ELLEN F. ROSENBLUM
Attorney General
CARLA A. SCOTT #054725
Senior Assistant Attorney General
SHEILA H. POTTER #993485
Deputy Chief Trial Counsel
CRAIG M. JOHNSON #080902
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Carla.A.Scott@doj.state.or.us
        Sheila.Potter@doj.state.or.us
        Craig.M.Johnson@doj.state.or.us

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON,<br><br>   Plaintiffs,<br><br>  v.<br><br>PATRICK ALLEN, in his official capacity as Director of Oregon Health Authority,<br><br>   Defendant. | Case No.  6:22-CV-1460<br><br>DEFENDANT'S MOTION TO CONSOLIDATE PURSUANT TO FRCP 42 |

## LR 7-1 CERTIFICATION

Counsel for Patrick Allen in his official capacity as Director of the Oregon Health

Authority (OHA) and Dolores Matteucci in her official capacity as Superintendent of the Oregon

Page 1 -   DEFENDANT'S MOTION TO CONSOLIDATE PURSUANT TO FRCP 42
   CAS/sv3/564945126
          Department of Justice
          100 SW Market Street
          Portland, OR 97201
      (971) 673-1880 / Fax: (971) 673-5000

State Hospital (OSH), as well as in their individual capacities (collectively, the State) conferred with counsel for Plaintiffs in each of these three cases to resolve the subject of this motion: (1) *Oregon Advocacy Center et al v. Mink et al*, Case No. 3:02-cv-00339-MO (*Mink*); (2) *Bowman et al v. Matteucci et al*, Case No. Case No. 3:21-cv-01637-MO (*Bowman*); and (3) *Legacy et al v. Allen*, Case No. 6:22-cv-1460-MC (*Legacy*). The *Mink* and *Bowman* Plaintiffs do not oppose this motion. The *Legacy* Plaintiffs oppose this motion.

## MOTION

Pursuant to FRCP 42 and LR 42-3, the State moves to consolidate the *Legacy* case with the already consolidated *Mink* and *Bowman* cases, because all three cases involve competing claims relating to admission to the Oregon State Hospital (OSH), which is currently at capacity. The State does not ask that these cases be tried together, but rather only asks that they be assigned to the same judge so that consistent rulings are made at the district court regarding policies and practices for admission to OSH.

## POINTS AND AUTHORITIES

### I.  INTRODUCTION

Until OSH has the capacity to timely admit every patient whom OSH has been ordered to treat, OSH must decide which patients to admit and in what order to admit those patients. There are presently two federal court orders governing admissions to OSH—*Mink* for A&A patients and *Bowman* for GEI patients. Unfortunately, OSH is presently unable to timely admit both populations in compliance with these orders. Now, with respect to the third population that OSH serves (those who have been civilly committed but who are not waiting in jail), private hospitals and health systems have filed a separate civil rights lawsuit (*Legacy*) alleging that OHA is violating the hospitals' and their patients' constitutional rights by not causing the patients to be admitted to OSH except when expedited admission criteria are met, until compliance with the *Mink* Injunction is achieved. *Mink* and *Bowman* are consolidated before Judge Michael Mosman

Page 2 -   DEFENDANT'S MOTION TO CONSOLIDATE PURSUANT TO FRCP 42
         CAS/sv3/564945126
                                          Department of Justice
                                          100 SW Market Street
                                          Portland, OR 97201
                                     (971) 673-1880 / Fax: (971) 673-5000

in the Portland District. *Legacy* was filed in the Eugene District and has been assigned to Judge Michael McShane.

*Legacy* involves common questions of fact and law with *Mink* and *Bowman* because the alleged claims for relief compete (albeit on varying legal theories with differing standards) for the *very same beds* that OSH is primarily reserving for A&A and GEI patients, who are waiting in jail for admission. *Legacy* relates to *Mink* and *Bowman*, because it seeks to directly affect the admissions priorities at OSH set by Judge Mosman in the consolidated *Mink* and *Bowman* cases. Those priorities were carefully designed from a systemic perspective under guidance from a court-appointed neutral expert in order to return the State to compliance with the permanent injunction in *Mink*. To ensure consistency in district court rulings affecting admissions to OSH, the State asks that *Legacy* be assigned to Judge Mosman who has been assigned for the last several years to adjudicate issues arising in *Mink* and, more recently, *Bowman*. Consolidation will also serve judicial efficiency as Judge Mosman is already extremely familiar with the capacity challenges at OSH, which involves a complex set of common facts across all three cases.

## II.   LEGAL STANDARD

FRCP 42 provides for consolidation of cases before a single judge that involve a common question of law or fact. LR 42-3 provides:

- When a party seeks or opposes consolidation, the motion or opposition must be filed in each case to be consolidated. Each motion or opposition must include:

- The case number, case title, and assigned judge of every related case pending in the District of Oregon.

- The case number, case title, assigned judge, and court location of every other related case pending in any other state or federal court.

- The common question of law or fact at issue in each case.

- The status in each case of all pending motions, court-imposed deadlines, case management schedules, trial dates, etc.

