**Eric J. Neiman, OSB #823513**
Eric.Neiman@lewisbrisbois.com
**Emma P. Pelkey, OSB #144029**
Emma.Pelkey@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

**Thomas R. Johnson, Jr., OSB #010645**
TRJohnson@perkinscoie.com
**Alex Van Rysselberghe, OSB #174836**
AVanRysselberghe@perkinscoie.com
PERKINS COIE, LLP
1120 NW Couch 10th Floor
Portland, Oregon 97209
Telephone: 503.727.2000
Facsimile:  503.727.2222

*Attorneys for Plaintiffs*

Honorable Michael J. McShane

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES – OREGON, | Case No. 6:22-cv-01460-MC |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE PURSUANT TO FRCP 42** |
| vs. | |
| PATRICK ALLEN, in his official capacity as Director of Oregon Health Authority, | **Request for Oral Argument** |
| Defendant. | |

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO
CONSOLIDATE PURSUANT TO
FRCP 42 - 1
4894-8967-6603.1

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

## I.    INTRODUCTION

Defendant Patrick Allen and non-party Dolores Matteucci (collectively, the State) seek to consolidate a case that was resolved and affirmed on appeal roughly 20 years ago with one that was filed last month. In explaining why consolidation is warranted, the State grossly mischaracterizes the core issues in *Legacy, et al. v. Allen*, No. 6:22-cv-1460-MC (*Legacy*) and omits significant differences between that case and *Mink-Bowman*, Nos. 3:02-cv-00339-MO, 3:21-cv-01637-MO. Indeed, the State's motion reads as if it did not even bother to review the *Legacy* Complaint.

When one actually compares the *Legacy* and *Mink-Bowman* cases, it becomes clear that the State's motion should be denied for at least three reasons. First, the two cases are not, as the State suggests, both about patient admissions to the Oregon State Hospital ("OSH"). While the sole issue in *Mink-Bowman* does center around OSH admissions (of individuals in criminal proceedings, more specifically), *Legacy* is much broader. *Legacy* is about *the full range of appropriate placement options that should be*—but are not—available to civilly committed individuals *throughout the state of Oregon*. *Legacy* alleges due process violations of the rights of civilly committed individuals and community hospitals, takings claims on behalf of community hospitals, and numerous statutory violations of civilly committed individuals' rights. None of those claims are at issue in *Mink-Bowman*. *Legacy* and *Mink-Bowman* therefore do not share common questions of law or fact sufficient to warrant consolidation.

The procedural postures of the two cases also could not be more different. *Mink* was adjudicated in 2002, while *Legacy* was filed in 2022. *Mink* has actually concluded—the parties went to trial decades ago, which resulted in a permanent injunction that was affirmed by the Ninth Circuit. The only issue remaining in *Mink* is enforcement of a more than 20-year-old permanent injunction. With respect to *Bowman*, it has already been consolidated with *Mink* and the only issues remaining are whether a permanent injunction should be issued and a damages claim against two state officials. In contrast, *Legacy* was just filed, meaning all the issues in that case have yet to be litigated. This further demonstrates why the cases do not share common

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO
CONSOLIDATE PURSUANT TO
FRCP 42 - 2
4894-8967-6603.1

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

questions of law or fact sufficient to warrant consolidation.

Second, consolidation will prejudice Plaintiffs in *Legacy* because the two cases are in vastly different procedural stages, involve different parties, and include different claims for relief. As such, consolidation will undoubtedly make litigation more complex than necessary. It will also expose civilly committed patients' confidential and protected health information to parties who have no reason to view such information. Further, the day-to-day enforcement of the *Mink* injunction, managed to a significant extent by a court appointed expert, has little to do with Plaintiffs in *Legacy*.

