ELLEN F. ROSENBLUM
Attorney General
CARLA A. SCOTT #054725
Senior Assistant Attorney General
SHEILA H. POTTER #993485
Deputy Chief Trial Counsel
CRAIG M. JOHNSON #080902
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Carla.A.Scott@doj.state.or.us
        Sheila.Potter@doj.state.or.us
        Craig.M.Johnson@doj.state.or.us

Attorneys for Defendants Patrick Allen and Dolores Matteucci

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>  Plaintiffs,<br><br>v.<br><br>PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>  Defendants,<br><br>  and<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH LEGACY HEALTH SYSTEM, PEACEHEALTH, and PROVIDENCE HEALTH & SERVICES,<br><br>  Intervenors. | Case No. 3:02-cv-00339-MO (Lead Case)<br>Case No. 3:21-cv-01637-MO (Member Case)<br>Case No. 6:22-CV-01460-MC (Member Case)<br><br>DEFENDANTS' RESPONSE TO INTERVENORS' MOTION TO DISSOLVE |

Page 1 -   DEFENDANTS' RESPONSE TO INTERVENORS' MOTION TO DISSOLVE
        CAS/mm8/603476456
                                    Department of Justice
                                    100 SW Market Street
                                    Portland, OR 97201
                                    (971) 673-1880 / Fax: (971) 673-5000

| | |
|---|---|
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, PATRICK ALLEN, Director of the Oregon Health Authority, in his individual and official capacity,<br><br>Defendants,<br><br>and<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH LEGACY HEALTH SYSTEM, PEACEHEALTH, and PROVIDENCE HEALTH & SERVICES,<br><br>Intervenors. | Case No. 3:21-cv-01637-MO (Member Case) |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK ALLEN, in his official capacity as Director of Oregon Health Authority,<br><br>Defendant. | Case No. 6:22-CV-01460-MC (Member Case) |

## I.   INTRODUCTION

Legacy Emanuel Hospital & Health Center d/b/a Unity Center for Behavioral Health; Legacy Health System; Peacehealth, and Providence Health & Services Oregon (Intervenor Hospitals) seek to completely dissolve this Court's September 1, 2022, Order (September 1 Order). Their motion argues that this Order "unlawfully prioritizes aid-and-assist patients over

Page 2 -   DEFENDANTS' RESPONSE TO INTERVENORS' MOTION TO DISSOLVE

civilly committed patients and violates civilly committed patients' constitutional rights" and various state laws applicable to civilly committed persons.

Intervenor Hospitals' motion to dissolve this Court's September 1 Order is based in large part on the allegations in their Complaint filed in *Legacy et al. v. Allen,* Case No. 6:22-cv-1460-MC.  Their motion does not provide evidentiary support for any of those allegations, and the State will dispute those allegations—as well as the Intervenor Hospitals' standing to assert their patients' rights—in due course and at the appropriate time in the related (and now consolidated) *Legacy* litigation.

More specifically, Intervenor Hospitals provide no factual support for their legal conclusion that: (1) civilly committed patients who require a hospital level of care and are receiving a hospital level of care at their hospitals instead of OSH are suffering cognizable harm or legal detriment of any kind; or (2) that those persons found guilty except for insanity (GEI persons) and persons found unable to aid and assist in their defense pursuant to ORS 161.370 (A&A patients) incarcerated in jail could not be lawfully prioritized over a civilly committed patient who is not incarcerated and is receiving a hospital level of care at a private psychiatric hospital.

