Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
**Disability Rights Oregon**
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Amicus Curiae Disability Rights Oregon*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; PROVIDENCE HEALTH & SERVICES—OREGON; and ST. CHARLES HEALTH SYSTEM, INC., <br><br>  Plaintiffs, <br><br>  v. <br><br> PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority <br><br>  Defendant. | Case No. 6:22-cv-01460-MO <br> Case No. 3:02-cv-00339-MO (Lead Case) <br> Case No. 3:21-cv-01637-MO (Member Case) <br><br> UNOPPOSED MOTION TO PERMIT AMICUS CURIAE BRIEFING |

## LR 7-1 CERTIFICATION

Counsel for Disability Rights Oregon, Thomas Stenson, hereby certifies that he has conferred with counsels for the parties. Attorneys for Defendant Patrick Allen and attorneys for Plaintiff Hospital Corporations both consent to DRO's appearance as an amicus in this proceeding.

## UNOPPOSED MOTION TO PERMIT AMICUS CURIAE BRIEFING

Disability Rights Oregon (hereinafter, "DRO") respectfully moves, pursuant to both the

Court's inherent authority and Local Rule 7.1, to file an *amicus curiae* brief regarding Patrick Allen's Motion to Dismiss the Plaintiffs' Complaint. Dkt. 329. Several major Oregon hospital corporations (hereinafter Hospital Corporations) filed an amended complaint in the above-captioned matter, *Legacy Emanuel Hospital et al. v. Allen*. Dkt. 327. The matter was consolidated with two other ongoing lawsuits involving related issues. Putative Amicus DRO, while a party in the case-in-chief, *Disability Rights Oregon v. Mink*, is not at this time a party in *Legacy Emanuel Hospital et al. v. Allen*. Amicus asks the Court leave to file the attached memorandum brief in support of Patrick Allen's Motion to Dismiss the Amended Complaint.

Federal courts have broad discretion in deciding whether to accept *amicus curiae* briefs. *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, CV 05-23-RE, 2005 WL 787602 (D. Or. Apr. 8, 2005) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)); *Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203, 204 (9th Cir. 1982)). Courts generally exercise liberality in permitting an *amicus curiae* to file a brief in a pending matter.  There are no strict prerequisites that must be established to qualify for *amicus* status; a prospective *amicus* must merely make a showing that their participation is useful to otherwise desirable by the court. *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982).

The depth and breadth of DRO's over four decades of experience in addressing rights protections for individuals with mental illness who face civilly commitment proceedings ensures that DRO's participation as an *amicus* in this case will lend a vital perspective. DRO currently provides direct legal representation to people with mental illness facing civil commitment proceedings in Multnomah County. This case is also of critical interest to DRO's constituency, which includes many individuals found in need of civil commitment or found incompetent to aid and assist in their defense. This perspective coupled with the Court's broad authority supports

the Court's exercise of its discretion to accept DRO's proposed *amicus curiae* brief. To date, this Court has accepted numerous *amicus* filings from multiple parties in the related cases.

DRO's position as a federally mandated Protection & Advocacy agency for Oregon places it in a uniquely qualified position to speak to Defendant's rights and needs in the context of his disability. 42 U.S.C. 10805(a); *Oregon Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1110 (9th Cir. 2003)(finding that people "with mental illnesses receiving care in the state" of Oregon are the members and constituents of Disability Rights Oregon, then known as Oregon Advocacy Center, and that DRO is specifically designated to pursue legal and other remedies on their behalf). DRO provides protection and advocacy services to Oregonians with disabilities pursuant to the Developmental Disabilities Assistance and Bill of Rights ("DD") Act, 42 U.S.C. § 15041, *et seq*., the Protection and Advocacy for Individuals with Mental Illnesses ("PAIMI") Act, 42 U.S.C. § 10801, *et seq*., the Protection and Advocacy for Individual Rights ("PAIR") Act, 29 U.S.C. § 794e, and the regulations promulgated thereto, and ORS 192.517.

In short, DRO has keen knowledge, experience and interest in the issues raised by the parties. It has been recognized by courts and particularly designated by federal and state agencies as an appropriate representative of people with mental illnesses. Its board of directors includes numerous individuals with disabilities. Its work in the field of mental health is guided by an advisory board of people who themselves experience mental illness. *Amicus Curiae* Disability Rights Oregon respectfully requests this motion for leave to file an *amicus* be granted and that the attached brief be accepted and considered.

//

//

DATED December 22, 2022.

                                            DISABILITY RIGHTS OREGON

                                            /s *Thomas Stenson*
                                            Emily Cooper OSB # 182254
                                            ecooper@droregon.org
                                            Thomas Stenson, OSB # 152894
                                            tstenson@droregon.org
                                            511 SW 10th, Suite 200
                                            Portland OR 97205
                                            Tel:    (503) 243 2081
                                            FAX:  (503) 243 1738

                                            *Counsel for Amicus Disability Rights Oregon*