Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

Jesse Merrithew OSB #074564
jesse@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(971) 229-1241
*Counsel for Plaintiff, Metropolitan Public Defender*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES SCHROEDER, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants,<br><br>and<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY | Case No. 3:02-cv-00339-MO (Lead Case)<br>Case No. 3:21-cv-01637-MO (Member Case)<br>Case No. 6:22-cv-01460-MO (Member Case)<br><br>MOTION FOR ORDER REQUIRING MARION COUNTY SHERIFF'S OFFICE TO TRANSPORT PATIENTS |

MOTION FOR ORDER TO TRANSPORT - 1
(Case No. 3:02-cv-00339-MO)

DISABILITY RIGHTS OREGON
511 SW 10TH AVE, SUITE 200
PORTLAND, OR 97205
T: 503.243.2081 | F: 503-243-1738

| | |
|---|---|
| HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES, <br><br>   Intervenors. <br><br> JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON, <br><br>   Plaintiffs, <br><br> DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, JAMES SCHROEDER, Direction of the Oregon Health Authority, in his official capacity, and PATRICK ALLEN in his individual capacity, <br><br>   Defendants, <br><br> and <br><br> LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON, <br><br>   Plaintiffs, <br><br> vs. <br><br> JAMES SCHROEDER, in his official capacity as Director of Oregon Health Authority, <br><br>   Defendant. | <br><br><br><br><br><br><br><br> Case No. 3:21-cv-01637-MO (Member Case) <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 6:22-cv-01460-MO (Member Case) |

## LR 7-1 CERTIFICATION

  Plaintiffs conferred with Defendants regarding the relief sought and Defendants do not oppose. Plaintiffs also conferred with counsel for Amici Judges (among the amici judges is the

| | |
|---|---|
| MOTION FOR ORDER TO TRANSPORT - 2 <br> (Case No. 3:02-cv-00339-MO) | **DISABILITY RIGHTS OREGON** <br> 511 SW 10TH AVE, SUITE 200 <br> PORTLAND, OR 97205 <br> T: 503.243.2081 \| F: 503-243-1738 |

state court judge who issued the orders described herein), and counsel for Marion County Sheriff's Office ("MCSO") (county counsel for Marion County, also an amicus in this matter). Plaintiffs were unable to resolve this dispute with those third parties.

## MOTION

Defendants are in violation of the Court's September 1, 2022 order ("September order") with respect to four patients currently at the Oregon State Hospital ("OSH"). All four patients were required to be discharged from OSH by March 15 at the latest. The commitment orders for each of the patients order that the patient cannot be discharged without authorization of the state court judge who committed them. When OSH attempted to discharge the patients, MCSO refused to transport them, citing the state court judge's order. In addition, the state court judge sent a letter to Defendant Matteucci, informing her that if she discharged the patient, she would be held in contempt in state court. To comply with this Court's September order, Plaintiffs request that the Court order the MCSO to transport the four patients.

## MEMORANDUM OF LAW

This Court has the authority to order non-parties to act in compliance with its orders under Fed. R. Civ. P. 65(d)(2). In relevant part, this rule states, that "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with" the parties listed above are bound by a court's injunction order if they received "actual notice" of the order. Fed. R. Civ. P. 65(d)(2). The Supreme Court has previously interpreted this language to "allow injunctions to bind not only defendants but also people 'identified with them in interest, in "privity" with them, represented by them or subject to their control.'" *Cal. Chamber of Commerce v. Council for Educ. & Rsch. On Toxics*, 29 F.4th 468, 483 (9th Cir. 2022), quoting *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 179

MOTION FOR ORDER TO TRANSPORT - 3
(Case No. 3:02-cv-00339-MO)

DISABILITY RIGHTS OREGON
511 SW 10TH AVE, SUITE 200
PORTLAND, OR 97205
T: 503.243.2081 | F: 503-243-1738

(1973); *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945). The moving party must also demonstrate "by clear and convincing evidence that the alleged contemnor violated a 'specific and definite order of the court.'" *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999), citing *Stone v. City & County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992).

