ELLEN F. ROSENBLUM
Attorney General
CARLA A. SCOTT #054725
Senior Assistant Attorney General
SHEILA H. POTTER #993485
Deputy Chief Trial Counsel
CRAIG M. JOHNSON #080902
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Carla.A.Scott@doj.state.or.us
          Sheila.Potter@doj.state.or.us
          Craig.M.Johnson@doj.state.or.us

Attorneys for Defendants James Schroeder and Dolores Matteucci

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>        Plaintiffs,<br><br>    v.<br><br>DAVID BADEN, in his official capacity as head of the Oregon Health Authority,[1] and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital<br><br>        Defendants,<br><br>  and<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH LEGACY | Case No.  3:02-cv-00339-MO (Lead Case)<br>Case No.  3:21-cv-01637-MO (Member Case)<br>Case No.  6:22-CV-01460-MO **(Member Case)**<br><br>DECLARATION OF DEREK WEHR |

---

[1] Pursuant to FRCP 25(d) James Schroeder is automatically substituted with his successor David Baden.

Page 1 -    DECLARATION OF DEREK WEHR
           CAS/mm8/740247497

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| | |
|---|---|
| HEALTH SYSTEM, PEACEHEALTH, and PROVIDENCE HEALTH & SERVICES,<br><br>       Intervenors. | |
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>       Plaintiffs,<br><br>   v.<br><br>DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, DAVID BADEN, Director of the Oregon Health Authority, in his official capacity,[2] and PATRICK ALLEN in his individual capacity,<br><br>       Defendants,<br><br>  and<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH LEGACY HEALTH SYSTEM, PEACEHEALTH, and PROVIDENCE HEALTH & SERVICES,<br><br>       Intervenors. | Case No. 3:21-cv-01637-MO (Member Case) |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON,<br><br>       Plaintiffs,<br>   v.<br><br>DAVID BADEN, in his official capacity as Director of Oregon Health Authority,[3]<br><br>       Defendant. | Case No. 6:22-CV-01460-MC (Member Case) |

---

[2] Pursuant to FRCP 25(d) James Schroeder is automatically substituted with his successor David Baden.

[3] Pursuant to FRCP 25(d) James Schroeder is automatically substituted with his successor David Baden.

Page 2 -   DECLARATION OF DEREK WEHR
        CAS/mm8/740247497

**I, Derek Wehr, hereby declare:**

1. I am the Deputy Superintendent of the Oregon State Hospital (OSH) at its Salem campus. During my 29-year career with the State of Oregon, I have served OSH for 25 years in the following roles: Deputy Superintendent, Director of Performance Improvement, Forensic Unit Director, Psychiatric Social Worker, Transformation Leader, Community Outreach Specialist, Lean Leader, Mental Health Therapist, and Mental Health Therapy Technician. I hold a bachelor's degree in Psychology from Western Oregon University and a master's degree in Social Work from Portland State University.

2. I make this declaration based upon a combination of personal knowledge and in reliance upon records which are regularly maintained in the ordinary course of business.

3. My job duties include, among other things: (a) oversight of hospital occupancy management on both OSH campuses; (b) oversight of the OSH Admissions Department; (c) oversight of the six specialized programs on the OSH Salem and Junction City Campuses that govern 24 in-patient psychiatric units licensed as Hospital Level of Care and six behavioral health units licensed as Secure Residential Treatment Programs; and (d) serving as acting Superintendent of OSH when the current Superintendent is away from the office.

4. I understand that on September 1, 2022, this Court entered an Order at ECF No. 271 that limits the length of inpatient restoration at OSH for a person ordered committed to OSH pursuant to ORS 161.370 as follows:

   a. For patients whose most serious charge is a misdemeanor, the maximum duration of commitment for restoration shall be the lesser of the maximum permissible sentence for the underlying offense or 90 days;

Page 3 -   DECLARATION OF DEREK WEHR
                CAS/mm8/740247497

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

    b. For patients whose most serious charge is a felony, the maximum duration of commitment for restoration shall be six (6) months, unless the felony is listed in ORS 137.700(2) in which case the maximum duration of commitment for restoration shall be one year.

    c. Patients admitted to OSH on or before September 1, 2022, who had exceeded the length of restoration set forth in this Court's Order, must be discharged no later than March 15, 2023.

