Thomas R. Johnson, OSB #010645
Tom.Johnson@stoel.com
Alex Van Rysselberghe, OSB #174836
Alex.VanRysselberghe@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

Eric J. Neiman, OSB #823513
Eric.Neiman@lewisbrisbois.com
Emma P. Pelkey, OSB #144029
Emma.Pelkey@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON; METROPOLITAN PUBLIC DEFENDERS INCORPORATED; and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK ALLEN, in his official capacity as Director of Oregon Health Authority; and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants,<br><br>and<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY | Case No.: 3:02-cv-00339-MO (Lead Case)<br><br>**PLAINTIFFS LEGACY EMANUEL HOSPITAL & HEALTH CENTER D/B/A UNITY CENTER FOR BEHAVIORAL HEALTH, LEGACY HEALTH SYSTEM, PEACEHEALTH, PROVIDENCE HEALTH & SERVICES – OREGON, AND ST. CHARLES HEALTH SYSTEM'S MOTION FOR RECONSIDERATION OF THE MAY 25, 2023 OPINION AND ORDER AND TO VACATE THE MAY 30, 2023 JUDGMENT**<br><br>ORAL ARGUMENT REQUESTED |

Page 1 – MOTION FOR RECONSIDERATION AND TO VACATE THE JUDGMENT

| | |
|---|---|
| HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES – OREGON,<br><br>    Intervenors. | |
| JAROD BOWMAN; and JOSHAWN DOUGLAS SIMPSON,<br><br>    Plaintiffs,<br><br>v.<br><br>DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity; PATRICK ALLEN, Director of the Oregon Health Authority, in his individual and official capacity,<br><br>    Defendants,<br><br>and<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES – OREGON,<br><br>    Intervenors. | Case No.: 3:21-cv-01637-MO (Member Case) |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; PROVIDENCE HEALTH & SERVICES – OREGON; and ST. CHARLES HEALTH SYSTEM,<br><br>    Plaintiffs,<br><br>v.<br><br>PATRICK ALLEN, in his official capacity as Director of Oregon Health Authority,<br><br>    Defendant. | Case No.: 6:22-cv-01460-MO (Member Case) |

Page 2 – MOTION FOR RECONSIDERATION AND TO VACATE THE JUDGMENT

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, counsel for Plaintiffs Legacy Emanuel Hospital & Health Center d/b/a Unity Center for Behavioral Health, Legacy Health System, PeaceHealth, Providence Health & Services – Oregon, and St. Charles Health System certify they have conferred in good faith with counsel for Defendant and amici Disability Rights Oregon via phone and email. Defendant and Disability Rights Oregon oppose this motion.

## MOTION

Under Federal Rules of Civil Procedure 59(e) and 60(b) and this Court's inherent authority, Plaintiffs move the Court to (1) reconsider its May 25, 2023 Opinion and Order ("Op.") dismissing Plaintiffs' claims with prejudice (3:02-cv-00339-MO, ECF 395; 6:22-cv-1460-MO, ECF ("Doc.") 88); (2) vacate the May 30, 2023 Judgment (Doc. 90); and (3) dismiss Plaintiffs' claims without prejudice and with leave to amend.[1]

## MEMORANDUM OF LAW

### I.   INTRODUCTION

The Court dismissed Plaintiffs' complaint with prejudice for lack of Article III standing. "[D]ismissals for lack of Article III jurisdiction must be entered without prejudice because a court that lacks jurisdiction 'is powerless to reach the merits.'" *Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (quoting *Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106–07 (9th Cir. 2006)). A judgment is void "if the court that rendered judgment lacked jurisdiction of the subject matter." *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).

---

[1] Plaintiffs reserve their rights to later move for reconsideration of the part of the Opinion and Order changing Plaintiffs' status from intervenors to amici in *Disability Rights Oregon v. Allen*, 3:02-cv-00339-MO and *Bowman v. Matteucci*, 3:21-cv-01637-MO.

