**Eric J. Neiman, OSB #823513**
eneiman@ebglaw.com
**Emma P. Pelkey, OSB #144029**
epelkey@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
1050 SW 6th Avenue, Suite 1530
Portland, OR  97204
Telephone:  503.343.6475

**Thomas R. Johnson, OSB #010645**
Tom.Johnson@stoel.com
**Alex Van Rysselberghe, OSB #174836**
Alex.VanRysselberghe@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

*Attorneys for Plaintiffs*

Hon. Adrienne Nelson

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON; METROPOLITAN PUBLIC DEFENDERS INCORPORATED; and A.J. MADISON,<br><br>  Plaintiffs,<br><br>v.<br><br>SEJAL HATHI, in her official capacity as Director of Oregon Health Authority; and SARA WALKER, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>  Defendants,<br><br>and | Case No.:  3:02-cv-00339-AN (Lead Case)<br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
Page 1

EPSTEIN BECKER & GREEN, P.C.
1050 SW 6th Ave., Ste. 1530
Portland, Oregon 97204
Telephone: 503.334.6475 • Fax: 503.343.6476

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Phone: 503.224.3380 • Fax: 1.503.220.2480

| | |
|---|---|
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES – OREGON,<br><br>            Intervenors. | |
| JAROD BOWMAN; and JOSHAWN DOUGLAS SIMPSON,<br><br>            Plaintiffs,<br><br>v.<br><br>SARA WALKER, Superintendent of the Oregon State Hospital, in her individual and official capacity; SEJAL HATHI, Director of the Oregon Health Authority, in her individual and official capacity,<br><br>            Defendants,<br><br>and<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES – OREGON,<br><br>            Intervenors. | Case No.: 3:21-cv-01637-AN (Member Case) |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; PROVIDENCE HEALTH & SERVICES – OREGON; and ST. CHARLES HEALTH SYSTEM,<br><br>            Plaintiffs,<br><br>v. | Case No.: 6:22-cv-01460-AN (Member Case) |

UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
Page 2

EPSTEIN BECKER & GREEN, P.C.
1050 SW 6th Ave., Ste. 1530
Portland, Oregon 97204
Telephone: 503.334.6475 • Fax: 503.343.6476

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Phone: 503.224.3380 • Fax: 1.503.220.2480

SEJAL HATHI, in her official capacity as
Director of Oregon Health Authority,

        Defendant.

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a) and Rule 15(a)(2) of the Federal Rules of Civil Procedure, counsel for Plaintiffs Legacy Emanuel Hospital & Health Center d/b/a Unity Center for Behavioral Health, Legacy Health System, PeaceHealth, Providence Health & Services – Oregon, and St. Charles Health System (hereinafter, "Plaintiffs") certify that they made a good faith effort to confer via video conference and email with counsel for Defendant Sejal Hathi, MD, in her official capacity as director of the Oregon Health Authority (hereinafter, "OHA"). Plaintiffs certify that OHA does not oppose this motion. As shown in Exhibit 1, counsel for OHA provided written consent for Plaintiffs to file a Second Amended Complaint.[1]

## UNOPPOSED MOTION

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rule 15, Plaintiffs respectfully apply to the Court for leave to file a Second Amended Complaint, a copy of which is attached to this motion as Exhibit 2. A redline showing the differences between the operative Complaint and the proposed Second Amended Complaint is attached as Exhibit 3.

The proposed changes include the following: (1) revising, updating, and reorganizing the introduction, factual allegations, and allegations in support of the claims for relief, (2) clarifying why Plaintiffs have third-party standing, (3) separating the due process claims, (4) adding claims for relief based on violations of Section 1557 of the Patient Protection and Affordable Care Act, Section 504 of the Rehabilitation Act, and Title II of the Americans with Disabilities Act, and (5) removing the request for nominal damages.

---

[1] Pursuant to Local Rule 15-1(b) and Rule 15(a)(2) of the Federal Rules of Civil Procedure, this unopposed motion is supported by the exhibits in the declaration of Eric J. Neiman.

