ELLEN F. ROSENBLUM
Attorney General
CARLA A. SCOTT #054725
SHEILA H. POTTER #993485
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
SHAUNEE MORGAN #194256
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Carla.A.Scott@doj.oregon.gov
        Sheila.Potter@doj.oregon.gov
        Craig.M.Johnson@doj.oregon.gov
        Shaunee.Morgan@doj.oregon.gov

Attorneys for Defendants Patrick Allen, Sajel Hathi, Dolores Matteucci, and Sara Walker

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, | Case No.  3:02-cv-00339-AN (Lead Case)<br>Case No.  3:21-cv-01637-AN (Member Case)<br>Case No.  6:22-CV-01460-AN (Member Case) |
| Plaintiffs, | NOTICE OF INABILITY TO COMPLY WITH SECOND AMENDED ORDER TO IMPLEMENT NEUTRAL EXPERT'S RECOMMENDATIONS |
| v. | |
| SAJEL HATHI, in her official capacity as head of the Oregon Health Authority, and SARA WALKER in her official capacity as Interim Superintendent of the Oregon State Hospital, | |
| Defendants. | |
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON, | Case No.  3:21-cv-01637-AN (Member Case) |
| Plaintiffs, | |
| v. | |
| SARA WALKER, Interim Superintendent of the Oregon State Hospital, in her official | |

Page 1 -   NOTICE OF INABILITY TO COMPLY WITH SECOND AMENDED ORDER TO
            IMPLEMENT NEUTRAL EXPERT'S RECOMMENDATIONS

capacity, DOLORES MATTEUCCI, in her
individual capacity, SAJEL HATHI, Director
of the Oregon Health Authority, in her official
capacity, and PATRICK ALLEN in his
individual capacity,

        Defendants.

LEGACY EMANUEL HOSPITAL &
HEALTH CENTER d/b/a UNITY CENTER
FOR BEHAVIORAL HEALTH; LEGACY
HEALTH SYSTEM; PEACEHEALTH; and
PROVIDENCE HEALTH & SERVICES
OREGON,

        Plaintiffs,

   v.

SAJEL HATHI, in her official capacity as
Director of Oregon Health Authority,

        Defendant.

Case No.  6:22-CV-01460-AN (Member Case)

## NOTICE

Defendants hereby provide notice of its inability to comply with this Court's Second
Amended Order to Implement Neutral Expert's Recommendations (Second Amended Order)
issued on July 3, 2023, at ECF No. 416.  This inability to comply results from an order that
Marion County Circuit Court Judge Audrey Broyles issued on September 30, 2024.  Judge
Broyles' order purports to extend an Aid and Assist defendant's time at the Oregon State
Hospital (OSH) past the in-patient restoration limit period imposed by the Second Amended
Order.  Judge Broyles' order is attached as Exhibit 1 to the accompanying Declaration of
Carla Scott (Scott Decl.).[1]

## BACKGROUND AND ANALYSIS

On September 30, 2024, OSH discharged to Marion County an Aid and Assist
misdemeanant defendant pursuant to the Second Amended Order's time limits on inpatient

---

[1] The Declaration of Carla Scott is filed under seal pursuant to the Health Insurance
Portability and Accountability Act (HIPAA).

Page 2 -    NOTICE OF INABILITY TO COMPLY WITH SECOND AMENDED ORDER TO
           IMPLEMENT NEUTRAL EXPERT'S RECOMMENDATIONS
    CAS/a3m/976020023

restoration.  Scott Decl., Exhibit 2.  On this date, this defendant had a community restoration placement secured at an adult foster home.  *Id.*

On the same date as the discharge, Judge Broyles held a hearing and determined an adult foster home was not appropriate and instead stated that this defendant needed a residential treatment facility.  Scott Decl., Exhibit 1.  Judge Broyles then ordered that the defendant be returned to OSH for a 30-day discharge planning extension pursuant to Part IV of the Second Amended Order.  *Id.*

Based on Judge Broyles' order, the Marion County Sheriff's Office (MCSO) transported the defendant to OSH on September 30, 2024.  Scott Decl., Exhibit 2.  OSH had no practical choice but to re-admit him under the circumstances.  *Id.*  As a result, another person filled the defendant's place at the adult foster home and there is no other currently identified placement available for him.  *Id.*

Judge Broyles' order relies solely on Part IV of the Second Amended Order providing for a 30-day extension of the in-patient restoration limits in *limited* circumstances:

> **"IV. Discharge Planning Extension**
>
> Additional time at OSH for care coordination and discharge planning to promote and protect the health and safety of the public upon state court order for a maximum of 30 days beyond the timelines described in this order after opportunity for objection by defense will be available in limited circumstances, if, according to OSH, the individual cannot be placed immediately in an identified placement after a referral has been submitted to that placement, but reasonably expects to be placed within 30 days. The extension will be considered when OSH receives any such court order at least 5 business days prior to the expiration of the restoration time period . . . ."

