**Juan C. Chavez, OSB No. 136428**
Oregon Justice Resource Center
PO Box 5248
Portland, Oregon 97208
Email: jchavez@ojrc.info
Telephone: 503-944-2270
Facsimile: 971-275-1839

**Michael Fuller, OSB No. 093570**
**Nate Haberman, OSB No. 225456**
Underdog Law Office

Of Attorneys for Mental Health Association of Portland

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEGACY EMANUEL HOSPITAL & HEALTH CENTER** *et al.* | Case No. 6:22-cv-01460-AN |
| Plaintiffs/Cross-Defendants | **MENTAL HEALTH ASSOCIATION OF PORTLAND'S MOTION TO INTEVENE** |
| vs | Oral Argument Requested |
| **SEJAL HATHI, MD** *et al.* | |
| Defendants | |

**MOTION TO INTERVENE** – Page 1 of 16

## TABLE OF CONTENTS

**LR 7-1 CERTIFICATION**................................................................3

**MOTION TO INTERVENE**............................................................3

**LEGAL MEMORANDUM** ...........................................................3

   **1. Introduction**................................................................................3

   **2. About MHAP** ...........................................................................4

   **3. Argument** ...............................................................................5

      **3.1   Intervention as a Right** .........................................6

         3.1.1  Timeliness ............................................................6

         3.1.2  Protectable Interest .............................................6

         3.1.3  Impair or Impede its Protected Interest .......................8

         3.1.4  Inadequate Representation by Both Parties ................9

      **3.2   Permissive Intervenor**.......................................11

         3.2.1  An Independent Ground for Jurisdiction ....................12

         3.2.2  Timeliness ..........................................................13

         3.2.3  Common Questions of Law and Fact............................13

         3.2.4  Additional Factors...............................................13

   **CONCLUSION** ......................................................................15

## LR 7-1 CERTIFICATION

Under LR 7-1, counsel for Mental Health Alliance of Portland ("MHAP") conferred with counsel for Plaintiffs and Defendants. Plaintiffs oppose this motion. Defendants take no position.

## MOTION TO INTERVENE

MHAP moves to intervene in this action as a plaintiff as a matter of right under FRCP 24(a), or permissively under FRCP 24(b). This Motion is supported by the pleading attached as Exhibit 1 setting out the claim for which intervention is sought, and the legal memorandum below.

## LEGAL MEMORANDUM

### 1. Introduction

Hospital Corporation Plaintiffs/Cross-Defendants in the original action, ECF 1, represent some of the largest hospitals in Oregon. As detailed in their Complaint, Hospital Corporation Plaintiffs/Cross-Defendants patients languish in a purgatorial state because of OHA Defendants' alleged intransigence in creating appropriate treatment space, and because of the conditions in Plaintiffs' hospitals.

Neither Hospital Corporation Plaintiffs/Cross-Defendants nor Defendants adequately address the needs of people with mental illness within the confines of this case. Hospital Corporation Plaintiffs/Cross-Defendants identify their primary injury as financial. Defendants have

**MOTION TO INTERVENE** – Page 3 of 16

been in contempt of multiple court orders to address the ongoing crisis of lack of mental health housing.

Proposed Plaintiff-Intervenor Mental Health Association of Portland ("MHAP") wishes to intervene to ensure that the outcome of this case reflects the best interests of the patients in either Parties' care.

MHAP's Complaint (attached as Exhibit 1) alleges that the Hospital Corporation Plaintiffs/Cross-Defendants and OHA Defendants have violated the rights of patients under both the Fourteenth Amendment and the Americans with Disabilities Act. They seek injunctive relief on both claims.

## 2.  About MHAP

MHAP provides two distinct services to its community: (a) advocacy on behalf of people with severe and persistent mental illness ("SPMI") in a variety of complex legal, political, and legislative campaigns; and (b) professional education for clinicians and attorneys about the welfare of people with SPMI.

