**Matthew J. Kalmanson, OSB No. 041280**
Email: mjk@hartwagner.com
**Janet M. Schroer, OSB No. 813645**
Email: jms@hartwagner.com
**Michael R. O'Neil, OSB No. 231715**
Email: mro@hartwagner.com
**HART WAGNER LLP**
1000 SW Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

*Of Attorneys for Proposed Intervenor-Plaintiff National Alliance on Mental Illness*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; PROVIDENCE HEALTH & SERVICES – OREGON and ST. CHARLES HEALTH SYSTEM, | Case No. 6:22-cv-01460-AN |
| Plaintiffs, | **PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE** |
| v. | *Oral Argument Requested* |
| SEJAL HATHI, MD, in her official capacity as Director of Oregon Health Authority, | |
| Defendant. | |

Page 1– PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE

**HART WAGNER LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

**1.    Introduction.**

OHA's Opposition to NAMI-Oregon's Motion to Intervene (the "Opposition"), and the standing arguments it makes in its Motion to Dismiss the Hospitals' Third Amended Complaint ("Motion to Dismiss"), shows that NAMI-Oregon's participation in this lawsuit is both warranted and needed. Rather than focus its resources and energies on ending the dereliction of the duties it owes to Oregonians who suffer from severe mental illness, OHA continues to take a needlessly aggressive litigation stance. But its arguments about standing are not correct, and at least in its Motion to Dismiss, OHA is just repeating arguments that the Ninth Circuit already rejected.

OHA's standing arguments, both in the Opposition and in its Motion to Dismiss, are premised on a cynical mischaracterization of the Hospitals' motivations for bringing this lawsuit. OHA previously argued that the Hospitals should release its patients into the street if they do not like the status quo. (Dkt. #75, Tr. p.15.) Now they argue that the Hospitals do not have standing because they purportedly only want to release their patients into the street. NAMI-Oregon reviewed the applicable complaint before deciding whether to move to intervene, however, and it does not allege that the Hospitals want to release their patients into the street in order to save money. That is also why the last time OHA made this argument, the Ninth Circuit rejected it as not consistent with the complaint before it. This Court should reject it too, so the parties can finally move to the merits of the important issues before this Court.

Moreover, under established law that OHA ignores, if any party in this action has standing to assert the third party claims in this case, then NAMI-Oregon has no obligation to establish standing in a motion to intervene. It therefore is relevant that OHA has taken "no position" on whether proposed intervenor Mental Health Association of Portland ("MHAP")

Page 2– PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE

**HART WAGNER LLP**
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

should intervene to assert those claims. Given that OHA argues in its Opposition that a proposed intervenor must establish standing before it can intervene, it necessarily follows that OHA believes MHAP—who at best is in the same position as NAMI-Oregon—has standing. NAMI-Oregon therefore can participate in this litigation if the intervention standards are satisfied, irrespective of standing.

OHA should not be allowed to pick-and-choose which organizations intervene in this important lawsuit. NAMI-Oregon is a public interest organization whose membership and reach encompass the entire State, not only Portland. It has a track record of advocacy on behalf of individuals who suffer from severe mental illness. It has 2,000 members and, through its programs, serves more than 15,000 Oregonians throughout Oregon. NAMI-Oregon's members and constituency include individuals who have been subject to civil commitment orders, and their families, *i.e.,* the very individuals who are harmed by OHA's failure to provide appropriate care. There is a very high likelihood that its members will be subject to civil commitment orders in the future given that they suffer from severe mental illness.

It follows that NAMI-Oregon's members are personally impacted by OHA's failure to provide constitutionally adequate treatment to individuals who are subject to civil commitment orders because such care is not available to them and there are less acute care beds available in community hospitals. The Motion should be granted.

