**DRO | Disability Rights Oregon**

November 22, 2024

<u>Sent via Electronic Mail</u>

Carla Scott, Oregon Department of Justice
carla.a.scott@doj.oregon.gov

Dear Carla,

I write in advance of next week's meeting in sincere hope it can be productive. First and foremost, I want to acknowledge OHA's commitments reflected in Dr. Pinals' 10th Report. Namely, standing up the Extended Care Management Unit (ECMU), adding evaluators, establishing housing funds, and community navigator expansion are incredibly promising.

However, we are critically concerned about the number of people still waiting in jail to be transferred to the state hospital. Below are a series of options that we would like to discuss at next week's meeting to determine if these are viable and should be included in a third modification to the permanent injunction. We are also very receptive to any other alternatives that are up for consideration so that the state can comply with the constitution.

A. Implement Outstanding Dr. Pinals' Recommendations

1. Discharge RTP list within 30 days. See Dr. Pinals previous recommendations:

- "As noted in my prior reports, there remain too many people for whom discharge appears slowed. Referrals and ready-to-place letters are submitted repeatedly but to no avail. Over the next interim period more work will be needed to focus on discharges and how to affect them." Sixth Report p. 21
- "There are too many people identified as ready for non-hospital level of care settings who are not being discharged, and too many people coming into the hospital who very early on do not appear clinically to need this level of care. This is a major concern….If discharges are realized, it could yield compliance most immediately." Fifth Report p. 19

2. Create Community Restoration Timelines. See e.g.:
- "I recommended in my Second Report that there be limits to timeframes to community restoration, and I continue to offer that recommendation… Other services can and should be put in place to help provide the long-term support needs for individuals outside of AA processes." Eighth Report p. 22-23.

3. Contract enforcement with CMHPs & CCOs. See e.g.:
- "OHA should review existing contracts with the CCOs and CMHP's to determine the scope of the existing contractual obligations to serve the Aid and Assist and GEI population. I understand these discussions are also happening in the legislative workgroups, but a focus on this population in particular is imperative and urgent." Second Report p. 26. Create a position(s) within OHA to manage these contracts and create regular audit reports.

511 SW 10th Avenue, Suite 200 / Portland, OR 97205
Voice: 503-243-2081 or 1-800-452-1694 / Fax: 503-243-1732 / **www.droregon.org**
Disability Rights Oregon is the Protection and Advocacy System for Oregon

Cooper Declaration, Exhibit D

4. Expand SUD treatment. See e.g.:
   - "Expand access to substance use treatment including medications for addiction treatment (MAT) and contingency management (to address stimulant use disorder) in residential and community programs that serve people under AA orders. Similarly for the OSH population, efforts should be made to foster greater focus on substance use treatment services for individuals in AA and GEI processes. These services are critical as the data shows there is a close nexus between recidivism or even referral for AA evaluations and restoration and co-occurring substance use disorders. These services should be incorporated into the refinements of services offered for people in Community Restoration Programs (CRPs)." [Second Report p. 26](#)

B. Other Options

5. Conduct a study on how to "right size" forensic services in the state. While Dr. Pinals has recommended centralizing forensic services. Another option is to have an expert(s) review the state system and determine how to implement flexibility and durability so that increased evaluations, in and of itself, is not a reason or a lack of compliance.

6. Release those waiting in jail over 7 days. Here, the constitutional violation is holding people who have been court ordered to receive restoration treatment at the hospital in a jail, a place designed to punish. Releasing those who have been waiting over 7 days would remedy this violation.

7. Put further limits on the type of cases eligible for restoration at OSH. Specifically, limit municipal charges, probation violations, and all misdemeanors.

8. Many counties are referring individuals to OSH at a higher rate than other counties. We as that you create a system of rewards and sanctions to make the referrals from counties more equitable.

Thank you for your ongoing collaboration and commitment to this vulnerable population.

Sincerely,

Emily Cooper
Legal Director

CC:    Debra Pinals, Court Neutral Expert; Jesse Merrithew, MPD