**Juan C. Chavez, OSB No. 136428**
Oregon Justice Resource Center
PO Box 5248
Portland, Oregon 97208
Email: jchavez@ojrc.info
Telephone: 503-944-2270
Facsimile: 971-275-1839

**Michael Fuller, OSB No. 093570**
**Nate Haberman, OSB No. 225456**
Underdog Law Office

Of Attorneys for Mental Health Association of Portland

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEGACY EMANUEL HOSPITAL & HEALTH CENTER** *et al.* | Case No. 6:22-cv-01460-AN |
| Plaintiffs | **REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE** |
| vs | |
| **SEJAL HATHI, MD** *et al.* | |
| Defendants | |

## INTRODUCTION

Hospital Corporation Parties misstate the Mental Health Association of

Portland's ("MHAP") interest and right to intervene into this case. Proposed

Plaintiff-Intervenor MHAP are needed at this stage to provide the kind of

REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE
Page 1 of 8

representation persons with mental illness want and deserve in this matter. As stated in their Complaint in Intervention, and in their motion, MHAP's rights and the rights of the people they protect would be harmed without their participation. As the Hospital Corporation Parties' opposition clearly signals, MHAP's intervention is needed or else their protected interests will be ignored.

Many of the Hospital Corporation Parties' counter-arguments are already addressed in MHAP's opening brief. MHAP writes this Reply to correct misstatements about the remedies MHAP seeks and the rights they possess as persons and advocates with mental illness advocating for others with mental illness.

MHAP humbly requests intervention into this lawsuit.

## I. MHAP Can Intervene as a Right.

The Hospital Corporation Parties[1] wish to cast MHAP's intervention as unduly disruptive to the present suit, itself a collateral intervention into the longer-standing *Mink* matter, by denying what was already said and pleaded in this case by the Hospital Corporations themselves. *Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1082 (A parties' "attempt to recast its remedy so that the anticipated outcome of the lawsuit appears mutually beneficial to itself and its customers trivializes our concern with confining standing to effective proponents of third-party rights.") The Hospital Corporation Parties argue that MHAP's interest in reducing the reliance on civil commitments enlarges the scope of the present case and is the

---

[1] Despite their assertion, there is nothing pejorative about this descriptor. It merely distinguishes the parties from the patients.

sole remedy MHAP advances. Not so. Nor is it in an inappropriate topic for discussion in this case based on the Hospital Corporation Parties' own pleadings. The Hospital Corporation Parties argue against MHAP's intervention in two ways: 1) by misstating the purpose for MHAP's intervention, and 2) by arguing that National Alliance on Mental Illness—Oregon (hereinafter, "NAMI-OR") is the preferable intervenor. Neither are availing for reasons argued below.

### A. MHAP's Protected Interest is at stake.

The Hospital Corporation Parties rely on a single quote about the reduction of reliance on civil commitments to attempt to undermine MHAP's rightful, protected interest in this case. In fact, MHAP in its Complaint and Motion to Intervene agree that long term care is often needed, but presently not provided in the most appropriate environment possible. *See* Claims 1 and 2, Dkt. 139-1, ¶¶ 30 – 42. As the Hospital Corporations Parties have already admitted, that is not what is being provided to patients in Oregon. We agree with the Hospital Corporation Parties on that point. But the Hospital Corporation Parties' real concern is that they were caught admitting to not providing the least restrictive environment possible for their own patients and prioritizing the pecuniary impact that has on their businesses.

The Hospital Corporations Parties wish to cast their lawsuit as a discrete legal issue as to whether "OHA's obligation to provide restorative, long-term treatment to individuals," Dkt. 143 p. 10, has been violated, ignoring that the resolution of that question necessarily implicates the protected interests of MHAP.

There is no possible solution to the issue raised by the Hospital Corporation Parties that does not impact the resources available to all persons in a mental health crisis housed in a hospital—short or long term, civil or criminal case related—or the conditions and treatment afforded to them. MHAP's proven advocacy on those fronts and on behalf of the people affected by the mental health system in Oregon satisfies the protected interest requirement. *See Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) ("We follow the guidance of Rule 24 advisory committee notes that state that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, [they] should, as a general rule, be entitled to intervene.'") If a binding judgment or settlement arises in this case, MHAP's interests will be affected.

MHAP, in its experience stemming from decades of advocacy, knows that the effect of what will be accomplished by this case will not be durable if no qualified patient-forward group is allowed to intervene. As MHAP argues, the way to reduce need for both long- and short-term hospitalization is to provide robust alternatives to hospitalization, post-hospital transitional housing, and community-based support. That can and will be lost in this litigation without MHAP's intervention.

