Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
Dave Boyer, OSB # 235450
Dboyer@droregon.org
**Disability Rights Oregon**
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

Jesse Merrithew OSB #074564
jesse@lmhlegal.com
**Levi Merrithew Horst PC**
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(971) 229-1241
*Counsel for Plaintiff, Metropolitan Public Defender*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants. | Case No.  3:02-cv-00339-MO (Lead Case)<br>Case No.  3:21-cv-01637-MO (Member Case)<br><br>PLAINTIFFS' MOTION FOR SANCTIONS AGAINST MARION COUNTY AND ITS COUNSEL |

| | |
|---|---|
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, PATRICK ALLEN, Director of the Oregon Health Authority, in his individual and official capacity,<br><br>Defendants. | Case No.  3:21-cv-01637-MO (Member Case) |

**PLAINTIFFS' MOTION FOR SANCTIONS AGAINST MARION COUNTY AND ITS COUNSEL**

**Certification Under Rule 11(c)(2) and Local Rule 7-1**

Plaintiffs submitted a copy of this motion to Marion County by email to its counsel on January 16, 2025, along with an invitation to confer by phone. Plaintiffs will give the County 21 days to withdraw the motion, consistent with Rule 11(c)(2), before filing this motion. If the County does not withdraw the motion in the time allotted, Plaintiffs will file the motion with the Court. Plaintiffs hereby certify that, upon extension of such an offer to discuss these proceedings, either that:

      [_] the County declined to discuss the motion following Plaintiffs'

      invitation; or

      [x] after discussion between the County and the Plaintiffs, no

      agreement could be reached to avoid the filing of this motion.

## MOTION

For the reasons enunciated in Plaintiffs' Opposition to Marion County's Third Motion to Intervene, incorporating their arguments in opposition to Marion County's First and Second Motions to Intervene, Plaintiffs move the court to impose sanctions on Marion County and on its counsel, on the basis of Rule 11, the All Writs Act, the vexatious litigant statute, and the court's inherent authority. Fed. R. Civ. Pro. 11; 28 U.S.C. 1651; 28 U.S.C. 1927. Plaintiffs ask the court to impose some or all of the following sanctions, in its discretion:

- Strike Marion County's Third Motion to Intervene from the record;
- Declare Marion County and its attorneys to be vexatious litigants;
- Revoke Marion County's role as an amicus in these proceedings;
- Prohibit Marion County from filing further motions to intervene, except by permission of the court;
- Prohibit Marion County from filing further motions, memoranda, or other documents in this case or from appearing in court proceedings;
- Impose an appropriate monetary sanction on Marion County and its attorney; and
- Order Marion County and its attorney to reimburse Plaintiffs for any fees, costs, and litigation expenses associated with responding to its motions and other filings.

**MEMORANDUM**

As stated in the opposition to the County's Third Motion to Intervene, the County surely knows—having already lost two motions to intervene in this matter on timeliness grounds—that further intervention into a matter filed 23 years ago, decades into its enforcement processes, and six years after motions for contempt were first filed by Plaintiffs would be frivolous. Nevertheless, the County chose to file its third motion for intervention, while supplying essentially no legal authority in support of the timeliness of this third motion. The County likewise failed to provide any argument for its standing to intervene, nor identifying what its protectable interest was, nor how any such interest was protected by any law. Plaintiffs incorporate their responses to the County's first, second, and third motions to intervene by reference. ECF 408, ECF 478, ECF 549.

### I. Sanctions Are Appropriate Against Both the County and Its Counsel under Rule 11

Under Rule 11, an attorney signing a filing certifies that it is not being brought for an improper purpose and that, after "an inquiry reasonable under the circumstances" the attorney has found the legal claims to be "warranted by existing law or by a nonfrivolous argument" to extend, alter, or reverse existing law." Fed. R. Civ. Pro. 11(b). Sanctions may be imposed on any "attorney, law firm, or party" that has "violated the rule or is responsible for the violation." Fed. R. Civ. Pro. 11(c)(1). The party, Marion County itself, may be liable for its participation in these tactics and, in any event, directly employs county counsel. Mr. Elzinga, Marion County Counsel, signed the third motion to intervene and is thus clearly responsible under Rule 11. Mr. Pettifer is currently listed as

