DAN RAYFIELD
Attorney General
CARLA A. SCOTT #054725
SHEILA H. POTTER #993485
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
JILL CONBERE #193430
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Carla.A.Scott@doj.oregon.gov
        Sheila.Potter@doj.oregon.gov
        Craig.M.Johnson@doj.oregon.gov
        Jill.Conbere@doj.oregon.gov

Attorneys for Defendants Patrick Allen, Sajel Hathi, Dolores Matteucci, and Sara Walker

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>SAJEL HATHI, in her official capacity as head of the Oregon Health Authority, and SARA WALKER in her official capacity as Interim Superintendent of the Oregon State Hospital,<br><br>Defendants. | Case No.  3:02-cv-00339-AN (Lead Case)<br>Case No.  3:21-cv-01637-AN (Member Case)<br>Case No.  6:22-CV-01460-AN (Member Case)<br><br>DECLARATION OF MATTHEW GREEN |
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>SARA WALKER, Interim Superintendent of the Oregon State Hospital, in her official | Case No.  3:21-cv-01637-AN (Member Case) |

Page 1 -   DECLARATION OF MATTHEW GREEN
    CAS/j3b/985004196

capacity, DOLORES MATTEUCCI, in her individual capacity, SAJEL HATHI, Director of the Oregon Health Authority, in her official capacity, and PATRICK ALLEN in his individual capacity,

        Defendants.

LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON,

        Plaintiffs,
  v.

SAJEL HATHI, in her official capacity as Director of Oregon Health Authority,

        Defendant.

Case No. 6:22-CV-01460-AN (Member Case)

I, Matthew Green, hereby declare:

1. I make this declaration based on my personal knowledge.

2. Since 2019, I have been a Senior Policy Advisor at Oregon Health Authority (OHA). I am a member of OHA's Government Relations team, which conducts day-to-day engagement with state legislators and partners with an interest in health-related legislation.

3. My portfolio includes the Oregon State Hospital, so I am the lead for the Government Relations team on bills related to fitness to proceed, patients under aid & assist orders, and related issues.

4. In 2024, I drafted bill language to reflect the direction received from the federal court's orders and the court-appointed neutral expert's recommendations and shared it with interested parties. That bill language is attached hereto as **Exhibit 1**. That language would amend ORS 161.355, 161.370, and 161.371. It was designed to fully implement the court order and neutral expert's report, with no other policy changes.

5. Continuing the executive branch's efforts to codify Dr. Pinals' recommendations regarding restoration limits, the Governor included a placeholder bill among her requests to

Page 2 -   DECLARATION OF MATTHEW GREEN
    CAS/j3b/985004196

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

the legislature for the 2025 legislative session. It was introduced as House Bill (HB) 3051. HB 3051 was ultimately assigned to the House Judiciary Committee, because the latter is also considering other bills on similar topics.  The chair of the House Judiciary Committee is Representative Jason Kropf, of the 54th District in Deschutes County.

6.     At my request, early in the 2025 legislative session, Representative Kropf directed his staff to submit the legislative language I drafted to the Office of Legislative Counsel, for them to turn my draft into a formal proposed amendment to HB 3051.  On February 25, 2025, Legislative Counsel shared their proposed amendment (HB 3501-2) with me.  I identified a minor error in their version, where the restoration time limit in one instance did not match the court-appointed expert's recommendations; Legislative Counsel has since redrafted it to correct this error. Attached as **Exhibit 2** is a true and correct copy of the corrected proposed amendment, now known as HB 3501-3.

7.     In November 2024, Representative Kropf convened a legislative workgroup of interested stakeholders – the Workgroup on Forensic Behavioral Health – to discuss both aid & assist and civil commitment issues (in recognition that these issues impact each other). Attached as **Exhibit 3** is a true and correct copy of this workgroup's workplan.

8.     Representative Kropf expressed to the workgroup his hope that it could reach consensus on at least some of the issues under discussion, and his intent to advance any such consensus through the legislative process.

9.     The chair of the Senate Judiciary Committee, Senator Floyd Prozanski, has also followed the workgroup's efforts, because any bills passed in the House would come to his committee in the Senate, but has let Representative Kropf take the lead on these issues.

10.    The legislative workgroup has met, in whole or in subgroups, once or twice per week throughout session so far, and discussed a wide range of ideas.