- The reason that the cases should be reassigned and managed by a single judicial officer.

Page 3 -    DEFENDANT'S MOTION TO CONSOLIDATE PURSUANT TO FRCP 42
CAS/sv3/564945126
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

- The position of the other parties, if known.
- The scope of consolidation requested, e.g., for hearing on a motion; for pretrial and discovery; or for all further proceedings, including trial.

This motion and points and authorities provide this required information.

## III.   FACTUAL AND PROCEDURAL BACKGROUND

Three populations are served within OSH: (1) Civilly committed patients, people who have been found by the court to be an imminent danger to themselves or others, or who are unable to provide for their own basic health and safety needs due to their mental illness; (2) those found Guilty Except for Insanity (GEI) in a criminal case; and (3) aid-and-assist patients (A&A), people who have been arrested but are not able to participate in their defense because of a mental illness. A&A patients have been ordered committed to OSH under ORS 161.370 for stabilization and educational services that enable them to understand the criminal charges against them and thus to "aid and assist" in their own defense. *See Oregon Advocacy Center et al v. Mink et al*, Case No. 3:02-cv-00339-MO, ECF No. 154 ¶ 5.

### A.   *Mink*

In 2003, the Ninth Circuit affirmed the District Court's permanent injunction requiring timely transfer of individuals found not able to aid and assist in their own defense out of jail and into competency restoration services at OSH within seven days. *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1105 (9th Cir. 2003). So long as there have been A&A patients committed up to OSH's capacity (which has been constant since COVID first forced a pause in admissions in March 2020), the State has understood that the *Mink* Injunction has compelled their admission first, which beginning in 2021 had left few beds available for GEI patients who were likewise waiting in jail for a bed at OSH.

*Mink* is now consolidated with *Bowman*, and the status of all pending motions, court-imposed deadlines, and hearing dates in those cases are set forth below.

Page 4 -   DEFENDANT'S MOTION TO CONSOLIDATE PURSUANT TO FRCP 42
         CAS/sv3/564945126
                              Department of Justice
                              100 SW Market Street
                              Portland, OR 97201
                              (971) 673-1880 / Fax: (971) 673-5000

B. *Bowman & Mink*

Metropolitan Public Defender (MPD) filed *Bowman* in November 2021 on behalf of two defendants in state court criminal cases who had been found GEI and who had been waiting for admission to OSH since January and March 2021. *Bowman et al v. Matteucci et al*, Case No. Case No. 3:21-cv-01637-MO, ECF No. 1. The Bowman plaintiffs obtained a temporary restraining order (TRO) requiring OSH to immediately admit them (*Id.* at ECF No. 15); the complaint also seeks $1.5 million in damages against Patrick Allen and Dolly Matteucci in their individual capacities. OSH has been at capacity since it was first forced to pause admissions to address the onset of the pandemic. Until the TRO issued in *Bowman*, OSH had had few opportunities to admit GEI patients, because of the *Mink* injunction. Absent another federal order, admissions of GEI patients over A&A patients waiting longer than seven days would have been contrary to that injunction.

In December 2021, to address both the GEI and A&A populations on a global basis, the parties in *Mink* and *Bowman* participated in a settlement conference with Judge Stacie Beckerman. *Oregon Advocacy Center et al v. Mink et al*, Case No. 3:02-cv-00339-MO, ECF No. 236. That settlement conference resulted in an interim settlement agreement that led to the following:

- *Mink* and *Bowman* were consolidated before Judge Michael Mosman, and *Bowman* was amended to add MPD as an organizational plaintiff seeking injunctive relief on behalf of all GEI patients awaiting admission to OSH.

- Through agreement with counsel for the *Mink* and *Bowman* plaintiffs, OHA entered into a contract with a neutral national expert (Dr. Debra Pinals) to help address systems capacity challenges and make recommendations to return OSH to compliance.

- After extensive meetings and consultation with the parties and stakeholders (including legislators, the Oregon Judicial Department (OJD), the counties, County Mental Health Programs (CMHPS), district attorneys, public defenders, and coordinated care

Page 5 -   DEFENDANT'S MOTION TO CONSOLIDATE PURSUANT TO FRCP 42
CAS/sv3/564945126

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

organizations (CCOs), Dr. Pinals issued three reports with recommendations. The parties agreed to implement all of her recommendations. Her recommendations included benchmarks at which time the parties look at the wait times for admissions of A&A and GEI patients and consider whether steps should be taken to get to compliance.

- At the first benchmark in August 2022, it was clear that OSH was not going to be able to timely admit A&A and GEI patients any time soon, and so the parties discussed additional steps that could be taken to move to compliance faster.

- Those steps included an unopposed motion that Plaintiffs in *Mink* and *Bowman* filed, which sought an order from Judge Mosman (based on Dr. Pinals' recommendations) that (1) limits OSH admissions to A&A and GEI patients in the order they appear on the wait lists (with emergency exceptions) and precludes admissions of civilly committed patients (with emergency exceptions); and (2) shorten the length of time currently allowed by statute that an A&A patient may remain at OSH for restoration. *Oregon Advocacy Center et al v. Mink et al*, Case No. 3:02-cv-00339-MO, ECF No. 252.