Third, and finally, consolidation will not result in judicial efficiency. There is nothing to be gained from consolidating a more-than-20-year-old case with one that was filed last month—a case, no less, that involves different parties, different legal theories and questions, different allegations and claims, different evidence, and different relief. *Mink-Bowman* is only about access to OSH. *Legacy* is much broader. They are entirely different cases and should remain that way.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 42 governs consolidation of cases. Rule 42(a) provides, in relevant part, that if "actions before the court involve a common question of law or fact" then "the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

A district court has broad discretion to consolidate actions involving common questions of law or fact. FRCP 42(a); *Investors Research Co. v. U.S. Dist. Court*, 877 F.2d 777 (9th Cir. 1989). "The presence of a common question of law or fact is a threshold requirement for consolidation." *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 06CV2671-J, 2007 U.S. Dist. LEXIS 66296, at *4 (S.D. Cal. Sept. 7, 2007).

"However, even if a common question of law or fact exists, consolidation is inappropriate if it results in 'inefficiency, inconvenience, or unfair prejudice to a party.'" *Id.* at *5 (internal citations omitted). Thus, in exercising its broad discretion, a district court "weighs the saving of

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO
CONSOLIDATE PURSUANT TO
FRCP 42 - 3
4894-8967-6603.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. US*, 743 F.2d 703, 704 (9th Cir. 1984).

Local Rule 42-1 provides that "[u]nless otherwise directed by the Court, consolidation and case management of complex or related cases are governed by the principles set forth in *The Manual for Complex Litigation* (4th ed. 2004)." The Manual states that "[c]ases should not be consolidated if it would result in increased delay and other unnecessary burdens on parties, such as having to participate in discovery irrelevant to their cases." *Manual* § 20.11. The Manual further states that ultimately, "[w]hether consolidation is permissible or desirable depends largely on the amount of common evidence among the cases." *Manual* § 11.631. Critically, consolidation is not appropriate where cases are factually and legally distinct, or in different procedural stages. *Trout Unlimited v. Lohn*, No. CV-06-1493-ST, 2006 U.S. Dist. LEXIS 109214, at *7-10 (D. Or. Dec. 8, 2006).

The State, the party seeking consolidation, has the burden to show that common questions of law or fact predominate over separate questions. *First Interstate Bank, N.A. v. National Bank & Trust Co., N.A.*, No. 88-558-FR, 1990 U.S. Dist. LEXIS 10139, at *2 (D. Or. Aug. 2, 1990). The State also has the burden of demonstrating that convenience and judicial efficiency would result from consolidation. *Snyder v. Nationstar Mortg. LLC*, No. 15-cv-03049-JSC, 2016 U.S. Dist. LEXIS 83924, at *4-5 (N.D. Cal. June 28, 2016). The State has not met that burden because: (1) *Legacy* and *Mink-Bowman* are not based on common questions of law or fact; (2) consolidating the cases will result in prejudice to Plaintiffs in *Legacy*; and (3) *Legacy* and *Mink-Bowman* concern different issues and claims, involve different parties, and are in entirely different procedural postures and, therefore, will not result in judicial efficiency.

## III.    BACKGROUND

### A.    The *Mink* Case

The *Mink* case was tried more than 20 years ago. ECF 1. The Complaint, filed on March 19, 2002, alleged that the Oregon Department of Human Services (the predecessor to what is now called the Oregon Health Authority) and OSH violated the due process rights of criminal

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO
CONSOLIDATE PURSUANT TO
FRCP 42 - 4
4894-8967-6603.1

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

defendants determined to be unfit to proceed to trial due to mental incapacities by failing to have

adequate capacity at OSH and, thus, incarcerating them in jails for extended periods while

awaiting admission to OSH. *Id.* A bench trial was held before Judge Panner on April 8, 2002,

ECF 37, after which the Court issued Findings of Fact and Conclusions of Law, ECF 47. The

Court concluded, among other things:

> Defendants are aware their policies and conduct results in delays (which are
> sometimes substantial) in fulfilling court orders directing the hospitalization of
> persons found unable to proceed, and they are aware that such persons receive
> inadequate care and are possibly harmed while detained in county jails awaiting
> admission. Nevertheless, defendants have refused to pursue or adopt policies to
> ensure prompt admission and treatment for these persons. This demonstrates a
> deliberate indifference to these persons' health, safety and constitutional rights.
> *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Moreover, defendants'
> policies are a substantial departure from professionally accepted minimum
> standards for treatment of incompetent individuals for whom defendants are
> responsible. *See Youngberg [v. Romeo]*, 457 U.S. [307,] 323 [(1982)]; *see also
> Turay v. Seling*, 108 F. Supp. 2d 1148 (W.D. Wash. 2000), *aff'd sub nom. Sharp
> v. Weston*, 233 F.3d 1166 (9th Cir. 2000).