## II.    ARGUMENT

### A.    Intervenor Hospitals present no admissible facts that the September 1 Order harms civilly committed patients.

Intervenor Hospitals argue that when "civilly committed patients are left in acute care hospitals and do not receive long-term treatment, they are deprived of this opportunity for recovery and remain in confinement for far longer than necessary." ECF No. 284 at p. 16.  But they provide no facts or data, much less any patient- or hospital-specific information, to support this assertion.  Instead, they assert only in conclusory and speculative fashion that that receiving a hospital level of care at a private psychiatric hospital is not "'restorative treatment,'… calculated to lead to the end of [the patient's] involuntary detention." ECF No. 284 at 8.  Nor do Intervenor Hospitals explain with any admissible facts how receiving a hospital level of care at a

Page 3 -    DEFENDANTS' RESPONSE TO INTERVENORS' MOTION TO DISSOLVE
CAS/mm8/603476456
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

private psychiatric hospital is insufficient to provide a civilly committed person with "treatment that gives them a realistic opportunity to be cured or improve the mental condition for which they were confined." *Id.* at p. 16.

> **B.    With no admissible facts, the Intervenor Hospitals provide no basis for this Court to conduct any legal analysis as to whether the September 1 Order violates any laws applicable to civilly committed patients.**

Intervenor Hospitals' argument challenging the prioritization of admissions decisions makes two faulty assumptions with respect to whether this Court's September 1 Order violates any laws, which are also relevant to the related *Legacy* litigation: (1) that there is a constitutional or state statutory deprivation with regard to the civil commitment population's constrained access to OSH; and (2) more importantly, that the federal court may not weigh the severity of constitutional deprivations across multiple populations and prioritize one population over another with it comes to the allocation of a finite resource.

Intervenor Hospitals' assertion that the September 1 Order violates substantive due process of civilly committed persons lacks any factual support. They instead argue in mere conclusory fashion that a private psychiatric hospital is not "the facility best able to treat" a civilly committed patient and that such an institution is somehow never a "suitable" facility. ECF No. 284 at p. 284. But they present no evidence in support of their premise; they do not establish that their private psychiatric hospitals are inadequate or that they are providing insufficient care under any due process standards applicable to civilly committed persons.

With respect to the alleged violations of state statutes, Intervenor Hospitals ignore ORS 426.060(2)(a), which confers final discretion to OHA as to the facility best able to treat a civilly committed person:

> In its discretion and for reasons which are satisfactory to the authority, the authority may direct any court-committed person to the facility best able to treat the person. The decision of the authority on such matters shall be final.

This statute confers to OHA final authority to exercise its discretion to determine which facility is best able to treat a civilly committed person. Intervenor Hospitals submit no facts showing that

Page 4 -    DEFENDANTS' RESPONSE TO INTERVENORS' MOTION TO DISSOLVE
CAS/mm8/603476456
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

private psychiatric hospitals fail to meet this standard or that OHA's reasoning in any particular civil commitment case is internally unsatisfactory.

Further, Intervenor Hospitals fail to demonstrate that the September 1 Order violates ORS 426.225. First, there is no evidence or facts that civilly committed patients are "requesting" and then being denied admission to OSH as a result of the injunction. Second, Intervenor Hospitals do not and cannot show that a civilly committed patient "in need of immediate care or treatment for mental illness" is not a patient who would meet expedited admission criteria under the September 1 Order.

### III. CONCLUSION

Intervenor Hospitals' motion to dissolve this Court's September 1, 2022, Order provides only unsupported and conclusory allegations against which this Court cannot conduct any legal analysis with respect to whether it should dissolve that Order. And the State intends to contest those allegations in the related litigation in due course.

DATED November  3 , 2022.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

   *s/ Carla A. Scott*
CARLA A. SCOTT #054725
Senior Assistant Attorney General
SHEILA H. POTTER #993485
Deputy Chief Trial Counsel
CRAIG M. JOHNSON #080902
Senior Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Carla.A.Scott@doj.state.or.us
Sheila.Potter@doj.state.or.us
Craig.M.Johnson@doj.state.or.us
Of Attorneys for Defendants

Page 5 -   DEFENDANTS' RESPONSE TO INTERVENORS' MOTION TO DISSOLVE
CAS/mm8/603476456
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000