Here, the MCSO has received actual notice of the order, at the very least they received notice via conferral on this motion. The Court's order is specific and definite: "No later than March 15, 2023, patients currently admitted at OSH who have exceeded the length of restoration set forth in this Order shall be discharged from their restoration commitment and from the hospital." Dkt. No. 271, at 4. MCSO is refusing to allow OSH to discharge these four patients in clear violation of the Court's order. Because the MCSO works in active concert and participation with OSH to effectuate discharges, MCSO is within the scope of this Court's authority under Fed. R. Civ. P. 65(d)(2).

In Oregon, the county sheriffs transport patients who are under ORS 161.370 orders to and from OSH. In this role, then, the county sheriffs are charged with completing the patient discharge process by returning the individuals to their county of origin. This relationship thus makes the county sheriffs integral to OSH's compliance with the September order, as OSH cannot complete their required processes without them. Therefore, because the county sheriffs must work with OSH and vice versa, the county sheriffs are active participants with OSH. This means that MCSO—who was tasked with completing the discharge process pursuant to the September order—should be ordered to comply pursuant to Fed. R. Civ. P. 65(d)(2).

"Rule 65(d) does not empower the Court to enjoin a nonparty." *Swanberg v. Tro*, No. 3:14-cv-00882-HZ, 2016 U.S. Dist. LEXIS 12586, at *7-8 (D. Or. Jan. 31, 2016). This rule does, however, "authorize[] the Court to hold certain nonparties in contempt for violating an existing

MOTION FOR ORDER TO TRANSPORT - 4
(Case No. 3:02-cv-00339-MO)

**DISABILITY RIGHTS OREGON**
511 SW 10TH AVE, SUITE 200
PORTLAND, OR 97205
T: 503.243.2081 | F: 503-243-1738

order as a way to ensure that a party cannot carry out a prohibited act." *Id.*, citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1280 (9th Cir. 1992); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323 (9th Cir. 1998). In *Peterson,* for example, the court found the non-parties' actions—granting licenses—were a necessary, albeit final, step in the party's prohibited acts. 140 F.3d at 1324. This is because selling a license to the party encouraged them to continue disobeying the court order to return the property and cease business dealings. *Id.* at 1323–24. As such, the Court held that even though this specific conduct had not been prohibited, the non-parties' roles were integral to continuing the party's prohibited conduct. *Id.* at 1324. Thus, the Court found that the non-parties "flagrant[] and deliberate[]" assistance violated the court order and allowed the non-parties to be held in contempt. *Id.* So, too, here. For the reasons stated above, it is undisputed that MCSO is violating the September order and forcing OSH to carry out a prohibited act—namely holding patients past their specified discharge date. And, MSCO's role is integral to continuing the prohibited conduct. Thus, this nonparty should be enjoined.

Furthermore, to the extent the state court orders are contrary to this Court's order, the Supremacy Clause controls, and the state order is preempted. Article VI, paragraph II of the Constitution states that federal laws, including federal court orders, are the "supreme law of the land." In articulating this authority in a federalism question, it has been noted that federal courts should "exercise the least possible power adequate to the end proposed." *Stone*, 968 F.2d at 861, citing *Spallone v. United States*, 493 U.S. 265, 280 (1990); *see also Hoptowit v. Ray*, 682 F.2d 1237, 1247 (9th Cir. 1982).