5. I understand that the September 1, 2022, Order also provides that, before a patient reaches this maximum duration of commitment for restoration under this Order and remains unfit to proceed, OSH shall notify the committing court of the patient's impending discharge 30 days before the date on which the hospital is required to discharge the patient pursuant to the Order.

6. OSH has been filing the required notices to the committing courts before discharging patients pursuant to this Court's Order. But some state court judges have responded by issuing orders that are preventing OSH from discharging patients as ordered by this Court. A non-exhaustive list of those orders are described below:

    a. Kyle Meithof was admitted to OSH on August 17, 2021. Because he was admitted before September 1, 2022, and he has exceeded his length of inpatient restoration, I understand that this Court's Order requires that he be discharged on or before March 15, 2023. On February 7, 2023, OSH filed a 30-day notice to the Marion County Circuit Court that it planned to discharge Mr. Meithof on or before March 10, 2023. On February 23, 2023, OSH requested that the Marion County Sheriff's Office transport Mr. Meithoff back to Marion County. On the same day, Marion County Sheriff's Office responded to OSH's request for

Page 4 -   DECLARATION OF DEREK WEHR
           CAS/mm8/740247497

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

transport, declining to transport Mr. Meithof and stated that the judge had ordered him to remain at OSH. On February 27, OSH received the Order from the Marion County Circuit Court that is attached hereto as Exhibit 1. The Marion County Sheriff's Office has not responded to OSH's request that it transport Mr. Meithof to Marion County.

b. Salomon Vasquez Hernandez was admitted to OSH on June 2, 2021. Because he was admitted before September 1, 2022, and he has exceeded his length of inpatient restoration, I understand that this Court's Order requires that Mr. Vasquez Hernandez be discharged on or before March 15, 2023. On February 6, 2023, OSH filed a 30-day notice with Marion County Circuit Court notifying that it planned to discharge Mr. Vasquez Hernandez on or before March 8, 2023. On February 8, 2023, OSH received the Order from the Marion County Circuit Court that is attached hereto as Exhibit 2. In addition, on February 22, 2023, OSH received the letter attached as Exhibit 3 from Judge Audrey Broyles. On March 7, 2023, OSH requested that the Marion County Sheriff's Office transport Mr. Vasquez Hernandez back to Marion County. On March 7, 2023, the Marion County Sheriff's Office declined to transport Mr. Vasquez Hernandez to Marion County, citing the Marion County Circuit Court's order to remain.

c. Chase Cooley was admitted to OSH on March 10, 2022. Because he was admitted before September 1, 2022, and he has exceeded his length of inpatient restoration, I understand that this Court's Order requires that Mr. Cooley be discharged on or before March 15, 2023. On December 21, 2022, OSH filed a 30-day notice with Marion County Circuit Court notifying that it planned to

Page 5 -   DECLARATION OF DEREK WEHR
          CAS/mm8/740247497

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

discharge Mr. Cooley on or before January 31, 2023. On January 26, 2023, OSH requested transport from Marion County Sheriff's Office for discharge on January 31, 2023. On January 30, 2023, Marion County Circuit Court issued the order that is attached hereto as Exhibit 4. On January 31, 2023, while in the sallyport, the Marion County Sheriff's Office informed OSH they would not transport Mr. Cooley due to the Marion County Circuit Court's order.

7. OSH relies on transportation provided by County Sheriffs to discharge patients from inpatient restoration back to their county of origin. I understand that the Marion County Sheriff's Office is currently declining to transport patients on instructions from OSH because of the above-described state-court orders.