Page 3 – MOTION FOR RECONSIDERATION AND TO VACATE THE JUDGMENT

The Court did not give Plaintiffs an opportunity to amend their complaint to address any deficiencies. "It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). OHA itself did not even attempt to make the requisite showing, but the Court nevertheless dismissed Plaintiffs' complaint with prejudice on the ground that "the issue of voluntary participation" in OHA's certification process for urgent treatment of civilly committed patients "cannot be cured." Op. at 8. Plaintiffs respectfully disagree with the Court's reasoning on this point.

Regardless, as demonstrated below and in Plaintiffs' proposed Second Amended Complaint, Plaintiffs can address this perceived deficiency by alleging facts showing the same injuries that Plaintiffs have already alleged will occur regardless of whether Plaintiffs are certified by OHA to treat civilly committed patients. Declaration of Alex Van Rysselberghe ("Van Rysselberghe Decl."), Exhibit 1 (proposed Second Amended Complaint). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Specifically, Plaintiffs' Second Amended Complaint alleges that even if Plaintiffs stopped applying for certification to provide acute care treatment to civilly committed patients, Plaintiffs would nonetheless be required to provide long-term care to civilly committed patients in inappropriate care environments. Plaintiffs collectively provided almost 60% of the psychiatric inpatient patient beds in Oregon. If Plaintiffs were no longer certified to provide acute care services to civilly committed patients, there would be a massive shortage of beds and civilly committed patients would instead languish in Plaintiffs emergency rooms and inpatient

beds. Further, if Plaintiffs discharged civilly committed patients with nowhere to go, as OHA has suggested, Plaintiffs would violate federal and state laws and ethical rules that may subject them to fines and jeopardize their licensure.

Plaintiffs respectfully request that the Court reconsider its May 25, 2023, Opinion and Order, vacate the May 30, 2023, judgment, and dismiss Plaintiffs' complaint without prejudice and with leave to amend.

## II.  BACKGROUND

Plaintiffs filed their original Complaint on September 28, 2022. Doc. 1. After Plaintiffs filed their First Amended Complaint ("FAC"), Doc. 28, OHA moved to dismiss the FAC, arguing (among other things) that Plaintiffs lacked Article III standing. Doc. 30.

Plaintiffs' opposition to OHA's motion to dismiss requested leave to amend if the Court found "necessary allegations are lacking from Plaintiffs' Amended Complaint." Doc. 41 at 13. At the hearing on OHA's motion to dismiss, Plaintiffs noted that certain details about their regulatory and ethical obligations were relevant to establishing the involuntary nature of their injury but were not presently alleged in the First Amended Complaint. *See, e.g.*, April 25, 2023 Transcript (3:02-cv-00339-MO, ECF 379) at 18–22, 24–25, 33–40. Plaintiffs also explained that, if they declined certification in the future, they ultimately would be unable to transfer civilly committed patients out of their hospitals:

> THE COURT:  [H]aven't you just told me that you could avoid this harm by just getting out of this game entirely and punting it to somebody else? I know you have told me your clients don't want to do that -- God bless them for that -- but couldn't they get out of this game entirely and punt the problem to somebody else and avoid the harm you're suffering as alleged in the complaint?
>
> MR. NEIMAN:  I don't think they could, Your Honor, because --
>
> THE COURT:  Why not?

Page 5 – MOTION FOR RECONSIDERATION AND TO VACATE THE JUDGMENT

MR. NEIMAN: There isn't anywhere else to send the patients.

*Id.* at 37–39.

OHA did not respond to these points. Nevertheless, the Court found Plaintiffs could avoid "keep[ing] civilly committed patients for long-term stays" simply by "choos[ing] not to participate in the application process to treat such patients." Op. at 6. And because the Court found "the issue of voluntary participation cannot be cured," the Court dismissed Plaintiffs' claims with prejudice. *Id*. at 8.