## MEMORANDUM OF LAW

### I. INTRODUCTION

Plaintiffs respectfully request that the Court grant this unopposed motion for leave to file a Second Amended Complaint. As shown in Exhibit 1, OHA does not oppose Plaintiffs' motion to file a Second Amended Complaint and provided written consent to file it. Accordingly, because OHA consents to Plaintiffs filing the Second Amended Complaint, the interests of justice will be served by granting leave to amend, and all factors weigh in favor of granting leave to amend under the liberal standard of Rule 15, Plaintiffs' unopposed motion should be granted.

### II. BACKGROUND

Plaintiffs filed their original Complaint on September 28, 2022. Doc. 1. Plaintiffs then filed a First Amended Complaint to add St. Charles Health System as a Plaintiff and made no other substantive changes. Doc. 28. Following that, OHA moved to dismiss the First Amended Complaint, arguing (among other things) that Plaintiffs lacked Article III standing. Doc. 30. On May 25, 2023, this Court granted OHA's motion to dismiss, Doc. 88, and denied Plaintiffs' motion for reconsideration, Doc. 101, at which point Plaintiffs appealed. Doc. 103.

The case made its way through the appeal process over the next year and was argued before the Ninth Circuit on May 8, 2024. The Ninth Circuit issued its ruling on June 5, 2024, and reversed on the issue of Article III standing, and vacated the judgment on the issue of third-party standing and remanded for further reconsideration. Doc. 105.

The case was reopened on July 15, 2024. Doc. 108. That day, counsel for Plaintiffs met with counsel for OHA, and Plaintiffs' counsel advised that Plaintiffs would be seeking leave to file an amended Complaint. On August 27, 2024, counsel for Plaintiffs provided counsel for OHA a copy of the draft Second Amended Complaint, along with a redline the following day.

Following that, OHA retained outside counsel. Plaintiffs' counsel conferred with OHA's outside counsel about the proposed Second Amended Complaint on September 19, 2024, and

UNOPPOSED MOTION FOR
LEAVE TO FILE SECOND
AMENDED COMPLAINT
Page 4

EPSTEIN BECKER & GREEN, P.C.
1050 SW 6th Ave., Ste. 1530
Portland, Oregon 97204
Telephone: 503.334.6475 • Fax:
503.343.6476

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Phone: 503.224.3380 • Fax: 1.503.220.2480

provided a redline and clean version of the draft. Counsel for OHA confirmed that they consent to the filing of the Second Amended Complaint and noted that they plan to file a motion to dismiss after it is filed and will propose a briefing schedule. *See* Exhibit 1.

The proposed changes to the operative Complaint include: (1) revising, updating, and reorganizing the introduction, factual allegations, and allegations in support of the claims for relief, (2) clarifying why Plaintiffs have third-party standing, (3) separating the due process claims, (4) adding claims based on violations of Section 1557 of the Patient Protection and Affordable Care Act, Section 504 of the Rehabilitation Act, and Title II of the Americans with Disabilities Act, and (5) removing the request for nominal damages. The proposed Second Amended Complaint is attached as Exhibit 2, and a redline is attached as Exhibit 3, which shows how it differs from the operative Complaint.

### III.  ARGUMENT

#### A.  The Court Should Grant Leave to Amend Because OHA Consents and Justice Requires It.

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its complaint "with the opposing party's written consent or the court's leave," and provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The standard for granting leave to amend is generous." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (internal quotation marks and citation omitted). The Ninth Circuit has made clear that the policy favoring amendment is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Here, Plaintiffs should be permitted to amend their Complaint because they have conferred with OHA, which has provided written consent for Plaintiffs to file their proposed Second Amended Complaint. *See* Exhibit 1. Additionally, the interests of justice will be served

by granting leave to amend. The Court previously precluded Plaintiffs from amending their Complaint by dismissing their claims with prejudice and denying leave to amend. *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015) ("It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile.") (citing *Eminence Cap.*, 316 F.3d at 1052) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment.")). Plaintiffs are entitled to an opportunity to amend their Complaint and should be permitted to do so here given that the request is unopposed, and leave should be freely given when justice so requires it, as it does here.