ECF No. 416.

Defendants understand that Judge Broyles' extension order directly conflicts with the Second Amended Order in three respects:  (1) the Second Amended Order does not permit a 30-day discharge planning extension *after* discharge; (2) OSH must receive the extension order five business days before discharge, which did not occur; and (3) OSH must have determined that the individual could not be immediately placed, but that there is an identified

Page 3 -    NOTICE OF INABILITY TO COMPLY WITH SECOND AMENDED ORDER TO
             IMPLEMENT NEUTRAL EXPERT'S RECOMMENDATIONS
CAS/a3m/976020023

placement that is reasonably expected to be available within 30 days of the extension, neither of which is the case because the individual *could* have been immediately placed, and there was not another identified placement expected to become available. *See* Scott Decl., Exhibit 2.

Because Defendants understand that Judge Broyles' order directly conflicts with the Second Amended Order, they took the following steps to discharge the defendant:

- First, counsel for Defendants immediately notified the Neutral Expert and Plaintiffs in this case regarding Judge Broyles' order and its effect on Defendants' ability to comply with the Second Amended Order. Scott Decl., ¶ 3.

- Second, on October 2, 2024, Defendants' counsel attempted to file a motion for reconsideration in the underlying criminal cases asking Judge Broyles to reconsider her order, vacate it, and issue an order that would be consistent with the Second Amended Order.  Scott Decl., Exhibit 3.  Judge Broyles, however, caused that motion to be rejected for filing because OSH is not a "party" to the criminal case.  Scott Decl., Exhibit 4.  On October 3, 2024, Defendants followed that rejection with a letter to Judge Broyles, asking her to lodge the letter and the rejected filings in the official court record so that Defendants may make their record for appellate review.  Scott Decl., Exhibit 5.

- Third, on October 3, 2024, Defendants' counsel contacted Marion County Counsel by email asking that MCSO transport the defendant back to Marion County because Judge Broyles' order is in direct conflict with the Second Amended Order. In this email exchange, Defendants' counsel pointed out that this Court's court order dated September 11, 2023 (ECF No. 445) voids state court orders that impair or prevent discharges from OSH required by the Second Amended Order.  Scott Decl., Exhibit 6.  Marion County Counsel responded that "absent an order to do so we don't think we can ask the Sheriff to transport the

Page 4 -    NOTICE OF INABILITY TO COMPLY WITH SECOND AMENDED ORDER TO
            IMPLEMENT NEUTRAL EXPERT'S RECOMMENDATIONS
CAS/a3m/976020023

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

defendant from OSH.  If we receive an order from a higher state court or a federal court, we will have the Sheriff follow it.  We don't believe the Sheriff can transport from OSH without such an Order."  *Id.*

- Fourth, the Oregon Department of Justice is evaluating whether to file a mandamus petition to the Oregon Supreme Court regarding Judge Broyles' order and related actions.  Such an action will necessarily take time.

## CONCLUSION

For the reasons stated above, despite best efforts, Defendants are unable to discharge the defendant at issue in compliance with the Second Amended Order.

DATED October  4 , 2024.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


      *s/ Carla A. Scott*
CARLA A. SCOTT #054725
CRAIG M. JOHNSON #080902
SHEILA H. POTTER #993485
Senior Assistant Attorneys General
SHAUNEE MORGAN # 194256
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Carla.A.Scott@doj.oregon.gov
Sheila.Potter@doj.oregon.gov
Craig.M.Johnson@doj.oregon.gov
Shaunee.Morgan@doj.oregon.gov
Of Attorneys for Defendants

Page 5 -    NOTICE OF INABILITY TO COMPLY WITH SECOND AMENDED ORDER TO
        IMPLEMENT NEUTRAL EXPERT'S RECOMMENDATIONS
    CAS/a3m/976020023

                    Department of Justice
                    100 SW Market Street
                    Portland, OR 97201
                (971) 673-1880 / Fax: (971) 673-5000