Advocacy for the organization is closely guided by Board members, Advisors, and select supporters of the organization who have SPMI. MHAP's educational programming is designed by people with SPMI, and by professionals in the fields of practical social work, law enforcement, and forensic psychiatry. The organization maintains a

separate Education Planning Committee of professionals to assist in its programming.

Board members, Advisors, and Committee members are dependent on the success of both private and public hospitals in Oregon. For many of them, their lives depend on the medical services provided by the Plaintiff Hospital Corporations and Defendants to this action. The outcome of this matter is of grave importance personally and professionally for MHAP.

Separate and distinct from the other parties, MHAP would advocate for structural remedies to reduce the necessity of civil commitment, rather than expand the practice. Such structural remedies would include step-down facilities, respite homes, acute detoxification, secure residential treatment facilities, and transitional housing. Remedies could also include expansion and development of existing but severely limited programming, such as mobile crisis teams, assisted outpatient treatment, outpatient restoration to competency, and residential voluntary psychiatric treatment.

### 3. Argument

As explained below, MHAP satisfies the requirements under FRCP 24 and should be permitted to intervene as a plaintiff in this action.

///

**MOTION TO INTERVENE** – Page 5 of 16

### 3.1.   Intervention as a Right

MHAP should be allowed to intervene into this action as a matter of right under FRCP 24(a)(2). As described below, MHAP satisfies the Ninth Circuit test.

To qualify for intervention as of right under FRCP 24(a)(2), a prospective intervenor must "show that: (1) its motion is timely; (2) it has a significantly protectable interest relating to the subject of the action; (3) it is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) its interest is inadequately represented by the parties to the action." *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021) (cleaned up).

#### 3.1.1. Timeliness

This matter remains at the threshold stages of litigation. Hospital Corporation Plaintiffs/Cross-Defendants are presently facing FRCP 12 motions. The OHA Defendants have not yet answered the operative complaints. No discovery has taken place, and the Court has yet to determine who has third party standing for the patients in Plaintiffs' facilities.

#### 3.1.2. Protectable Interest

An applicant-intervenor demonstrates a significant protectable interest if: (a) the interest is protected by law and (b) there is a

relationship between the legally protected interest and the plaintiff's claims. *Sierra Club v. United States EPA*, 995 F.2d 1478, 1484 (9th Cir.1993). But "Rule 24(a)(2) does not require a specific legal or equitable interest." *Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (citation omitted). Rather, "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.*

The Ninth Circuit has recognized that public advocacy relating to the particular issue addressed in the suit gives rise to a significant, protectable interest. *United States v. City of Los Angeles*, 288 F.3d 391, 402 n.5 (9th Cir. 2002) (community groups that have worked on police reform in Los Angeles may have a significant protectable interest related to suit by the U.S. government alleging the Los Angeles Police Department engaged in a pattern or practice of depriving individuals of their constitutional rights); *see also Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (environmental groups that participated in the creation of a bird sanctuary had a significant, protectable interest in the preservation of birds and their habitats, which was related to a suit challenging the designation of the sanctuary); *Idaho v. Freeman*, 625 F.2d 886, 887 (9th Cir. 1980)

**MOTION TO INTERVENE** – Page 7 of 16

(National Organization for Women had a significant, protectable interest in the ratification of the proposed Equal Rights Amendment, which was related to a suit challenging procedures for ratification).

MHAP has a lengthy and reliable history of advocacy in this realm. MHAP exists to advocate for people within both Parties' facilities, and members of MHAP are in regular contact with personnel on both sides of the aisle. With those contacts and relationships, MHAP effectively navigates the Parties' systems on behalf of their patients. MHAP members also provide input to both Parties as to the unique and sometimes nuanced needs of the people in their facilities. The failure to appropriately address the problems presented in this case would affect the core work performed by MHAP. In addition, many MHAP members themselves receive or will receive the services provided by the Parties to this case.