**2.    This Court Can Grant the Motion and Order a Pleading Be Submitted After the Motion to Dismiss Is Resolved.**

OHA begins by expressing concern about the absence of a "pleading," and it claims that it would not object to a "third-party entity appearing on behalf of civilly committed individuals" if it "complies with the procedural requirements for a motion to intervene." (Opposition, p. 1.) That is plainly not true. In addition to raising the "pleading" issue, OHA has argued that NAMI-

Page 3– PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE

**HART WAGNER LLP**
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

Oregon does not have standing and also does not satisfy the intervention standards. At the same time, OHA takes no position on the participation of MHAP, whose pleading and motion to intervene uncover no greater argument for standing or intervention than what is in NAMI-Oregon's Motion and the Declaration of Chris Bouneff.

Despite emphasizing the importance of a "pleading," OHA actually agrees that this Court *can* grant a motion to intervene without a pleading, particularly when—as here—there is good reason to delay the requirement. (Opp., p. 4 (noting it is "true that courts have sometimes forgiven" the absence of a pleading). Indeed, Judge Mosman granted a motion to intervene without a pleading in *Mink. See Disability Rights Oregon v. Patrick Allen,* Case No. 3:21-cv-01637, EFC # 70, 87 (granting motion to intervene without separate pleading when motion described claims, which it later revoked after considering standing arguments in motion to dismiss). Other courts have granted a motion to intervene when, as here, the intervenor stated that it sought to join existing claims. *See Waterwatch of Oregon v. U.S. Army Corps of Engineers,* Case No. 3:20-cv-00413, ECF # 19, 35 (granting motion to intervene without separate pleading when motion sought to join existing claims); *see also See Alexander v. Hall,* 64 F.R.D. 152, 156 (D.S.C. 1974) (holding statement that intervenor would adopt existing complaint sufficient to satisfy pleading requirement).

NAMI-Oregon therefore did not flaunt the pleading rule, as OHA suggests. NAMI-Oregon explained in its Motion which of the existing claims it intends to join, and noted that OHA intended to move to dismiss those claims. OHA has, in fact, moved to dismiss those claims. It is likely that, by the time this Court rules on intervention, or shortly thereafter, it will have resolved OHA's Motion to Dismiss. Once the parties know the contours of the claims that this Court will allow to proceed (and whether the Hospitals have standing), at that time it makes

Page 4– PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE

**HART WAGNER LLP**
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

sense that the Court would order NAMI-Oregon to file a pleading that joins the claims that still apply to it. NAMI-Oregon is not asking to avoid a pleading requirement; it is asking that this Court order NAMI to file a pleading after the motion to dismiss is resolved, when NAMI-Oregon can make a more educated determination of what that pleading should look like.

OHA responds that it really needs a pleading now, however, so that it can respond to the Motion to Intervene and because of "procedural ramifications." These are red herrings. Again, NAMI explained which claims it intends to join, and it submitted a declaration from the Executive Director of NAMI-Oregon that describes its interest in these proceedings. That declaration provides far more information than what might be found in a typical complaint, because federal pleading standards are not as stringent as OHA claims. *McHenry v. Renee,* 84 F.3d 1172, 1177 (9th Cir. 1996) (noting "Federal Rules require 'averments be simple, concise, and direct'"). There is no rule stating that a proposed intervenor is subject to a heightened pleading requirement, with detailed allegations and argument on standing before a motion to intervene can be granted. There is nothing like that in MHAP's "pleading," which apparently satisfied OHA.

Nor are there any "procedural ramifications" to the absence of a proposed pleading. Its filing does not create deadlines for a motion to dismiss until and unless the Court grants the motion and that complaint is filed. More fundamentally, NAMI-Oregon has indicated it intends to join the existing third party claims. OHA *already has* moved to dismiss those claims. For the reasons stated below, if this Court denies that Motion to Dismiss, and it should, then that ruling will moot all of OHA's standing arguments.

///

///

Page 5– PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE

**HART WAGNER LLP**
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

Given OHA's concession that this Court has flexibility on the pleading requirement, NAMI-Oregon requests that the Court grant its Motion to Intervene, with an order requiring NAMI-Oregon file a pleading that comports with its ruling on OHA's Motion to Dismiss.