The Hospital Corporation Parties' assertion that these are merely matters for future legislative efforts ignores that such legislative efforts will be hampered if the parties here bargain away resources to resolve this matter in a non-durable way. How this Court and the parties answer these difficult questions will dictate the course of mental health advocacy in Oregon for decades to come. *United States*

*v. Oregon*, 839 F.2d 635, 638 (9th Cir. 1988) (holding that a government suit over conditions in a state mental hospital could impair the practical ability of hospital residents to affect, in later litigation, the distribution of the state's limited mental health resources).

MHAP likewise has an interest in how the Hospital Corporation Parties house and treat patients in their care. The Hospital Corporation Parties should not so blithely ignore the responsibility and consequences that come with the allegations they made in not just their initial complaint but their first amended complaint as well. But that ignorance exposes their inadequacy to be the sole voice on the matter. MHAP did not expand the scope of this litigation; the Hospital Corporations Parties did.

### B. NAMI-OR is not the suitable intervenor for this case.

The Hospital Corporations' insistence on NAMI-OR being the intervenor also exposes the very problem with their preferred candidate: they are ships from the same fleet with the same crew just flying a different flag. While not a question MHAP needs to raise in their application for intervention under Fed. R. Civ. P. 24, by the Hospital Corporation Parties raising it, MHAP must respectfully request that the Court decline NAMI-OR's application.

While NAMI-OR does fulfill some of the same functions as MHAP, NAMI-OR as presently constituted holds too many conflicts of interest to stand distinguishable from the Hospital Corporation Parties in this action. Its Board of Directors

currently has two members of Plaintiff Providence Health & Services–Oregon.[2] MHAP does greatly appreciate the members of that board and the work they do. But there is little proof that there is anything to distinguish the aims of the conflicted Hospital Corporation Parties and NAMI-OR.

So conjoined, NAMI-OR did not even follow Fed. R. Civ. R. 24(c) and file a pleading on its own behalf. Instead, they attempt to piggyback on the Hospital Corporation Parties' pleadings, ignoring the infringements of patient rights alleged previously. Failing to acknowledge that both parties to this litigation bear responsibility carries the unfortunate implication that NAMI-OR cannot effectively advocate for the rights of patients within the confines of the present case.

C. **MHAP clearly meets the standing requirement**

As to standing, maybe the Hospital Corporation Parties can challenge MHAP's standing to bring the claims after intervention is granted in a Fed. R. Civ. P. 12(b) motion, as NAMI-OR has challenged the State Defendants on their standing. However, as stated in their Complaint, MHAP has persons with standing within the organization and can prove third-party standing, which is more than NAMI-OR can allege based on its declaration.

Simply, MHAP has standing as advocates for patients with mental illness in the care of *both* parties, and its ability to advocate for appropriate, safe treatment outcomes will be affected by the resolution of this suit. *America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1097 (9th Cir. 2021) ("The ultimate consideration when

---

[2] NAMI-Oregon, "Staff and Board," at https://namior.org/about-us/staff-and-board/.

determining whether an organization has associational standing is whether it has a 'personal stake in the outcome of the controversy'"), *citing Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1111 (9th Cir. 2003) ("OAC serves a specialized segment of Oregon's community: the disabled in general, including the mentally ill and, more specifically, incapacitated criminal defendants. Those groups are the primary beneficiaries of OAC's activities, 'including the prosecution of this kind of litigation") (internal citation omitted.)[3]

II. **MHAP Can Intervene Under the Permissive Standard as Well**

The Hospital Corporation Parties' main contention, aside from standing, on the permissive standard is that MHAP's intervention will unduly delay and prejudice the proceedings by growing its scope. On the latter, as argued above, the scope of the case was built into the pleadings the Hospital Corporation Parties filed. On the former, this case is still at the Rule 12 motion practice stage after protracted litigation in the Ninth Circuit. No discernable prejudice or delay could follow when the case has barely begun.

On both counts, the Court's power under Fed. R. Civ. P. 1 is to harness these rules, including Rule 24, to ensure the "just, speedy, and inexpensive determination of every action and proceeding." If MHAP cannot intervene now, it will need to file subsequent litigation either in the present or the future to address the decisions made under this case name and number. MHAP's intervention is the appropriate

---

[3] The remainder of the Hospital Corporation Parties' arguments, such as on the prong of "adequacy of representation," were already adequately addressed by MHAP's opening brief, and the arguments above further supplement why the Hospital Corporations cannot be permitted to speak on behalf of this vulnerable, specialized segment of Oregon's community.

REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE
Page 7 of 8

vehicle to ensure the Court's interest in the "just, speedy, and inexpensive determination" of the matter, that the resolution here is durable, not unnecessarily duplicative or undermined in collateral litigation, and, most-importantly, that the rights of people who cannot be here litigating with us because they are currently being held in the parties' facilities are vigilantly protected.

## CONCLUSION

Based on the foregoing, MHAP's Motion to Intervene must be **GRANTED**.

DATED January 21, 2025

**RESPECTFULLY FILED,**

s/ *Juan C. Chavez*
**Juan C. Chavez, OSB No. 136428**