the lead attorney for Marion County and reached out to Plaintiffs to inquire about their position on the motion to intervene, though he did not sign the motion. Although not clear from the record, attorneys from the Bopp Law Firm may also bear responsibility, as they had previously appeared in this matter, claiming that their *pro hac vice* application was forthcoming. *See, e.g.,* ECF 478, at 12-13. *Pro hac vice* applications were never submitted. However, these out-of-state attorneys may continue their involvement at the district court level, based on the metadata from the Third Motion to Intervene indicating that it came from "1-Bopp Law PC." Marion County may wish to expound in any response as to which attorney(s) it believes responsible for the filing.

    Here, Marion County and its counsel have violated Rule 11 by presenting an argument that they know or should know not to be supported by law, and that no counsel in the present context could believe to be supported by law. Fed. R. Civ. Pro. 11(b)(2). Neither did Marion County and its counsel believe that this argument was justified by a nonfrivolous argument for extending, modifying, or reversing current law, or creating new law. *Id.* A court's "denial of [the movant's] first attempt to intervene put [the movant] on notice that its theory warranting intervention was flawed" and should not be renewed. *UFCW Loc. 880-Retail Food Emps. Joint Pension Fund v. Newmont Mining Corp.*, No. 05-CV-01100MSKCBS, 2007 WL 2871013, at *7 (D. Colo. Sept. 26, 2007), *aff'd sub nom. UFCW Loc. 880-Retail Food Emps. Joint Pension Fund v. Newmont Min. Corp.*, 276 F. App'x 747 (10th Cir. 2008). Filing a "renewed motion to intervene that did not materially alter its already-rejected theory" justified sanctions. *Id.* Specifically, Marion County and its counsel knew or should have known the long history of this case,

knew or should have known that a specific showing of timeliness would be required in order to intervene (based in part on extensive motion practice and district and circuit court opinions in this case), knew or should have known that timely intervention was essentially impossible under the circumstances in January 2025, but nevertheless filed the third motion to intervene without identifying a nonfrivolous argument for timely intervention.

Marion County's filing further indicates a particular intent to harass Plaintiffs, to delay the litigation, and to increase the cost of litigation needlessly. Fed. R. Civ. Pro. 11(b)(1). Marion County clearly bitterly opposes any efforts at redress in this matter that will impose any costs or responsibility on the County beyond the bare minimum the County believes to be desirable. To the extent that the County ever had some valid approach to these proceedings, it gave up on that interest long ago. A putative intervenor seeking only to "hijack[] this action to address issues that [the intervenor] wanted addressed . . . for the purpose of usurping the focus of the litigation from the parties' issues to the" movant's interests can properly be sanctioned. *UFCW Loc. 880-Retail Food Emps. Joint Pension Fund*, 2007 WL 2871013, at \*7. Having allowed the orders they opposed to go into effect without filing a timely appeal, Marion County is now content to make it as hard and as expensive as possible for the litigants to proceed through extensive motion practice in the district court.[1] The County is not entitled to play spoiler by interfering in litigation by repeatedly and frivolously moving to intervene in

---

[1] The County also engages in extensive obstructive appellate practice in the Ninth Circuit, which is admittedly the purview of the Ninth Circuit to resolve.

Page 6 – Plaintiffs' Motion for Sanctions Against Marion County and Its Counsel

this case. This Court, in assessing the scope of the sanctions to issue, may look back years, if it so chooses. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 (1991) ("[E]ven under Rule 11, sanctions may be imposed years after a judgment on the merits."). This Court could and may find that the sanctionable course of bad faith action by Marion County and its attorneys stretches back over years of filings intended to prolong and disrupt the proceedings, rather than just the most recent motion to intervene. Sanctions should issue, so that this court does not see a fourth and a fifth motion to intervene.