11.    After Legislative Counsel initially shared the proposed amendment, the workgroup discussed the issues it raised. Prosecuting attorneys were critical of the time limits, and of

Page 3 -    DECLARATION OF MATTHEW GREEN
            CAS/j3b/985004196

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

making persons charged with a misdemeanor ineligible for admission to Oregon State Hospital, and sought more potential extensions of the time limits, but expressed a willingness to seek a compromise on these issues. Defense attorneys were supportive of time limits and of making persons charged with a misdemeanor ineligible for admission to Oregon State Hospital, with a call for the time limits to be even shorter in at least one instance but also expressed a willingness to seek a compromise.

12.     Many workgroup members supported a proposal for placing a sunset clause on any bill relating to time limits, along with a mechanism to collect data on the impacts of those time limits, so that the legislature would revisit the issue in a few years. Many workgroup members supported expansion of capacity for community restoration, and of capacity for secure step-down locations (i.e., Class 1 Secure Residential Treatment Facilities), as an alternative to placement at Oregon State Hospital. Many workgroup members supported some form of regular check-in or review by a court of community restoration to ensure there is still therapeutic benefit for the patient. Some workgroup members sought adjustments regarding exactly which misdemeanors or felonies are considered for which time limits. Some workgroup members expressed a need for more oversight or standards of community restoration.

13.     There are numerous other bills in the legislature relating in some manner to fitness to proceed and aid & assist patients, including but not limited to:

- HB 2470, requested by the Oregon District Attorneys Association, which would direct OHA to increase capacity at Oregon State Hospital or elsewhere, and authorizes in-custody jail-based restoration, among other provisions.

- HB 2467, requested by NAMI Oregon (affiliate of the National Alliance for the Mentally Ill), which changes the standard for civil commitment; NAMI Oregon has described its aim as increasing civil commitment in order to reduce aid & assist orders.

Page 4 -   DECLARATION OF MATTHEW GREEN
           CAS/j3b/985004196

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

- HB 2666, introduced by Representative Paul Evans, which creates and funds treatment of individuals with behavioral health disorders while in county jails.

- HB 2311 and HB 3058, both introduced by Representative Kevin Mannix, and which he has described as intended to streamline the administrative law process by which Oregon State Hospital makes determinations for involuntary medication.

- Several placeholder bills introduced have been introduced by Representative Kropf – or by the House Judiciary Committee which he chairs – designed to serve as vehicles for additional proposals relating to fitness to proceed and/or civil commitment. Based on his statements, I expect these to include proposals that receive broad support in the legislative workgroup.

14. HB 3051 received a public hearing in the House Judiciary Committee on Monday, March 10, 2025. OHA gave testimony in support of the bill – or more precisely in support of the amendment to the bill – from Dr. Sara Walker, Interim Superintendent of Oregon State Hospital, and from Ebony Clark, Behavioral Health Director. They also submitted a written version of their testimony, which is attached as **Exhibit 4**. In addition, Amy Baker, Behavioral Health Initiative Director for Governor Tina Kotek, testified in support of the bill.

15. The legislature's calendar includes two important upcoming dates: (a) Bills must be posted on a committee agenda for a vote no later than March 21; and (b) Bills must then be voted on and passed by the committee no later than April 9 (with some exceptions that are not relevant here). Given these dates, the legislative staff who facilitate the workgroup's efforts have expressed their plan to conclude discussions by mid-March, leaving enough time for drafting amendments based on those discussions and then hearing them in the House Judiciary Committee for a vote in early April.

16. Regarding funding, both Representative Kropf and workgroup members broadly expressed support for additional funding related to serving aid & assist and civil commitment patients, though Representative Kropf noted that the Judiciary committees do not determine budgets and that he does not serve on the Joint Ways & Means Committee, which does. Representative Kropf indicated that he has had initial conversations with the Co-Chairs of the

Page 5 -    DECLARATION OF MATTHEW GREEN
CAS/j3b/985004196

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Joint Ways & Means Committee, Senator Kate Lieber and Representative Tawna Sanchez, about funding needs. The Joint Ways & Means Committee has not yet publicly released a budget proposal. Such a proposal is not expected until at least after May 14, 2025, when the next state revenue forecast will be released. Amy Baker, in her testimony in support of HB 3501, noted that the Governor has included additional behavioral health investments in her recommended budget.

**I declare under penalty of perjury that the foregoing is true and correct.** EXECUTED on March 11, 2025.

                                         *s/ Matthew Green*
                                         MATTHEW GREEN

Page 6 -   DECLARATION OF MATTHEW GREEN
         CAS/j3b/985004196

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000