- In response, Judge Mosman first issued an opinion on August 16, 2022, that enjoins all state court contempt actions where they interfere with or frustrate compliance with *Mink*. *Id.* at ECF No. 256. Then, after further briefing, on September 1, 2022, he issued the order requested by Plaintiffs in *Mink* and *Bowman,* described in the above bullet, limiting admissions to OSH and shortening inpatient restoration at OSH for A&A patients. This order will continue until compliance in *Mink* is achieved or until September 2023, whichever occurs first. *Id.* ECF No. 271.

Unhappy with Judge Mosman's orders, in September 2022, various non-parties filed motions to intervene and amicus briefs:

- Marion and Washington Counties appeared as amicus and are asking Judge Mosman to delete the part of his September 1 order limiting admissions to OSH and shortening inpatient restoration timeframes at OSH for A&A patients. *Id*. at ECF No. 276.

Page 6 -    DEFENDANT'S MOTION TO CONSOLIDATE PURSUANT TO FRCP 42
CAS/sv3/564945126

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

- The Marion County, Clackamas County, and Washington County District Attorneys appeared as amicus to address the shortening of inpatient restoration at OSH per Judge Mosman's September 1 order. *Id.* at ECF No. 276.

- Five state court judges—Judges Nan Waller, Audrey Broyles, Matthew Donahue, Jonathan Hill, and Kathleen Proctor—appeared as amicus and also moved to intervene to vacate or dissolve Judge Mosman's August 16 order enjoining state court contempt proceedings and to address his September 1 order. *Id.* at ECF Nos. 274 & 280.

- Private hospitals and health systems, Legacy Emanuel Hospital & Health Center; Legacy Health System; PeaceHealth; and Providence Health & Services – Oregon (collectively, Legacy) filed a motion to intervene in *Mink*. They seek to vacate, dissolve, or modify Judge Mosman's August 16 and September 1 orders. *Id*. at ECF Nos. 281 & 284.

Judge Mosman granted all of the motions to appear as amicus as well as Legacy's motion to intervene but denied as moot the motion to intervene by the five state court judges. Further briefing on these motions is due on November 3, 2022, and a hearing on the merits of the arguments to vacate or dissolve Judge Mosman's August and September orders is set for November 21, 2022. Additional briefing by amicus on factual issues is due on January 13, 2023, and responses thereto are due on February 3, 2023. *Id.* at ECF. No. 269.

### C. *Legacy*

On September 28, 2022, in *Legacy et al. v. Allen*, Case No. 6:22-cv-1460-MC, the same private hospitals and health systems who filed the above-described motion to intervene in *Mink* (which has been granted) filed a civil rights lawsuit against OHA. This lawsuit alleges that OHA's policy of not directing admission of civilly committed patients unless expedited admissions criteria are met violates the *Legacy* Plaintiffs' patients' due process rights, the *Legacy* Plaintiffs' due process rights, effects a taking of the *Legacy* Plaintiffs' beds, and violates various state statutes governing the civil commitment process. *Legacy* has been assigned to Judge Michael McShane. OHA's response to this complaint is due on November 28, 2022.

Page 7 -   DEFENDANT'S MOTION TO CONSOLIDATE PURSUANT TO FRCP 42
CAS/sv3/564945126
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## IV. ANALYSIS

As described above, *Mink* (A&A)*, Bowman* (GEI), and *Legacy* (civilly committed persons) center on plaintiffs who assert rights of the three populations served at OSH (either on their own behalf or on behalf of others) related to admission at OSH. OSH is currently at capacity and is endeavoring to return to compliance with the *Mink* Injunction with guidance by the court-appointed neutral expert under Judge Mosman's supervision. Although civilly committed patients are not similarly situated to A&A or GEI patients as they are not in jail, all three cases involve common (or at least interlacing) questions of law fact—*e.g.,* who should be admitted to the State Hospital, under what criteria, and on what timeframes, as well as a complex set of common facts regarding capacity challenges facing OSH. All three cases also include the same defendant—OHA. The State asks that *Legacy* be consolidated with *Mink* and *Bowman* before Judge Mosman to facilitate consistency in the district court's rulings affecting admissions to OSH, serve party and judicial efficiency, and reduce confusion regarding the State's obligations in serving these populations. The State does not, however, ask that these cases be tried together.

DATED October __14__, 2022.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_s/ Carla A. Scott_
CARLA A. SCOTT #054725
Senior Assistant Attorney General
SHEILA H. POTTER #993485
Deputy Chief Trial Counsel
CRAIG M. JOHNSON #080902
Senior Assistant Attorney General
Trial Attorneys
Carla.A.Scott@doj.state.or.us
Sheila.Potter@doj.state.or.us
Craig.M.Johnson@doj.state.or.us
Of Attorneys for Defendants

Page 8 -   DEFENDANT'S MOTION TO CONSOLIDATE PURSUANT TO FRCP 42
CAS/sv3/564945126
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000