ECF 47 at 13. On this basis, among others, the Court held: "This court concludes defendants

have violated, and are violating, the due process rights of criminal defendants who are

determined by the Circuit Courts of Oregon to be unfit to proceed to trial because of mental

incapacities under ORS 161.370(2). Such persons have a right to a reasonably timely transport to

a treatment facility pursuant to the expectations and directions of the court issuing findings and

orders under that statute." ECF 47 at 14-15. The Court ordered that "persons who are declared

unable to proceed to trial pursuant to ORS 161.370(2) be committed to the custody of the

superintendent of a state hospital . . . as soon as practicable," which the Court further defined to

mean "providing full admission of such persons into a state mental hospital or other treatment

facility" within seven days of a finding that a defendant is unfit to proceed to trial because of

mental incapacity. ECF 47 at 15.

The Ninth Circuit affirmed the district court's order in a published opinion issued on

March 6, 2003. ECF 76; *see also Oregon Advoc. Ctr. v. Mink*, 322 F.3d 1101 (9th Cir. 2003).

The Ninth Circuit's opinion focused on (1) the legislature's choice to commit incapacitated

criminal defendants to the state hospital, *id.* at 1119-1120; (2) the fact that incapacitated criminal

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO
CONSOLIDATE PURSUANT TO
FRCP 42 - 5
4894-8967-6603.1

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

defendants have not been convicted of a crime, and thus have an interest in freedom from incarceration, *id.* at 1120-21; and (3) the legal principle that it is not a defense to violations of constitutional rights that the state may lack funds or have allocated resources elsewhere, *see id.* at 1121 ("'Lack of funds, staff or facilities cannot justify the State's failure to provide [such persons] with [the] treatment necessary for rehabilitation.'") (quoting *Ohlinger v. Watson*, 652 F.2d 775, 779 (9th Cir. 1980)). The Ninth Circuit held that "only OSH has the highly trained staff and other resources needed to identify and treat an incapacitated criminal defendant's mental illness," and therefore affirmed the district court's findings of "significant, ongoing violations of substantive and procedural due process" and its permanent injunction. *Id.* at 1122.

There was no activity in *Mink* from August 18, 2003 until May 9, 2019. ECF 81-82. At that time, and in the days that followed, Disability Rights Oregon and Metropolitan Public Defenders filed motions for an order to show cause on the ground that OSH was out of compliance with the permanent injunction. ECF 85, 91. Based on these motions and subsequent litigation activity, the Court began a process of monitoring OSH's efforts to return to compliance with the permanent injunction. The state hospital's efforts were interrupted by the COVID-19 pandemic, and the Court granted it relief from the permanent injunction for that reason. ECF 202. Disability Rights Oregon and Metropolitan Public Defenders sought review by the Ninth Circuit, which in turn directed the Court to craft an order modifying the permanent injunction to be more narrowly tailored to the circumstances. ECF 214; *see also Oregon Advoc. Ctr. v. Allen*, No. 20-35540, 2021 WL 3615536, at *1 (9th Cir. Aug. 16, 2021). The Court has continued monitoring OSH's efforts to return to compliance with the permanent injunction. ECF 225-51. At this point, the only remaining issue in *Mink* is whether and how OHA is complying with the permanent injunction.