But, "when the least intrusive measures fail to rectify the problems, more intrusive measures are justifiable." *Stone*, 968 F.2d at 861. This is because federal courts must protect constitutional rights, allowing these courts to "possess whatever powers are necessary to remedy

MOTION FOR ORDER TO TRANSPORT - 5
(Case No. 3:02-cv-00339-MO)

**DISABILITY RIGHTS OREGON**
511 SW 10TH AVE, SUITE 200
PORTLAND, OR 97205
T: 503.243.2081 | F: 503-243-1738

constitutional violations." *Id.*; *see also Hutto v. Finney*, 437 U.S. 678, 687 n.9 (1978). The Supreme Court has ruled that this responsibility means that "otherwise valid state laws or court orders cannot stand in the way of a federal court's remedial scheme if the action is essential to enforce the scheme." *Id.* at 862. And, "[s]tate policy must give way when it operates to hinder vindication of federal constitutional guarantees." *North Carolina State Bd. of Educ. v. Swann*, 402 U.S. 43, 45 (1971). Thus, should state and local officials fail to resolve an issue, or actively contribute to said issue, the federal court can "invoke its broad equity power to remedy the situation." *Stone*, 968 F.2d at 861, citing *Hutto*, 437 U.S. at 687 n.9. This power "should begin with what is absolutely necessary[, but if] ineffective, more stringent [remedies] should be considered." *Ruiz v. Estelle*, 679 F.2d 1115, 1145–46 (5th Cir. 1982).

Here, the District Court gave OSH and state authorities years to fix the issue of discharging patients in an untimely manner. State officials failed to rectify the problem repeatedly. So, the District Court issued the September Order to remedy the situation. *Hutto*, 437 U.S. at 688 n.9. Now, local officials are actively impeding the District Court's remedial scheme. In refusing to transport discharged patients—an essential part to completing the OSH discharge process in compliance with the September Order—the Marion County Sheriff's Office undermines the District Court's remedy. *Stone*, 968 F.2d at 861. In fact, the parameters established in the Marion County state court orders make it impossible for OSH to simultaneously comply with it and the September order. Therefore, the state order cannot stand. *North Carolina State Bd. of Educ.*, 402 U.S. at 45. Additionally, because state and local officials are now contributing to the issue rather than resolving it, more stringent requirements should be instated by the Federal court. *Ruiz*, 679 F.2d at 1145-46. It is thus equitable to compel the MCSO to comply with the September order because their refusal to transport OSH patients actively

MOTION FOR ORDER TO TRANSPORT - 6
(Case No. 3:02-cv-00339-MO)

**DISABILITY RIGHTS OREGON**
511 SW 10TH AVE, SUITE 200
PORTLAND, OR 97205
T: 503.243.2081 | F: 503-243-1738

impedes the federal court's remedial scheme and contributes to the violation of these patients' rights. *North Carolina State Bd. of Educ.*, 402 U.S. at 45.

## CONCLUSION

Pursuant to Fed. R. Civ. P 65(d)(2), the Marion County Sheriff's Office should be compelled to comply with the September order because they are active participants with a named party, they had actual notice of the September order, and they consciously violate this order's terms. Additionally, this Court has broad equity power to resolve constitutional violations when state and local officials fail to do so or actively impede federal remedies. Thus, this court has the authority to contravene the state court orders to the extent they are contrary to this Court's order.

DATED this 22nd day of March, 2023.

DISABILITY RIGHTS OREGON

/s *Emily Cooper*
Emily Cooper OSB # 182254
ecooper@droregon.org
Thomas Stenson, OSB # 152894
tstenson@droregon.org
511 SW 10th, Suite 200
Portland OR 97205
Telephone: (503) 243 2081
Facsimile: (503) 243 1738
*Counsel for Plaintiff DRO*

LEVI MERRITHEW HORST PC

/s *Jesse Merrithew*
Jesse Merrithew OSB # 074564
jesse@lmhlegal.com
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092
*Counsel for Plaintiffs MPD, Jarrod Bowman, and Joshawn Douglas-Simpson*

MOTION FOR ORDER TO TRANSPORT - 7
(Case No. 3:02-cv-00339-MO)

DISABILITY RIGHTS OREGON
511 SW 10TH AVE, SUITE 200
PORTLAND, OR 97205
T: 503.243.2081 | F: 503-243-1738