**I declare under penalty of perjury that the foregoing is true and correct.**
EXECUTED on March 8, 2023.


                                                  *s/ Derek Wehr*
                                                  DEREK WEHR

Page 6 -   DECLARATION OF DEREK WEHR
        CAS/mm8/740247497

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

21CR20525

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| THE STATE OF OREGON, | ) Case No. 21CR20525/21CR38938/20CR58666/ |
| Plaintiff, | ) 20CR65309/21CR26739 |
| vs. | ) ORDER DEFENDANT TO REMAIN OREGON |
| KYLE MEITHOF | ) STATE HOSPITAL |
| Defendant | ) |

THIS MATTER comes before the Court on Marion County Deputy District Attorney Evelyn Centeno's Motion that Defendant remain at Oregon State Hospital. The court, having previously ordered on August 2, 2021, finding the defendant be "committed to the custody of the Superintendent of the Oregon State Hospital," and the Court having not determined whether the defendant has gained capacity or will in the foreseeable future, NOW THEREFORE:

IT IS HEREBY ORERED that Defendant shall remain at Oregon State Hospital under the authority of the Court's August 2, 2021 Order until the Court determines if defendant has a substantial probability to regain capacity.

2/24/2023 1:15:29 PM

_____
Circuit Court Judge Audrey J. Broyles

Order to House Defendant at OSH-1
6/18/20
COPIES: 1= file; 1=def/atty

PAIGE E. CLARKSON
District Attorney for Marion County, Oregon
555 COURT STREET NE
P.O. BOX 14500
SALEM, OR 97309

Exhibit 1 to Declaration
of Derek Wehr
Page 1 of 1

RECEIVED BY:

DATE: _____

21CR00898

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| STATE OF OREGON | ) | CASE NO: 21CR00898 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | DA NO: 21-183-A |
| | ) | |
| | ) | **AMENDED** |
| v. | ) | **ORDER FINDING THE DEFENDANT** |
| | ) | **UNFIT TO PROCEED AND COMMIT TO** |
| | ) | **TO OSH (ORS 161.370)** |
| Salomon Vasquez-Hernandez | ) | |
| Defendant. | ) | |

**The Court, upon receipt of a 30 Day Notice of End of OSH Jurisdiction Pursuant to Federal Court Order, has conducted a review of the file and court records specific to Defendant, and submits the following amended order:**

This matter came before the Court for a determination of Defendant's fitness to proceed pursuant to ORS 161.370.

The Court finds that Defendant is charged with the following offenses (listed in order of seriousness by crime classification):

| Crime Name: | Crime ORS#: | Felony/Misdemeanor/Class: | Booking Date: |
|---|---|---|---|
| 1. Arson 1st degree | 164.325 | Felony/A | 1/5/21 |
| 2. Att. Murder 1st degree (x3) | 161.405/163.107 | Felony/A | 1/5/21 |
| 3. Att. Assault 1st degree (x3) | 161.405/163.185 | Felony/B | 1/5/21 |

Based on the Court's review and consideration of:
- ☐ The report of certified evaluator, Dr. Stafford dated 12/29/191; ORS 161.365(3));
- ☐ Consultation from the community mental health program (CMHP);
- ☐ The Court's inquiry and observation of defendant at the hearing;
- ☐ The defense counsel's representation;
- ☐ Input from the victim;
- ☒ Other information provided, to wit: Courts review

**THE COURT, being fully informed, FINDS:**

1. The Defendant is not fit to proceed;

2. ☒ The most serious offense in the charging instrument is a FELONY. Defendant, who is at least 18 years old, requires a hospital-level-of-care due to: (a) public safety concerns; **or** (b) the acuity of symptoms of Defendant's qualifying mental disorder; **and** (c) that the appropriate community restoration services are not present and available in the community.