### III.   LEGAL STANDARD

A party may seek reconsideration of a prior order or judgment under Federal Rules of Civil Procedure 59(e) or 60(b) or the court's inherent authority to reconsider its own decisions. Federal Rule of Civil Procedure 59(e) allows a party to move to "alter or amend a judgment … no later than 28 days after the entry of the judgment." Federal Rule of Civil Procedure 60(b) allows a party to seek "relief from a final judgment [or] order," and the Court may relieve a party from a final judgment or order because of "mistake," "the judgment is void," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (4), (6). A judgment is "void" under Rule 60(b)(4) where the "the court that considered it lacked jurisdiction of the subject matter." *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985) (quoting Vol. 11, Wright and Miller, *Federal Practice and Procedure* at 198, 200).

Reconsideration is appropriate when a district court "committed clear error or the initial decision was manifestly unjust." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

/ / /

/ / /

IV.   **ARGUMENT**

Plaintiffs respectfully request that this Court reconsider its dismissal of Plaintiffs' FAC with prejudice. Dismissals for lack of Article III jurisdiction must be without prejudice. Moreover, Ninth Circuit case law requires that Plaintiffs be given at least one chance to amend their complaint, and Plaintiffs Proposed Second Amended Complaint establishes Plaintiffs' standing to bring their claims.

A.   **Dismissals for lack of Article III jurisdiction must be without prejudice.**

Article III standing is a "threshold jurisdictional question." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). "[D]ismissals for lack of Article III jurisdiction *must be entered without prejudice* because a court that lacks jurisdiction 'is powerless to reach the merits.'" *Barke*, 25 F.4th at 721 (emphasis added) (quoting *Fleck & Assocs.*, 471 F.3d at 1106–07); *see Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (dismissal "with prejudice" is "shorthand for 'an adjudication upon the merits'").

Because the Court did not have jurisdiction to dismiss Plaintiffs' claims with prejudice, the judgment is void and must be vacated. *In re Center Wholesale*, 759 F.2d at 1448; *Watts*, 752 F.2d at 409.

B.   **Plaintiffs are entitled to an opportunity to amend their complaint.**

For at least the past 60 years, the Ninth Circuit Court of Appeals has held that district courts "must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile"—even if plaintiffs do not request it. *Cegavske*, 800 F.3d at 1041; *see, e.g.*, generally *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (explaining that it is the policy in the Ninth Circuit to give leave to amend "freely" and "with extreme liberality"); *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015)

Page 7 – MOTION FOR RECONSIDERATION AND TO VACATE THE JUDGMENT

(explaining that a plaintiff need not expressly ask for leave to amend to be entitled to the presumption that leave to amend should be granted); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (same); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (same); *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962) (same).

OHA itself made no attempt to demonstrate amendment would be futile and precluding Plaintiffs from filing an amended complaint constitutes clear error and manifest injustice. This is especially true with standing, where courts are generally encouraged to afford plaintiffs opportunities to supplement the record if standing may be lacking. *See, e.g.*, *Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254, 270–71 (2015) ("elementary principles of procedural fairness required that the District Court, rather than acting *sua sponte*, give the [plaintiff] an opportunity to provide evidence of member residence [to establish associational standing]").

The Court dismissed Plaintiffs' claims with prejudice based on its view that "the issue of voluntary participation cannot be cured." Op. at 8. Plaintiffs intend to, and can, amend their complaint to address any deficiency mentioned in this Court's Opinion and Order. Under the authorities cited for the first time in the Opinion and Order, a plaintiff does not "cause[] its own injury" where it shows that it "would remain worse off" by pursuing the alternative courses of action proposed by the opposing party. *Skyline Wesleyan Church v. California Dep't of Managed Health Care*, 968 F.3d 738, 748–49 (9th Cir. 2020); *see also Jackson v. California Dep't of Mental Health*, 399 F.3d 1069, 1074–75 (9th Cir. 2005) (holding that the plaintiff's commitment was self-inflicted because the plaintiff had voluntarily committed himself, but noting that the injury might not be considered self-inflicted had the plaintiff shown that alternative conduct would have caused the same result or caused him "some hardship").