### B.     All Factors Weigh in Favor of Granting Plaintiffs' Unopposed Motion.

Courts consider five factors when determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). In conducting this analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, for each of the factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Strong evidence must exist to justify declining leave to amend. *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

Here, all five factors weigh in Plaintiffs' favor of granting leave to amend. First, there is no evidence of bad faith on Plaintiffs' part. Plaintiffs have at all times acted in good faith. *Compare with Wizards of the Coast LLC v. Cryptozoic Entertainment, LLC*, 309 F.R.D. 645, 651 (W.D. Wash. Aug. 4, 2015) (noting that "[i]n the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt."); *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir.2003) (in other contexts, "bad faith"

means "the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . [I]t contemplates a state of mind affirmatively operating with furtive design or ill will.").

Second, there is no evidence of undue delay. The case was recently reinstated in this Court after being dismissed. Plaintiffs' counsel conferred with OHA's counsel the day the case was reopened and informed them of Plaintiffs' plan to file a Second Amended Complaint. Since that time, OHA's counsel has confirmed they do not oppose this motion, and the parties have been working together to develop an efficient briefing schedule.

Third, OHA will not be prejudiced by the filing of the Second Amended Complaint. Notably, it is the consideration of prejudice that carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052. Here, OHA has consented to Plaintiffs filing a Second Amended Complaint and does not oppose this motion, which means OHA will not be prejudiced. Moreover, there is no risk of prejudice because the case is still in its early stages and no discovery has been conducted.

Fourth, the amendment would not be futile. An amendment is futile "only if no set of facts can be proved under the amendment that would constitute a valid and sufficient claim." *Mahone v. Pierce County*, 2011 WL 2009740, at *2 (W.D. Wash. May 23, 2011) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)). "A party should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal." *Id.* (citing *Roth v. Garcia Marquez*, 942 F.2d 617, 629 (9th Cir.1991)). Here, the allegations in the Second Amended Complaint make clear that granting leave to amend would not be futile.

Finally, Plaintiffs have not previously amended their complaint to make substantive changes. The only amendment to date was to add St. Charles Health System as a plaintiff. This factor, therefore, also favors amendment.

In short, leave to amend is appropriate under the liberal standard of Rule 15. All five factors favor amendment, including the most important factor of all: prejudice. Given that the

UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
Page 7

EPSTEIN BECKER & GREEN, P.C.
1050 SW 6th Ave., Ste. 1530
Portland, Oregon 97204
Telephone: 503.334.6475 • Fax: 503.343.6476

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Phone: 503.224.3380 • Fax: 1.503.220.2480

liberal standard of Rule 15 is met, and the motion is unopposed, Plaintiffs' request for leave to file a Second Amended Complaint should be granted.

## IV. CONCLUSION

For the reasons discussed, Plaintiffs respectfully request that the Court grant Plaintiffs' unopposed motion for leave to file a Second Amended Complaint.

DATED: October 1, 2024  EPSTEIN BECKER & GREEN, P.C.

*s/ Eric J. Neiman, OSB No. 823513*
Eric J. Neiman, OSB No. 823513
Emma P. Pelkey, OSB No. 144029
ENeiman@ebglaw.com
EPelkey@ebglaw.com

STOEL RIVES LLP

*s/ Thomas R. Johnson, OSB No. 010645*
Thomas R. Johnson, OSB No. 010645
Alex Van Rysselberghe, OSB No. 174836
Tom.Johnson@stoel.com
Alex.VanRysselberghe@stoel.com

UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
Page 8

**EPSTEIN BECKER & GREEN, P.C.**
1050 SW 6th Ave., Ste. 1530
Portland, Oregon 97204
Telephone: 503.334.6475 • Fax: 503.343.6476

**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Phone: 503.224.3380 • Fax: 1.503.220.2480