### 3.1.3. Impair or Impede its Protected Right

In deciding a motion to intervene, courts also inquire as to whether "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." FRCP 24(a)(2). Courts determine whether a suit impairs the movant's interest by considering whether the movant has "other means" to protect its interest, such as an alternative forum. *Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006). Additionally, even where an alternative

**MOTION TO INTERVENE** – Page 8 of 16

forum may exist, courts consider whether the "litigation may impair appellants' ability to obtain effective remedies in later litigation." *United States v. Oregon*, 839 F.2d 635, 638 (9th Cir. 1988) (holding that a government suit over conditions in a state mental hospital could impair the practical ability of hospital residents to affect, in later litigation, the distribution of the state's limited mental health resources).

As described above, the resolution of this case—either in the Hospital Corporation Plaintiffs/Cross-Defendants' favor or against it—will change the material landscape of MHAP's work and advocacy. If the Parties fail to advance the cause of reducing civil commitments and instead seek to increase the practice's size and scope, then MHAP's cause will be set back by years if not decades. If MHAP intervenes now, it may yet be able to protect its interests.

### 3.1.4. Inadequate Representation by Both Parties

Courts consider three factors in evaluating whether current parties adequately represent an applicant-intervenor's interests: (a) whether the present parties "will undoubtedly make all of the intervenor's arguments"; (b) whether current parties are "capable of and willing to" make such arguments; and (c) whether the intervenor "offers a necessary element to the proceedings that would be neglected." *United States v. Oregon*, 839 F.2d at 638 (citation omitted). An applicant intervenor satisfies the requirement of inadequacy of representation "if

**MOTION TO INTERVENE** – Page 9 of 16

the applicant shows that representation of its interests 'may be' inadequate and the burden of making this showing is minimal." *Sagebrush Rebellion, Inc.*, 713 F.2d at 528.

As described above, MHAP takes issue with both Parties' role in the ongoing crisis. As the Hospital Corporation Plaintiffs/Cross-Defendants initial complaint demonstrated, their allegations not only implicate the actions of Defendants but themselves as well. Hospital Corporation Plaintiffs/Cross-Defendants' interest is primarily pecuniary. While OHA Defendants have not yet answered the Complaint, their interest presumably is primarily resource-based as well. Lost in many of the arguments between the current Parties will be the patients they facilitate.  MHAP does not intend to malign the Parties, nor intervene to cause extreme inconvenience; however, if the Parties were to resolve this case tomorrow, patient well-being would likely be a tertiary benefit at best. MHAP intends to make patient well-being the primary goal of this suit.

As the Ninth Circuit acknowledged,

> The district court also found that Legacy Health System lacked third-party standing because the hospitals "complain about how much civilly committed patients are costing them and about the harms [the patients] inflict on their staff members."  These allegations can be relevant to third-party standing, especially to the extent they may reflect a prioritization of the hospitals' financial concerns or indicate a potential

**MOTION TO INTERVENE** – Page 10 of 16

> disjunction of interests if the remedy sought by Legacy Health System—the creation or allocation of additional bed space at OSH for civilly committed patients—proves unavailable.

*Legacy, et. al. v. Hathi, et. al.*, 2024 WL 2843034, *3 (9th Cir. 2024). MHAP intends to be that voice for the patients without the cross-purpose of protecting its bottom line.

### 3.2.    Permissive Intervenor

In the alternative, MHAP seeks intervention under FRCP 24(b). Many of the factors under subsection (b) are met for the same reasons as articulated above under subsection (a). An applicant seeking permissive intervention under FRCP 24(b) must meet three threshold requirements: "1) an independent ground for jurisdiction; 2) a timely motion; and 3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 840 (9th Cir. 2011).

Courts have broad discretion to determine whether permissive intervention is appropriate. *Spangler v. Pasadena City Bd. of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977). A court tasked with exercising discretion under FRCP 24(b) may consider the following factors:

> [T]he nature and extent of the intervenors' interest their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case . . . whether the intervenors' interests are

**MOTION TO INTERVENE** – Page 11 of 16

> adequately represented by other parties,
> whether intervention will prolong or unduly
> delay the litigation, and whether parties
> seeking intervention will significantly
> contribute to full development of the
> underlying factual issues in the suit and to
> the just and equitable adjudication of the
> legal questions presented.