**3.    Standing.**

OHA also opposes the motion to intervene on the ground that NAMI has not "established standing" to sue. This Court should reject this argument because it is based on an inaccurate characterization of the cases that it cites.

**A.    NAMI-Oregon Does Not Need to Establish Standing in its Motion.**

There is no requirement that this Court address standing in a motion to intervene. If NAMI-Oregon satisfies the intervention test, then its Motion should be granted. This makes sense because, if the Hospitals or MHAP have standing to bring the third party claims, then NAMI-Oregon can proceed in intervention *irrespective* of its own standing. *See Oregon Advocacy Center v. Mink,* 322 F.3d 1101, 1109 (9th Cir. 2003) (noting court "need only find that one petitioner has standing to allow a case to proceed") (quoting *Pub. Citizen v. Dep't of Transp.,* 316 F.3d 1002, 1014-15 (9th Cir. 2003).

OHA cites *Town of Chester, NY v. Laroe Estates, Inc.*, 581 U.S. 433 (2017) for the proposition that NAMI-Oregon has the "burden" of establishing standing when it moved to intervene. OHA is not accurately describing that case. The Supreme Court in *Town of Chester* actually ruled that "*[a]t least one plaintiff* must have standing to seek each form of relief requested in the complaint," and for each claim for relief, "there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor as of right." *Id.* at 439 (emphasis added). Thus, an "intervenor of right must demonstrate Article III standing

Page 6– PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

*when it seeks additional relief beyond that which the plaintiff requests."* Id. (emphasis added). *Town of Chester* therefore stands for the opposition proposition than what OHA claims.

OHA similarly mischaracterizes *Western Watersheds Project v. Kraayenbrink,* 632 F.3d 472 (9th Cir. 2011), claiming again that it requires a "potential intervenor" to establish standing. (Opp, p. 7.) The intervenors in *Western Watersheds* did not have to establish standing in a Motion to Intervene. Instead, the Intervenors were allowed to intervene in a lawsuit challenging a BLM regulation, but then they had to establish standing *for the first time on appeal* after the original plaintiff abandoned the case. *Id.* at 482 ("Absent the government, however, Intervenors *must now, and for the first time*, establish Article III standing.") (emphasis added). Thus *Western Watersheds* also stands for the opposite proposition than OHA claims.

It necessarily follows that OHA does not need to establish standing to intervene. NAMI-Oregon has standing, but even if it does not, the Hospital plainly have standing under a fair reading of their complaint, the case-law and the Ninth Circuit opinion. Even if OHA disagrees with that too, it apparently believes MHAP has standing, and therefore OHA can intervene.

### B.  NAMI-Oregon has Associational Standing.

If this Court believes it must address NAMI-Oregon's standing now, the declaration of Chris Bouneff establishes that NAMI-Oregon has both associational and third-party standing to assert the third-party claims. In order to show associational standing, NAMI-Oregon must show that (1) its members otherwise would have standing to sue in their own right, (2) the interests at stake prove germane to the entity's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of the individual members in the suit. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

Page 7– PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

NAMI-Oregon meets all three requirements. NAMI-Oregon's membership includes individuals who have been subject to civil commitment orders, and family members of such individuals.[1] Any individual who has been subject to civil commitment order is impacted by OHA's failure to provide appropriate care and warehousing of patients in inappropriate facilities, as it limits NAMI-Oregon's members' ability to get long-term care, and it limits the supply of hospital beds available for acute care needs. NAMI-Oregon's membership includes individuals who suffer from severe mental illness and are the very population with a real risk of being subject to such orders in the future. NAMI-Oregon's membership and the people that NAMI-Oregon serve are the people who are harmed by OHA's failures to comply with its constitutional and statutory duties. It is an organization that is dedicated to this population, and should be a voice in the room.

Second, NAMI-Oregon's "purpose" is to serve and advocate on behalf of the population that is the subject of this lawsuit, *i.e.,* individuals who suffer from severe mental illness, and are subject to civil commitment orders or at high risk of being subject to such orders in the future. NAMI-Oregon's mission is to advocate for and improve the quality of life for these individuals and their families.