## II. This Court Can Sanction the County's Attorneys for Fees, Costs, and Expenses Under the Vexatious Litigant Statute

A court may also sanction any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously" and may require the attorney to "satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. 1927. As distinct from a Rule 11 sanction, a vexatious litigant sanction can focus on a whole course of conduct and the totality of its effect, rather than the legitimacy of a single filing. An attorney who continues a case after having reason to know that "continuation of a case that had been clearly precluded" by prior decisions engages in such vexatious conduct. *Trulis v. Barton*, 107 F.3d 685, 692 (9th Cir. 1995) (district court erred in denying sanctions); *In re Peoro*, 793 F.2d 1048, 1051 (9th Cir. 1986) (Section 1927 sanctions appropriate where res judicata clearly barred relitigation). Here, the County's first motion to intervene from 2023 had already been found untimely, and the Ninth Circuit had summarily upheld that decision long before the third motion to intervene. *Oregon Advoc. Ctr. v. Allen*, No. 23-35516, 2024 WL 2103274, at *1 (9th Cir.

May 10, 2024). The second motion to intervene was also denied as untimely, and that appeal is pending. ECF 485. No reasonable attorney would believe that a third motion to intervene would be timely under the present circumstances.

The present motion to intervene was brought, not because the County believes that it has a meritorious basis for doing so, but because the County wishes in bad faith to extend, protract, and subvert these proceedings. The County's bad faith is evidenced, in part, by its false assurance that it is "only asking to respond to a newly filed motion with new concepts," rather than admitting its broader intent in intervention. ECF 544, at 4. "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). "[R]ecklessness suffices for § 1927." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). A party demonstrating good faith does not need to mislead the court, nor to advance a legal argument it knows is meritless. The Court has broad discretion to find that the Third Motion to Intervene was a vexatious act and tax costs, fees, and expenses to the County's attorney appropriately, or to determine that the vexatious course of action stretches back further and assess a greater degree of sanction.

### III.  The Court May Issue Sanctions Under Its Inherent Authority

While Rule 11 is focused on a single pleading and § 1927 focuses on the knowing or reckless multiplication of proceedings, a court's inherent authority to sanction parties covers at least the breadth of those two sources of authority, while also including technically truthful assertions or nonfrivolous filings made for improper purposes. *Fink*,

239 F.3d at 992. A court has discretion to pursue sanctions under its inherent authority, rather than Rule 11 or § 1927, although action under the more specific rule or statute is preferred. *Id.* at 994. The court's power is limited, however, to assessing only those costs directly caused by the malfeasance in question. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 114 (2017). The Court may issue sanctions in a variety of forms and against a variety of parties under its inherent authority.

### IV. The Court Also Has Authority to Bar Further Pleadings, Strike Pleadings, and Otherwise Manage Its Own Docket Under the All Writs Act

In addition to the authorities above, courts may issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. 1651(a). These orders may include, for instance, "enjoining litigants with abusive and lengthy histories." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). This power must be moderated by appropriate notice, adequate factual findings to permit review, actual findings of frivolousness or a pattern of harassment, and an order of appropriate breadth. *Id.* Orders preventing relitigation of decided matters are appropriate under the All Writs Act. *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983).

### V. Conclusion

Under all these different authorities, the court has broad latitude to make any findings and issue any orders it needs in order to redress the harm by Marion County's serial, bad-faith actions in filing repetitious pleadings and advancing frivolous theories of intervention. The County had strong reason to believe that its third motion was frivolous as to any claimed timeliness. The paucity of its arguments, citing no legal authorities

addressing timeliness, indicate that the County either conducted no research to justify its third motion or conducted research and found only negative authorities that it failed to include, address, or distinguish its present claims from. Continuing to pursue a course of action the County knows to be frivolous, with the purpose and effect of draining resources from the litigants, is the essence of sanctionable behavior.

Respectfully submitted this 7th of February, 2025.

                DISABILITY RIGHTS OREGON

                /s *Emily Cooper*
                Emily Cooper OSB # 182254
                ecooper@droregon.org
                Thomas Stenson, OSB # 152894
                tstenson@droregon.org
                Dave Boyer, OSB # 235450
                Dboyer@droregon.org
                511 SW 10th, Suite 200
                Portland OR 97205
                Tel:   (503) 243 2081
                FAX:  (503) 243 1738

                *Counsel for Plaintiff Disability Rights Oregon*

                Jesse Merrithew OSB #074564
                jesse@lmhlegal.com
                **Levi Merrithew Horst PC**
                610 SW Alder Street, Suite 415
                Portland, Oregon 97205
                (971) 229-1241
                *Counsel for Plaintiff, Metropolitan Public Defender*