### B.    The *Bowman* Case

The *Bowman* case was filed last year on November 9, 2021. *Jarod Bowman, et al. v. Delores Matteucci, et al.*, No. 3:21-cv-01637, ECF 1. The plaintiffs in *Bowman* are criminal defendants who were adjudicated "Guilty Except for Insanity" (GEI) by the Multnomah County

Circuit Court. ECF 15; *see also Bowman v. Matteucci*, No. 3:21-cv-01637-HZ, 2021 U.S. Dist. LEXIS 220094, at *1 (D. Or. Nov. 15, 2021). Judge Waller ordered that the two plaintiffs be transported to OSH for treatment, without unreasonable delay. *Id.* at *1-2. Despite that, one plaintiff remained imprisoned at Multnomah County Detention Center (MCDC) for nearly eight months after he was ordered committed, and the other plaintiff remained at MCDC for nearly six months after he was ordered committed. *Id.* at *2. Thereafter, the plaintiffs filed a motion for a temporary restraining order, asking the District Court of Oregon to order the Superintendent and Director of OSH to transport them to OSH. *Id.* The court granted the motion. *Id.* at *8.

In December of 2021, *Bowman* was consolidated with *Mink* after a settlement conference. At this point, the only remaining issues in *Bowman* concern whether a permanent injunction should be issued and a Section 1983 claim for damages against two state officials.

C.    **The *Legacy* Case**

The *Legacy* case was filed last month on September 28, 2022. *Legacy Emanuel Hospital & Health Center d/b/a Unity Center for Behavioral Health, et al. v. Patrick Allen*, No. 6:22-CV-1460-MC, ECF 1. Plaintiffs filed the lawsuit to remedy OHA's unlawful practice of abandoning civilly committed individuals in acute care facilities and failing to even attempt to provide them with appropriate treatment during their involuntary detention.

Contrary to the State's contention, *Legacy* is **not about OSH**. Rather, it is about how OHA has abdicated all responsibility for civilly committed individuals, and done nothing to build capacity in the community to ensure there is an adequate supply of secure beds available for them throughout the state of Oregon. *Legacy* involves far broader and more systemic problems with Oregon's mental healthcare system than merely the number of beds at OSH and the order in which patients are admitted to them. And the relief that Plaintiffs seek in *Legacy* will ultimately require far broader, global solutions than merely an injunction for OSH. Meanwhile, Plaintiffs in *Legacy* do not challenge the permanent injunction in *Mink*; nothing about the relief Plaintiffs are seeking in *Legacy* is at odds with that issue.

Plaintiffs' claims arise from the fact that OHA's practice violates the constitutional rights

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO
CONSOLIDATE PURSUANT TO
FRCP 42 - 7
4894-8967-6603.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

of civilly committed individuals and acute care hospitals. Plaintiffs have brought claims for violations of the Due Process Clause, the Takings Clause, and several state statutes. Plaintiffs do not seek compensatory damages; instead, Plaintiffs seek only declaratory and injunctive relief, nominal damages, and recovery of their attorneys' fees for having to pursue litigation to force OHA to accept its responsibility to provide mental health services to civilly committed individuals. And unlike *Mink-Bowman*, *Legacy* has only just begun.

**IV.    ANALYSIS**

Consolidation is not warranted. As discussed below, the State has not established that there are any common questions of law or fact that justify consolidating *Legacy* with *Mink-Bowman*, which alone shows why the State's motion should be denied. Moreover, other factors, such as prejudice and the lack of judicial efficiency, weigh against consolidation as well.

**A.    There are No Common Questions of Law or Fact**

Consolidation is only appropriate if there are common questions of law or fact. Fed. R. Civ. P. 42(a). The State asserts that *Legacy* involves common questions of law and fact with *Mink-Bowman* because the "alleged claims for relief compete (albeit on varying legal theories with differing standards) for the *very same beds* that OSH is primarily reserving for A&A and GEI patients, who are waiting in jail for admission." ECF 5 at 3. According to the State, *Legacy* relates to *Mink-Bowman*, "because it seeks to directly affect the admissions priorities at OSH set by Judge Mosman." *Id.*

In making these arguments, the State ignores the specific facts that underlie the two cases and the legal claims alleged, choosing instead to present a grossly oversimplified and inaccurate view of the matters, apparently in the hopes that this Court will ignore the myriad of factual and legal differences between the two actions. The State's arguments are not well taken because, as explained below, the two cases are fundamentally different.