3. ☐ The most serious offense in the charging instrument is a MISDEMEANOR *(check one)*

   ☐ The court received: (a) a recommendation from a certified evaluator that Defendant requires a hospital-level-of-care due to the acuity of symptoms of Defendant's qualifying mental disorder; **and** (b) a recommendation from the CMHP that appropriate community restoration services are not present and available in the community for Defendant; **or**

   ☐ The court finds that Defendant: (a) requires a hospital-level-of-care due to the acuity of symptoms of Defendant's qualifying mental disorder; (b) there are public safety concerns; **and** (c) appropriate community restoration services are not present and available in the community.
   ☐ Case is connected to a Felony

It is therefore **ORDERED**:

1. The criminal proceeding against Defendant, in the aforementioned matter, is suspended.

2. Defendant is committed to the custody of the Superintendent of the Oregon State Hospital (OSH).

3. Transportation: *(check one)*

   ☒ The Sheriff's Office/Department in the committing jurisdiction shall **transport** Defendant from the jail to OSH in Salem, Oregon, Oregon State Hospital shall admit defendant to OSH. **The Defendant may not be returned from OSH absent an order from the committing court. The committing court may issue an order allowing transport upon receipt of a current progress report, as contemplated by ORS 161.371, detailing the defendant's fitness to proceed, amenability to community restoration and necessity for a hospital level of care given existing public safety concerns. The court may set a hearing upon receipt of said report or at the request of either party.**

   ☐ Defendant shall **voluntarily appear** at OSH in Salem, Oregon at the date, time and location to be determined by OSH. The Sheriff's Office/Department shall **transport** Defendant from OSH to jail upon notification from OSH.

4. Defendant is committed to OSH for a maximum period of time, not to exceed:

   ☒ 3 years (if charges are Felony C, B, or A);
   ☐ 1 year (Misdemeanor); or
   ☐ Other _____ (maximum of all pending charges; but cannot exceed 3 years).

5. The effective date for calculating this legal status is *(mark one)*:

   ☒ The charging instrument includes a charge for Aggravated Murder or a crime listed in ORS 137.700(2). OSH shall calculate Defendant's maximum commitment to OSH from the date of this Order; or

   ☐ The charging instrument **does not** include a charge of Aggravated Murder or a crime listed in ORS 137.700(2). OSH shall calculate Defendant's maximum commitment to OSH based on the

Defendant's booking/arrest date, giving credit for each day Defendant is held in jail both before and after Defendant's commitment under this Order.

6. Disclosure of Records:

    a. Medical Providers: Any public bodies and private medical providers, in possession of records concerning Defendant shall release those records to OSH for the purpose of, and use in, Defendant's fitness to proceed. These documents shall be provided to OSH within **5 business days** of receipt of this Order. The Oregon Youth Authority, the Department of Corrections, a community college district or service district, a public university, a school or education service district must, after notifying OSH, provide the requested records within 15 business days of receipt of this Order unless good cause exists.

    b. ☒ *(Optional; check if applies)* Substance Use Treatment Records: To the extent any information or records described in subsection 6(a) of this Order relate to a substance use disorder diagnosis or treatment, as defined in 42 C.F.R. Part 2, ORS 430.399(6) and ORS 430.475(2), the court finds that: (i) disclosure is not for the purpose of criminal investigation and prosecution; (ii) the information or records shall be used solely for the purpose of evaluating Defendant's fitness to proceed; (iii) other ways of obtaining the information are not available or would not be effective; and (iv) the public interest in and need for disclosure outweigh the potential injury to Defendant's relationship with treatment providers. The court orders any public bodies and private providers to disclose to OSH the minimally necessary records and information that is essential to fulfill the objectives of this Order.

    c. Parties and Sheriff's Office/Department: The District Attorney, defense attorney, and Sheriff's Office/Department shall provide all non-privileged pertinent information about Defendant to OSH within **5 business days** of this Order.

    d. Disclosure to Defense Counsel:

        (i) The OSH certified forensic evaluator, who issued the report pursuant to ORS 161.365 or ORS 161.370, may disclose Defendant's information protected under state and federal privacy laws to defense counsel pursuant to this Order.