Page 8 – MOTION FOR RECONSIDERATION AND TO VACATE THE JUDGMENT

Plaintiffs' proposed Second Amended Complaint alleges that alternative courses of action will result in the same injury that Plaintiffs have already alleged. *See generally* Van Rysselberghe Decl., Ex. 1 at ¶¶ 29–52. Plaintiffs will explain, for example, what will happen if Plaintiffs' hospitals declined to seek certification to treat civilly committed patients. *Id.* at ¶¶ 43–46. If Plaintiffs declined certification, civil commitment patients would still remain in Plaintiffs' hospitals—except that more patients may be left in emergency rooms and inpatient beds rather than acute care psychiatric beds. *Id.* at ¶¶ 33–39, 42–46.

This is because Plaintiffs make up Oregon's four largest health systems and, together, care for the majority of civil commitment patients who are located in acute care hospitals. *Id.* at ¶ 44. In total, Plaintiffs' 267 beds make up 57% of the 460 certified beds in Oregon. *Id.* As such, there would be insufficient capacity in the remaining certified Oregon hospitals (providing approximately 193 beds) to take and provide acute care for the civil commitment patients that would no longer receive certified treatment from Plaintiffs. *Id.* at ¶¶ 43–44. If this happened, Plaintiffs would inevitably end up providing care for civil commitment patients anyway, despite declining certification. *Id.* at ¶¶ 33–39, 42–46.

Plaintiffs will also provide more specific allegations establishing how civil commitment patients end up at Plaintiffs' hospitals (and how, under OHA's practices, some of those patients inevitably will be left in Plaintiffs' beds for long lengths of stays), and how, given their existence as major hospitals in this state, they will serve the civilly-committed population because they have many of the most well-established emergency departments in Oregon, and certainly throughout the Portland metropolitan area. Most civilly committed patients that are cared for at Plaintiffs' hospitals were initially admitted to the hospitals through the emergency room. *Id.* at ¶¶ 33–39. These patients often come to Plaintiffs' hospitals through law enforcement, who

Page 9 – MOTION FOR RECONSIDERATION AND TO VACATE THE JUDGMENT

deliver individuals to the emergency departments when they are in acute distress. State and federal law requires Plaintiffs to accept all patients in their emergency rooms, regardless of whether the patients might later be civilly committed. *Id.* at ¶ 33. Once a patient who enters through the doors of the emergency room is civilly committed, Plaintiffs can transfer them to another hospital for treatment *only if* the other hospital both (1) is certified and (2) has available beds. *Id.* at ¶ 39. If there is no certified hospital to which the civilly committed patient can be transferred, the patient will remain indefinitely in the Plaintiffs' hospital, even if the hospital is not certified to treat civilly committed patients. *Id.* at ¶¶ 37–39, 42–44. All these additional allegations would establish that, even if Plaintiffs declined to seek certification to provide acute care for civilly committed patients, they would experience the same resulting injury, demonstrating that their injuries are not "purely self-inflicted."

Plaintiffs will also allege what would happen to them if they were to—as OHA has suggested—mitigate deprivation of their property by discharging civilly committed patients to the street. Plaintiffs cannot just discharge civilly committed patients. Plaintiffs must adhere to several ethical, state, and federal regulations and obligations to maintain licensure and avoid fines. *Id.* at ¶¶ 41–42. Discharging civilly committed patients to the street while they are a danger to themselves or others or are unable to care for their basic needs would jeopardize Plaintiffs' licensures and ability to conduct business, harm their reputation, and subject them to fines or loss of funding. *Id.* at ¶ 42. As a result, if Plaintiffs no longer were licensed to provide acute care services to civilly committed patients, there would be nowhere to send those patients, and they would simply be left in other parts of the hospital.