*Id*. Finally, courts should not seek to "streamline" litigation "at the risk of marginalizing those . . . who have some of the strongest interests in the outcome." *United States v. Los Angeles*, 288 F.3d 391, 405 (9th Cir. 2002).

### 3.2.1. An Independent Ground for Jurisdiction

"[T]he independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising a new claim." *Freedom from Religion Found.,* 644 F.3d at 844. That is the case here. MHAP raises the same Fourteenth Amendment claim under 42 U.S.C. § 1983 as the Hospital Corporation Plaintiffs/Cross-Defendants. That is a federal question, and it is not new.

Plaintiff MHAP does raise one additional claim that would nonetheless confer federal-question jurisdiction for this Court under the Americans with Disabilities Act. The "independent ground" component is mainly to ward off intervention when that intervention might be used to enlarge inappropriately the jurisdiction of the district courts, like in diversity jurisdiction cases. *Id.* at 843 (*citing* Fed. R. Civ.

**MOTION TO INTERVENE** – Page 12 of 16

P. 82). Plaintiff's *Olmstead* claim is squarely a federal-question and does not expand the Court's jurisdiction.

### 3.2.2. Timeliness

As explained above, this matter remains at the threshold stages of litigation, and MHAP's motion is timely.

### 3.2.3. Common Questions of Law and Fact

MHAP raises the same Fourteenth Amendment claim as the Hospital Corporation Plaintiffs/Cross-Defendants based on OHA Defendants' acts and omissions. While MHAP may potentially disagree with Hospital Corporation Plaintiffs/Cross-Defendants as to proposed remedies, that disagreement remains separate and apart from whether common issues of law and fact exist.

The common questions of fact regarding the ADA claim arise from the Hospital Corporation Plaintiffs/Cross-Defendants' own Complaint in this case.

### 3.2.4. Additional Factors

An association may bring suit on its members' behalf when: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 839

**MOTION TO INTERVENE** – Page 13 of 16

(9th Cir. 2012) (citations omitted). When an association seeks declaratory or injunctive relief, its claims do not require the participation of individual members because "the remedy, if granted, will inure to the benefit of those members of the association actually injured." *Id.* (*citing Warth v. Seldin*, 422 U.S. 490, 515 (1975)).

As described above, MHAP is comprised both of advocates in the mental health arena and peers in mental health treatment. Those are not mutually exclusive categories. MHAP members could independently demonstrate standing here, but need not because MHAP seeks injunctive relief that would benefit all of their membership and constituency. MHAP's highest goal as an organization is to advocate for the better treatment of people with mental illness. At its core, this lawsuit is about people with mental illness—but they are not currently participating in it.

As described above, neither Party represents the interests of people with mental illness, and MHAP is the only proposed intervenor with an interest in reducing the necessity of civil commitment, rather than expanding the practice. There is a saying in the disability community that goes, "Nothing about us without us." If permitted to intervene, MHAP would enlighten these proceedings, and help ensure that whatever outcome emerges, it had the benefit of participation from

people with lived experience. Granting MHAP's motion to intervene would neither prolong nor delay these proceedings.

## CONCLUSION

For these reasons, MHAP respectfully requests leave to intervene in this action.

December 6, 2024

                         **RESPECTFULLY FILED,**

                         s/ Juan C. Chavez
                         **Juan C. Chavez, OSB No. 136428**

**MOTION TO INTERVENE** – Page 15 of 16

## CERTIFICATE OF SERVICE

I certify that I caused this document to be served on all parties via the CM/ECF system.

December 6, 2024

s/ Juan C. Chavez
**Juan C. Chavez, OSB No. 136428**