///

///

///

---

[1] NAMI-Oregon does not have to identify its members to OHA, contrary to OHA's argument. The Ninth Circuit has held that organizations have standing on behalf of their members even when they do not identify their members. "Where it is relatively clear, rather than speculative, that one or more members have been or will be adversely affected by a defendant's action, and where the defendant need not know the identity of a particular member to understand and respond to an organization's claim of injury, we see no purpose to be served by requiring an organization to identify by name the member or members injured." *National Council of La Raza v. Cegavske,* 800 F.3d 1032, 1041 (9th Cir 2015). Here, given that OHA is not providing **any** long-term treatment to individuals subject to civil commitment orders, it is "relatively clear" that NAMI's membership has been and will continue to be adversely affected by OHA's lack of action.

Page 8– PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE

**HART WAGNER LLP**
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

Third, individual participation by NAMI-Oregon's members is not necessary because NAMI-Oregon only seeks declaratory and prospective relief, not damages. *See Na Po'e Kokua v. Bank of Am. Corp.*, No. CV 22-00238, 2023 WL 2042923, at *4 (D. Haw. Feb. 16, 2023) (noting "general rule" that individual participation "is not normally necessary when an association seeks prospective or injunctive relief for its members") (quoiting *United Food*, 517 U.S. at 544, 546.).

NAMI-Oregon has associational standing.

### C.    NAMI-Oregon has Third-Party Standing.

NAMI-Oregon also has "third-party" standing. For a litigant to have standing to assert claims based on injuries to another, "[t]he litigant must have suffered an 'injury in fact' . . . ; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests." *Powers v. Ohio,* 499 U.S. 400, 410–11 (1991) (citations omitted) (quoting *Singleton v. Wulff*, 428 U.S. 106, 112 (1976)). NAMI satisfies these elements as well.

Again, NAMI-Oregon's membership and constituency includes individuals who suffer from severe mental illness, who have in the past and likely will in the future become subject to civil commitment orders. Its members are harmed because of OHA's failure to provide adequate care to individuals subject to civil commitment orders, and also because there are less acute care beds available for individuals with severe mental illness. NAMI-Oregon's ability to fulfill its mission is directly tied to OHA's practices in treating—and not treating—individuals who are civilly committed individuals. NAMI-Oregon's ability to fulfill its mission and effectively assist its members and other individuals who suffer from severe mental illness is thwarted by the violations described in the Hospitals' complaints.

Page 9– PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

Second, NAMI has a "close-relation" with the patients, all of whom are individuals who suffer from severe mental illness, which are the exact population NAMI-Oregon seeks to serve. *See, e.g., Viceroy Gold Corp. v. Aubry,* 75 F.3d 482, 485-86 (9th Cir. 1996) (holding nonunionized gold ore processing company met the "close relation" requirement when it challenged on behalf of its employees a state statute allowing unionized ore-processing plants to schedule twelve-hour shifts but forbidding nonunionized plants from scheduling shifts of more than eight hours). NAMI-Oregon's membership includes individuals who are subject to civil commitment orders and who may be subject to such orders in the future, as well as their families, all of whom are impacted by OHA's policies. NAMI-Oregon seeks to intervene to ensure better outcomes for individuals who suffer from severe mental illness who become subject to civil commitment orders. This outcome would also allow NAMI to fulfill its own mission as an organization to advocate for and serve individuals who suffer from severe mental illness. The interests of NAMI and the patients at issue in this lawsuit are exactly aligned.