As an initial matter, the State mischaracterizes the premise of *Legacy*. Contrary to the State's arguments, *Legacy* is not about "competing" for beds at OSH, nor is it about changing admission priorities at OSH. Rather, *Legacy* is about ensuring that civilly committed individuals

have access to a range of appropriate long-term placements and are not confined indefinitely in acute care hospitals, which are not designed, equipped, or staffed to provide long-term treatment. This is in stark contrast to *Mink-Bowman*, which is solely about access to OSH for individuals in the criminal justice system.

Although the two cases share a defendant, *Legacy* does not share common questions of fact with *Mink-Bowman* sufficient to warrant consolidation. *Mink-Bowman* relates to aid-and-assist and GEI patients, while *Legacy* relates to civilly committed patients. *Mink-Bowman* is about forensic patients who are stuck in jail and solely about gaining access to OSH. In contrast, *Legacy* is about civilly committed individuals who are stuck in acute care hospitals and determining where they should go for appropriate long-term treatment. *Legacy* is also about OHA's unlawful policy and practice of taking Plaintiffs' and other community hospitals' property without just compensation, which has nothing to do with *Mink-Bowman*.

Nor do the cases contain common questions of law. *Legacy* alleges claims for violations of civilly committed individuals and community hospitals' rights based on OHA's unlawful practice of abandoning civilly committed individuals and failing to provide them appropriate treatment during their involuntary detention. Specifically, Plaintiffs allege the following claims: (1) violation of civilly committed individuals' rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution; (2) violation of community hospitals' rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution; (3) violation of community hospitals' rights under the Takings Clause of the Fifth Amendment to the U.S. Constitution; (4) violation of community hospitals' rights under Article I, Section 18 of the Oregon Constitution based on an unlawful taking; and (5) violation of civilly committed individuals rights' under ORS 426.060, ORS 426.150(1), and ORS 659A.142(5)(a) and (6)(a). None of those claims are present in *Mink-Bowman*. Indeed, even the State concedes that *Legacy* involves "varying legal theories with differing standards," which illustrates exactly why consolidation is not warranted.

Despite these fundamental differences in law and fact, the State asserts that "all three

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO
CONSOLIDATE PURSUANT TO
FRCP 42 - 9
4894-8967-6603.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

cases involve common (or at least interlacing) questions of law [*sic*] fact—*e.g.*, who should be admitted to the State Hospital, under what criteria, and on what timeframes, as well as a complex set of common facts regarding capacity challenges facing OSH." ECF 5 at 8. As far as Plaintiffs can tell, the State's argument is premised on the theory that, because OSH is discussed in *Legacy*, it must involve the same issues in *Mink-Bowman*. But that is not the standard for consolidation. Were the State's argument accepted, any and all cases that referenced OSH—regardless of the nature of those cases—would need to be consolidated with *Mink-Bowman*.

The State has the burden of establishing common questions of law or fact, which it has not done here. "Interlacing" questions are not the standard for consolidation. Ultimately, while *Mink-Bowman* is solely about admission to OSH for individuals in the criminal justice system, *Legacy* is not. It is *Mink-Bowman* that involves questions of who should be admitted to OSH, under what criteria and timeframes, and "capacity challenges facing OSH." That is precisely why Plaintiffs intervened in *Mink-Bowman*—to challenge, among other things, OHA's expedited admission policy for civilly committed individuals.

The State also fails to recognize that the cases seek different relief. In *Mink-Bowman*, the only remaining relief requested at this point is compliance with a permanent injunction related solely to admission to OSH for forensic patients, and a Section 1983 damages claim against two state officials. In contrast, Plaintiffs in *Legacy* do not seek compensatory damages. Instead, Plaintiffs seek declaratory and injunctive relief to end OHA's unlawful practice of abdicating all responsibility for civilly committed patients to ensure they finally receive the care they need and access to a range of appropriate long-term placements.