        (ii) Upon written request to the OSH Records Custodian, OSH may disclose to defense counsel Defendant's designated medical record or protected health information. Nothing in this Order permits disclosure of Defendant's patient records and information, otherwise prohibited by law, to the State or any other entity or individual not specified in this Order.

///

///

///

///

///

///

///

Page 3 of 7 (6/2021)    Original to: Court / Copies to: Jail/OSH/Defendant/Defense Attorney/District Attorney/Judge
Exhibit 2 to Declaration of Derek Wehr
Page 3 of 4

## NOTICE OF FIREARMS PROHIBITION

The court has found that Defendant is not able to assist their lawyer represent them in their criminal case. As a result, federal law prohibits Defendant from having or buying firearms (guns or ammunition). The Oregon Judicial Department is required to report to the Oregon State Police that this firearms restriction applies to Defendant.

Further proceedings are set on 3/13/23 at 8:30

2/8/2023 10:44:56 AM

DATED: _____

_Audrey J. Broyles_
Circuit Court Judge Audrey J. Broyles

Circuit Court Judge

Defense Attorney
Name: Tiffany Humphrey
Email: TiffanyLouiseHumphrey@gmail.com

Deputy District Attorney
Name: Evelyn Centeno
Email: ecenteno@co.marion.or.us

| | | |
|---|---|---|
| ACCOUNTING<br>588-5601<br>**CLERK'S OFFICE**<br>588-5105<br>**COURT ADMINISTRATION**<br>588-5368<br>**FAMILY LAW**<br>373-4349 Fax: 589-3224<br>**JURY MANAGEMENT**<br>588-5371<br>**PROBATE**<br>588-5141<br>**RECORDS**<br>588-5101 | <br><br>**CIRCUIT COURT**<br>**THIRD JUDICIAL DISTRICT**<br>Marion County Courthouse<br>100 High St. NE<br>PO Box 12869<br>Salem, OR 97309-0869<br>Fax: 373-4360 | **CRIMINAL COURT**<br>4000 Aumsville Hwy.<br>Fax: 588-6822<br>**JUDICIAL STAFF**<br>588-8484<br>588-8485<br>**CLERK'S OFFICE**<br>588-8489<br><br>**JUVENILE COURT**<br>3030 Center St. NE<br>Fax: 361-2676<br>566-2974 |

Superintendent Dolores Matteucci
Oregon State Hospital – Salem
2600 Center Street NE
Salem, Oregon 97301
E: dolores.matteucci@dhsoha.state.or.us

February 22, 2023

Dear Ms. Matteucci,

Last week, on February 16, 2023, I was made aware of an attempt by staff at the Oregon State Hospital to return a patient currently under court order to remain there. I understand that the Marion County Sheriff's Office was picking up another patient for transport to the jail when they were told that Salomon Vasques-Hernandez was also required to be taken back to jail as well. When questioned further by jail transport staff, hospital staff repeatedly represented that something had come from my office ordering the transport. On the contrary, my last Amended 370 Order filed February 8, 2023, specifically states that "the defendant **may not** be returned from OSH absent an order from the committing court. The committing court may issue an order allowing transport upon receipt of a current progress report as contemplated by ORS 161.371..." Mr. Vasques-Hernandez is facing six counts of Attempted Murder in the First Degree and Arson in the First Degree.

I trust that this will not happen again. Future attempts of this nature may result in a contempt of court action. Thank you for your attention to this matter.