The above allegations are sufficient to establish both injury and traceability to OHA. *See Skyline Wesleyan Church*, 968 F.3d at 748–49 (holding that traceability is established where the

plaintiff shows that its chosen course of action results in injury and that alternative courses of injury would result in the same injury or otherwise leave it worse off); *Darring v. Kincheloe*, 783 F.2d 874, 877 (9th Cir. 1985) ("A threatened injury may be justiciable."); *see also Barnum Timber Co. v. U.S. E.P.A.*, 633 F.3d 894, 898 (9th Cir. 2011) (both permanent and temporary takings of property constitute an injury); *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 797–98 (9th Cir. 2001) (threatened loss of business licensure is sufficient to constitute a concrete injury for purposes of Article III standing); *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (injuries to reputation may constitute an injury sufficient for Article III standing); *Organized Village of Kake v. U.S. Dept. of Agriculture*, 795 F.3d 956, 965 (9th Cir. 2015) (holding that "loss of funds promised under federal law . . . satisfies Article III's standing requirement").

That some alternative harms may stem partly from entities other than OHA (e.g., loss of Medicare funding as a penalty for violating EMTALA) does not negate traceability. As the Ninth Circuit explained in *Skyline Wesleyan Church* and *Mendia v. Garcia*, 768 F.3d 1009, 1012–13 (9th Cir. 2014), traceability is not so stringent that it "require[s] the defendant's action to be the *sole* source of injury." 968 F.3d at 748 (emphasis added). "Causation may be found even if there are multiple links in the chain connecting the defendant's unlawful conduct to the plaintiff's injury[.]" *Mendia*, 768 F.3d at 1012–13. There is "no requirement that the defendant's conduct comprise the last link the chain." *Id.* Indeed, it is these other laws that enable OHA to outsource its responsibility to community hospitals—OHA knows that the hospitals cannot discharge the patients, and as a result it can just leave the patients at the hospitals instead of meeting its legal and constitutional duties to provide appropriate care for the patients.

Page 11 – MOTION FOR RECONSIDERATION AND TO VACATE THE JUDGMENT

Allowing Plaintiffs to replead raises no concerns under Federal Rule of Civil Procedure 15. When determining whether to grant leave to amend, courts consider factors like any prejudice to the opposing party, futility of the amendment, undue delay, and bad faith or dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of those concerns exist here. Most importantly, OHA will suffer no prejudice. *See Eminence Capital*, 316 F.3d at 1052 ("Not all of the factors merit equal weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight."). Further, the amendment would not be futile, as explained above. *Id.* (quoting *Foman*, 371 U.S. at 182). The amendment will not cause undue delay. *Id.* And Plaintiffs do not seek the amendment with bad faith or dilatory motive. *Id.*

In short, letting Plaintiffs replead in this case is consistent with the Ninth Circuit's policy of "freely" allowing amendment with "extreme liberality." *Id.* at 1051 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).[2]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] In the Second Amended Complaint, Plaintiffs will also address any deficiencies regarding their third-party standing to bring claims on behalf of civilly committed patients in their care.

Page 12 – MOTION FOR RECONSIDERATION AND TO VACATE THE JUDGMENT

## V. CONCLUSION

Plaintiffs respectfully request that the Court reconsider its opinion and order, vacate the judgment, and dismiss Plaintiffs' claims without prejudice and with leave to amend.

DATED: June 26, 2023

Respectfully submitted,

STOEL RIVES LLP

/s/ Thomas R. Johnson
Thomas R. Johnson, OSB #010645
tom.johnson@stoel.com
Alex Van Rysselberghe, OSB #174836
alex.vanrysselberghe@stoel.com

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Eric J. Neiman
Eric J. Neiman, OSB #823513
Eric.Neiman@lewisbrisbois.com
Emma P. Pelkey, OSB #144029
Emma.Pelkey@lewisbrisbois.com

*Attorneys for Plaintiffs*