Finally, the ability of patients to advance their own rights is hindered. This element of the standing test "does not require an absolute bar from suit, but some hindrance to the third party's ability to protect his or her own interests." *Pennsylvania Psychiatric Soc. v. Green Spring Health Servs., Inc.,* 280 F.3d 278, 290 (3d Cir. 2002) (cleaned up). As the Third Circuit noted in a similar context, "the stigma associated with receiving mental health services presents a considerable deterrent to litigation." *Id.*; see also *Parham Parham v. J.R.*, 442 U.S. 584, 622, 99 S.Ct. 2493, 61 L.Ed.2d 101 (1979) (Stewart, J., concurring) ("There can be no doubt that commitment to a mental institution results in massive curtailment of liberty. In addition to the physical confinement involved, a person's liberty is also substantially affected by the stigma attached to treatment in a mental hospital.") (cleaned up). "Besides the stigmatization that may blunt mental health patients'

Page 10– PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

incentive to pursue litigation, their impaired condition may prevent them from being able to assert their claims. Therefore, we believe the patients' fear of stigmatization, coupled with their potential incapacity to pursue legal remedies, operates as a powerful deterrent to bringing suit." *Id.*

So, too, here. NAMI-Oregon has standing to assert claims on behalf of the patients at issue in this action.

### 4. NAMI-Oregon Should be Allowed to Intervene As of Right.

After taking no position on the intervention motion of MHAP, OHA argues that NAMI-Oregon does not meet the intervention standard, seemingly hoping to pick and choose whose voices should be heard in this case. NAMI-Oregon submits that this Court should dismiss these arguments out-of-hand.

#### A. Protectible Interest.

OHA first argues that NAMI-Oregon does not have a protectible interest in this litigation because it does not have standing. OHA is confusing standing with intervention, and again is not accurately describing the cases that it cites. *See, e.g., Wilderness Soc'y v. United States Forest Serv.,* 630 F.3d 1173, 1179 (9th Cir. 2011) (noting "interest" element of intervention test does not requires a "specific legal or equitable interest" and instead is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process"). As MHAP argued without objection from OHA, public advocacy relating to a particular issue can give rise to a significant protectible interest. *See, e.g., United States v. City of Los Angeles,* 288 F.3d 391, 402 n.5 (9th Cir. 2002); *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 528 (9th Cir. 1983); *Idaho v. Freeman,* 625 F.2d 886, 887 (9th Cir. 1980).

OHA seems to think that the "protectible interest" standard is stricter for NAMI-Oregon, however. In support of this position, OHA cites *Doe v. Horne,* No. 23-3188, 2024 WL 4119371

Page 11– PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE

**HART WAGNER LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

(9th Cir. 2024), a memorandum disposition where the Ninth Circuit affirmed the denial of a motion to intervene brought by a group of parents who sought to intervene in a lawsuit in order to oppose a school district's transgender/sports policy. Far from equating a "protectible interest" with standing, the court actually assumed that the parents had a protectible interest in their daughters "not competing against transgender girls." *Id.* at * 1. The court ruled, however, that denial of the motion to intervene was correct because the proposed intervenors' daughters would never compete against the transgender athletes at issue in the lawsuit. Id.

*Doe* is nothing like this case. NAMI-Oregon is not akin to a group seeking to stop transgender athletes from competing in sports on behalf of parents whose children would never compete against those transgender athletes. This is a lawsuit about OHA's failure to provide appropriate care to individuals with severe mental illness who are subject to civil commitment orders. NAMI-Oregon is a non-profit organization that is dedicated to advocating for individuals who suffer from severe mental illness. It has a track record of advocacy on behalf of this population, including recently on one aspect of the civil commitment issues that are before this Court.[2] Its members are made up of individuals who suffer from severe mental illness and their families, including individuals who have been subject to civil commitment orders.

///

///

---

[2] See, e.g., https://www.kgw.com/article/news/investigations/uncommitted/oregon-civil-commitment-laws-nami-workgroup-proposal-recommendation/283-614f3352-e256-4429-aa10-bcfde167be12 ("The National Alliance on Mental Illness (NAMI) Oregon, a chapter of the nationwide advocacy organization, created a workgroup to recommend 'modest changes' to Oregon's laws to increase the likelihood of civil commitments before people with severe mental illness could harm themselves or others."); https://www.opb.org/article/2024/11/20/oregon-group-wants-to-make-it-easier-to-commit-those-in-mental-health-crisis/ (noting NAMI-Oregon's efforts to change civil commitment laws and opposition to those changes from other groups, like Disability Rights Oregon).