Moreover, the State fundamentally ignores the procedural posture of the two cases, which are nothing alike. *Legacy* was filed last month and is still in its formative stages. In contrast, *Mink* was filed more than 20 years ago and has actually concluded—a bench trial was held which led to a permanent injunction and the case has already been to the Ninth Circuit twice. The only issues remaining in *Mink* are whether and how OHA is complying with the permanent injunction. Nothing about those questions are at issue in *Legacy*. Plaintiffs in *Legacy* are not

challenging the *Mink* permanent injunction, and nothing about the relief Plaintiffs are seeking in *Legacy* is at odds with it. Further, nothing inherent in the *Mink* permanent injunction bears upon Plaintiffs' claims in *Legacy* (i.e., the extent to which OHA should be ensuring access to appropriate long-term placements for civilly committed individuals). Thus, consolidation is inappropriate for the simple reason that *Mink* is over, the permanent injunction is in place, and *Legacy* has only just begun and has nothing to do with the permanent injunction in *Mink*.

As for *Bowman*, it was filed last year and the only remaining issues are whether a permanent injunction should be issued and whether damages should be awarded on a Section 1983 claim. Again, nothing about those questions are at issue in *Legacy*. Plaintiffs in *Legacy* are not challenging whether a permanent injunction should be put into place, and nothing about the relief Plaintiffs are seeking is at odds with that issue. Nor do Plaintiffs have any business in a case involving a Section 1983 claim for damages against two state officials.

In short, although the two cases share a common defendant, they do not involve common questions of law or fact sufficient to justify consolidation. The actions involve different parties, different procedural postures, different theories and issues, and different claims and relief.

**B.     Consolidation Will Result in Prejudice to Plaintiffs in *Legacy***

Consolidation is further unwarranted because it will result in prejudice to Plaintiffs in *Legacy* in multiple ways.

For one, it is prejudicial to drag Plaintiffs—who just filed a new lawsuit—into a lawsuit that has been going on for more than 20 years. *Mink* is in the procedural posture of enforcement of a more than 20-year-old injunction that has nothing to do with acute care hospitals, while *Legacy* just started and involves entirely different issues and claims. Consolidating *Legacy* with *Mink-Bowman*—which solely relates to OSH—risks diluting the claims at issue in *Legacy* and suppressing the voices of those for whom Plaintiffs advocate: civilly committed individuals who are denied access to appropriate long-term placements.

Moreover, Plaintiffs in *Legacy* will be prejudiced by consolidation because *Mink-Bowman* involves different parties. Disability Rights Oregon, Metropolitan Public Defenders

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO
CONSOLIDATE PURSUANT TO
FRCP 42 - 11
4894-8967-6603.1

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**PERKINS COIE** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

Services, Inc., and Ms. Matteucci are not parties to *Legacy*. Nor are the judges, counties, or district attorneys *amici* in *Legacy*. As such, it would be prejudicial for Plaintiffs to suddenly be brought into a case with numerous parties and *amici* who are engaging in briefing and arguing issues that have nothing to do with the separate issues and claims in *Legacy*.

Consolidation would also make litigation significantly more complex than it needs to be. There will be extensive discovery in *Legacy* that the existing parties in *Mink-Bowman* have nothing to do with. Notably, there will likely be discovery of protected health information and records that are protected by 42 CFR Part 2. Why should that protected information have to be exposed to parties in *Mink-Bowman* during discovery, motion practice, and at hearings? In that sense, consolidation will also be prejudicial to civilly committed patients whose records will be unnecessarily exposed to parties who have nothing to do with *Legacy*.

Consolidation would further prejudice Plaintiffs because *Mink-Bowman* is about enforcement of an injunction allowing patients in the criminal justice system admission to OSH, which is being overseen by a court appointed expert, Dr. Debra Pinals. That injunction and Dr. Pinals' role in *Mink-Bowman* have very little to do with the issues in *Legacy*. Missing from the State's motion is any explanation of how *Legacy* fits in with a case that is so dominated by a court appointed expert. The answer is that it does not. Dr. Pinals was appointed to make recommendations regarding admission of individuals in the criminal justice system to OSH. That issue has very little to do with *Legacy*, which is about an entirely different issue—ensuring civilly committed patients receive meaningful treatment and appropriate long-term placements.