Sincerely,

*[signature]*

Audrey J Broyles
Marion County Circuit Court Judge

Exhibit 3 to Declaration of Derek Wehr
Page 1 of 1

RECEIVED BY:
FILED
DATE: 1/27/23
Verified Correct Copy of Original 1/27/2023

STATE OF OREGON
Marion County Circuit Courts
JAN 27 2023
FILED

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MARION**

| | | |
|---|---|---|
| STATE OF OREGON<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CHASE DAVID COOLEY<br><br>　　　　　Defendant.<br><br>DOB: 3/21/2002 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO: 20CR59013/21CR59136<br><br>DA NO: 21-12483-PV/21-12465-A<br>**AMENDED**<br>**ORDER FINDING THE DEFENDANT**<br>**UNFIT TO PROCEED AND COMMIT TO**<br>**TO OSH (ORS 161.370)** |

**The Court, upon receipt of a 30 Day Notice of End of OSH Jurisdiction Pursuant to Federal Court Order, has conducted a review of the file and court records specific to Defendant, and submits the following amended order:**

This matter came before the Court for a determination of Defendant's fitness to proceed pursuant to ORS 161.370.

The Court finds that Defendant is charged with the following offenses (listed in order of seriousness by crime classification):

| Crime Name: | Crime ORS#: | Felony/Misd/Viol: | Maximum Sentence: | Booking Date: |
|---|---|---|---|---|
| Burglary I | 164.225 | Felony/A | 20 years | 1/05/22 |
| Interfe… Report | 165.572 | Misdemeanor/A | 364 days | 1/05/22 |
| Harassment | 166.065 | Misdemeanor/B | 180 days | 1/05/22 |
| Harassment PV | 166.065 | Misdemeanor/B | 180 days | 1/05/22 |

Based on the Court's review and consideration of *(check all that apply)*:

☒ The report filed under ORS 161.365 by a certified evaluator Dr. Stover, dated January 25, 2022;
☒ Recommendation from the community mental health program (CMHP);
☐ Information from the local entity that would be responsible for community treatment;
☐ The Court's inquiry and observation of Defendant at the hearing;
☐ The defense counsel's representation;
☐ Witness testimony from State's witnesses: _____;
☐ Witness testimony from Defendant's witnesses: _____;
☐ The parties' stipulation that Defendant is not fit to proceed;
☒ Other information provided:

**THE COURT, being fully informed, FINDS:**

1. The Defendant is not fit to proceed;

_Verified Correct Copy of Original 1/27/2023._

2. ☒ The most serious offense in the charging instrument is a FELONY. Defendant, who is at least 18 years old, requires a hospital-level-of-care due to: (a) public safety concerns; **or** (b) the acuity of symptoms of Defendant's qualifying mental disorder; **and** (c) that the appropriate community restoration services are not present and available in the community.

3. ☐ The most serious offense in the charging instrument is a MISDEMEANOR *(check one)*

   ☒ The court received: (a) a recommendation from a certified evaluator that Defendant requires a hospital-level-of-care due to the acuity of symptoms of Defendant's qualifying mental disorder; **and** (b) a recommendation from the CMHP that appropriate community restoration services are not present and available in the community for Defendant; **or**

   ☐ The court finds that Defendant: (a) requires a hospital-level-of-care due to the acuity of symptoms of Defendant's qualifying mental disorder; (b) there are public safety concerns; **and** (c) appropriate community restoration services are not present and available in the community.
   ☐ Case is connected to a Felony

It is therefore **ORDERED**:

1. The criminal proceeding against Defendant, in the aforementioned matter, is suspended.

2. Defendant is committed to the custody of the Superintendent of the Oregon State Hospital (OSH).

3. Transportation: *(check one)*

   ☒ The Sheriff's Office/Department in the committing jurisdiction shall **transport** Defendant from the jail to OSH in Salem, Oregon, **Oregon State Hospital shall admit defendant to OSH by September 6, 2022**. The Defendant may not be returned from OSH absent an order from the committing court. The committing court may issue an order allowing transport upon receipt of a current progress report, as contemplated by ORS 161.371, detailing the defendant's fitness to proceed, amenability to community restoration and necessity for a hospital level of care given existing public safety concerns. The court may set a hearing upon receipt of said report or at the request of either party.