Page 12– PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE

**HART WAGNER LLP**
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

Therefore, NAMI-Oregon has a sufficient protectible interest to satisfy the intervention standards. And if this Court finds a violation and enjoins that practice, it will go directly to NAMI-Oregon's protectible interest.[3] Intervention should be permitted.

### B. Adequate Representation by the Parties.

This Court should also reject OHA's argument about the "adequate representation" element. OHA argues that if the Hospitals have standing, then it somehow follows that "this element fails" for NAMI-Oregon but not for MHAP. This is illogical and incorrect.

NAMI-Oregon's burden on this element is "minimal." *Sagebrush Rebellion, Inc.,* 713 F.2d at 528. Intervention is warranted when, *inter alia,* the intervenor offers "a necessary element to the proceedings that would be neglected." *United States v. Oregon,* 839 F.2d 635, 638 (9th Cir. 1998). NAMI-Oregon agrees with the Hospitals that OHA is violating the law, but that does not mean that NAMI-Oregon's perspective on the complex issues before this Court is exactly the same as the Hospitals, or even the same as MHAP.[4]

NAMI-Oregon's membership includes individuals from throughout Oregon (not just Portland) who either suffer from severe mental illness or are family members of such individuals. NAMI-Oregon believes that the Hospitals have standing to assert the third party claims given their legal and ethical obligations to their patients, but NAMI-Oregon's perspective is not burdened by any obligations that the Hospitals might have to anyone else, such as its other

---

[3] OHA's argument about whether this litigation will impair or impede NAMI-Oregon's protectible interest is one sentence, and is based entirely on OHA's argument that NAMI-Oregon does not have a protectible interest. Because NAMI-Oregon does have a protectible interest, this argument should be rejected also.

[4] As the articles in footnote 2 state, even among the non-profit community there are good faith disagreements on the issues surrounding civil commitment in Oregon. NAMI-Oregon's perspective is an important one for this Court to hear, as it is a membership-driven organization whose membership include the population that is impacted by OHA's violations of constitutional and statutory law.

Page 13– PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE

**HART WAGNER LLP**
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

patients or its employees.  NAMI-Oregon is a state-wide organization, and its goal is to seek a remedy that ensures the best possible outcome for Oregonians who are subject to civil commitment orders and likely will be in the future, like its members and the thousands of Oregonians who NAMI-Oregon assists.[5]

NAMI-Oregon should be allowed to intervene as of right.

**5.    Permissive Intervention.**

Finally, for the reasons previously expressed in its Motion, if this Court does not agree that NAMI-Oregon satisfies the intervention standard "as of right," it should be given permission to intervene.  As stated above, it has shown an independent basis for jurisdiction, its motion is timely, and it seeks to assert the same third party claims involving the same issues before this Court.

This Court should grant NAMI-Oregon's Motion to Intervene.

DATED this 16th day of December 2024

>                HART WAGNER LLP
>
> By:    */s/ Matthew J. Kalmanson*
>        Matthew J. Kalmanson, OSB No. 041280
>        mjk@hartwagner.com
>        Janet M. Schroer, OSB No. 813645
>        jms@hartwagner.com
>        Michael R. O'Neil, OSB No. 231715
>        mro@hartwagner.com
>        *Of Attorneys for Proposed Intervenor-Plaintiff National Alliance on Mental Illness*
>
>        Trial Attorney: Matthew J. Kalmanson, OSB No. 041280

---

[5] NAMI-Oregon is not moving to intervene to join a civil claim against the Hospitals.  Its claims would be focused on the deprivation of liberty that flows from a civil commitment order, and the government's corresponding obligation to provide appropriate long-term care.

Page 14– PROPOSED INTERVENOR-PLAINTIFF NATIONAL ALLIANCE ON MENTAL ILLNESS-OREGON'S REPLY IN SUPPORT OF MOTION TO INTERVENE

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301