In short, consolidation is inappropriate not only because there are no common questions of law or fact, but also because it will result in unfair prejudice to Plaintiffs in *Legacy*. Accordingly, the State's motion should be denied on that basis as well.

### C.    Consolidation Will Not Result in Judicial Efficiency

Judicial efficiency will also not be served by consolidating the two cases. Little—if anything—can be gained from consolidation because the cases are in extraordinarily different procedural stages. *Mink* went to trial more than 20 years ago and the only remaining issue is how

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO
CONSOLIDATE PURSUANT TO
FRCP 42 - 12
4894-8967-6603.1

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**PERKINS COIE** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

and whether the State is complying with a permanent injunction. As for *Bowman*, the only remaining issue is whether to issue a permanent injunction and a Section 1983 damages claim against two state officials. In contrast, *Legacy* is just beginning and has nothing to do with a more than 20-year-old permanent injunction or a Section 1983 damages claim. Given the advanced procedural stage of *Mink-Bowman*, consolidation will not expedite the cases or lead to greater efficiency. There will be no discovery, motion practice, or trial that can be streamlined by consolidation. Moreover, "there is no overriding evidence showing that consolidation would enhance court efficiency" even if common questions of law and fact were present (which Plaintiffs deny for the reasons discussed above). *Antoninetti*, 2007 U.S. Dist. LEXIS 66296, at *6.

The State asserts that consolidating the cases "before Judge Mosman will facilitate consistency in the district court's rulings affecting admissions to OSH, serve party and judicial efficiency, and reduce confusion regarding the State's obligations in serving these populations." ECF 5 at 8.[1] However, the State is forgetting that Plaintiffs intervened in *Mink-Bowman* precisely for that purpose.[2] Because Plaintiffs are already parties in *Mink-Bowman*, there is nothing to be gained by consolidating *Legacy*, which involves entirely different allegations and claims.

Moreover, the State's concern about inconsistent rulings is purely theoretical and unsupported by the present record. This is not a situation in which numerous actions have been filed against the State in multiple jurisdictions. Both cases are in the District of Oregon, and there is no risk of inconsistent rulings because *Mink-Bowman* involves different issues than *Legacy*

---

[1] Plaintiffs pause to note that only two days before the State filed its motion asking for the cases to be consolidated before Judge Mosman, the State consented to have "any and all proceedings in this case" heard by a Magistrate Judge.

[2] It is notable that the State objected to Plaintiffs intervening to advocate on behalf of community hospitals and civilly committed individuals for that very purpose.

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO
CONSOLIDATE PURSUANT TO
FRCP 42 - 13
4894-8967-6603.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

and Plaintiffs are already parties in *Mink-Bowman*.[3] Further, the judges in the same district will be aware of all developments and rulings, particularly with the parties' assistance, and will be able to achieve consistency, especially since there is little overlap of the issues. Plaintiffs in *Legacy* are confident that Judge McShane will issue consistent rulings and be very familiar with the issues involved in *Legacy*, such as the State's failure to care for civilly committed individuals, as it has been a widely known problem in Oregon for many years.

## V.    CONCLUSION

For the reasons discussed, Plaintiffs respectfully request that the Court deny the State's motion to consolidate.

DATED: October 28, 2022

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    */s/ Eric J. Neiman*
        Eric J. Neiman, OSB #823513
        Emma P. Pelkey, OSB #144029
        Telephone: 971.712.2800
        Facsimile: 971.712.2801

PERKINS COIE, LLP

By:    */s/ Thomas R. Johnson, Jr.*
        Thomas R. Johnson, Jr., OSB #010645
        Alex Van Rysselberghe, OSB #174836
        Telephone: 503.727.2000
        Facsimile:  503.727.2222

        *Attorneys for Plaintiffs*

---

[3] Judge Mosman stated at a hearing on October 25, 2022 for *Mink-Bowman* that consolidation would be decided in *Legacy*.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE PURSUANT TO FRCP 42 - 14
4894-8967-6603.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222