   ☐ Defendant shall **voluntarily appear** at OSH in Salem, Oregon at the date, time and location to be determined by OSH. The Sheriff's Office/Department shall **transport** Defendant from OSH to jail upon notification from OSH.

4. Defendant is committed to OSH for a maximum period of time, not to exceed:

   ☒ 3 years (if charges are Felony C, B, or A);
   ☐ 1 year (Misdemeanor); or
   ☐ Other _____(maximum of all pending charges; but cannot exceed 3 years).

5. The effective date for calculating this legal status is *(mark one)*:

   ☐ The charging instrument includes a charge for Aggravated Murder or a crime listed in ORS 137.700(2). OSH shall calculate Defendant's maximum commitment to OSH from the date of this Order; or

   ☒ The charging instrument **does not** include a charge of Aggravated Murder or a crime listed in ORS 137.700(2). OSH shall calculate Defendant's maximum commitment to OSH based on the

Defendant's booking/arrest date, giving credit for each day Defendant is held in jail both before and after Defendant's commitment under this Order.

6. Disclosure of Records:

   a. Medical Providers: Any public bodies and private medical providers, in possession of records concerning Defendant shall release those records to OSH for the purpose of, and use in, Defendant's fitness to proceed. These documents shall be provided to OSH within **5 business days** of receipt of this Order. The Oregon Youth Authority, the Department of Corrections, a community college district or service district, a public university, a school or education service district must, after notifying OSH, provide the requested records within 15 business days of receipt of this Order unless good cause exists.

   b. ☒ *(Optional; check if applies)* Substance Use Treatment Records: To the extent any information or records described in subsection 6(a) of this Order relate to a substance use disorder diagnosis or treatment, as defined in 42 C.F.R. Part 2, ORS 430.399(6) and ORS 430.475(2), the court finds that: (i) disclosure is not for the purpose of criminal investigation and prosecution; (ii) the information or records shall be used solely for the purpose of evaluating Defendant's fitness to proceed; (iii) other ways of obtaining the information are not available or would not be effective; and (iv) the public interest in and need for disclosure outweigh the potential injury to Defendant's relationship with treatment providers. The court orders any public bodies and private providers to disclose to OSH the minimally necessary records and information that is essential to fulfill the objectives of this Order.

   c. Parties and Sheriff's Office/Department: The District Attorney, defense attorney, and Sheriff's Office/Department shall provide all non-privileged pertinent information about Defendant to OSH within **5 business days** of this Order.

   d. Disclosure to Defense Counsel:

      (i) The OSH certified forensic evaluator, who issued the report pursuant to ORS 161.365 or ORS 161.370, may disclose Defendant's information protected under state and federal privacy laws to defense counsel pursuant to this Order.

      (ii) Upon written request to the OSH Records Custodian, OSH may disclose to defense counsel Defendant's designated medical record or protected health information. Nothing in this Order permits disclosure of Defendant's patient records and information, otherwise prohibited by law, to the State or any other entity or individual not specified in this Order.

### NOTICE OF FIREARMS PROHIBITION

The court has found that Defendant is not able to assist their lawyer represent them in their criminal case. As a result, federal law prohibits Defendant from having or buying firearms (guns or ammunition). The Oregon Judicial Department is required to report to the Oregon State Police that this firearms restriction applies to Defendant.

Further proceedings are set on 1/31/23 at 4:00

DATED: _1-27-2023_                          _[signature]_
                                             Circuit Court Judge

Defense Attorney                             Deputy District Attorney

Page 3 of 13 (6/2021)   Original to: Court / Copies to: Jail/OSH/Defendant/Defense Attorney/District Attorney/Judge

Exhibit 4 to Declaration of Derek Wehr
Page 3 of 3