**Bill Language to Implement the Report of the Mink/Bowman Neutral Expert**
12/12/24

This document contains bill language designed to implement the requirements of the order by Judge Mosman (Second Amended Order to Implement Neutral Expert's Recommendations), issued July 2, 2023, as directed in the report submitted by the Neutral Expert to the court on November 19, 2024.

This bill language is intended to become an amendment to Oregon Health Authority's requested LC 420, OSH Time Limits and Restoration Placeholder. Representative Kropf has agreed to introduce this language as an amendment (presumably pending his final review).

Note that legislators and stakeholders are discussing Aid & Assist and civil commitment on a much broader scale. Some have proposed to expand the capacity of Oregon State Hospital, change the civil commitment standards, create "deflection" programs to avoid commitment, and much more. In that context, legislators are likely to consider this bill language as part of a larger potential package of legislation.

This is in standard bill format:

- Plain text is existing language unchange
- *Italics* text is existing language to be removed
- **Bold** text is new language to be added

The comments by Matthew Green (me) are annotations to explain what each change does, with language on the topic from the report.

## ORS 161.355 – Definitions

As used in ORS 161.355 (Definitions) to 161.371 (Procedures upon commitment of defendant):

(1) "Certified evaluator" has the meaning given that term in ORS 161.309 (Notice of mental defense).

(2) "Community restoration services" means services and treatment necessary to safely allow a defendant to gain or regain fitness to proceed in the community, which may include supervision by pretrial services.

(3) "Hospital level of care" means that a defendant requires the type of care provided by an inpatient hospital in order to gain or regain fitness to proceed.

(4) "Public safety concerns" means that the defendant presents a risk to self or to the public if not hospitalized or in custody.

**(5) "Person misdemeanor" includes:**    *Commented [MG1]: Later sections will refer back to this definition.*

> **(a) ORS 162.315 (Resisting arrest) Resisting Arrest; ORS 163.160 (Assault in the fourth degree) Assault IV; ORS 163.187 (Strangulation) Strangulation; ORS 163.190 (Menacing) Menacing; ORS 163.195 (Recklessly endangering another person) Recklessly Endanger Another; ORS 163.200 (Criminal mistreatment in the second degree) Criminal Mistreatment II; ORS 163.212**

(Unlawful use of an electrical stun gun, tear gas or mace in the second degree) Use of Stun Gun, Tear Gas, Mace II; ORS 163.415 (Sexual abuse in the third degree) Sexual Abuse III; ORS 163.454 (Custodial sexual misconduct in the second degree) Custodial Sexual Misconduct in the Second Degree; ORS 163.465 (Public indecency) Public Indecency; ORS 163.467 (Private indecency) Private Indecency; ORS 163.472 (Unlawful dissemination of an intimate image) Unlawful Dissemination of Intimate Image; ORS 163.476 (Unlawfully being in a location where children regularly congregate) Unlawfully Being in a Location Where Children Regularly Congregate; ORS 163.545 (Child neglect in the second degree) Child Neglect II; ORS 163.575 (Endangering the welfare of a minor) Endanger Welfare of Minor; ORS 163.687 (Encouraging child sexual abuse in the third degree) Encouraging Child Sex Abuse III; ORS 163.700 (Invasion of personal privacy in the second degree) Invasion of Personal Privacy II; ORS 163.709 (Unlawful directing of light from a laser pointer) Unlawfully Directing a Laser Pointer; ORS 163.732 (Stalking)(1) Stalking; ORS 163.750 (Violating a court's stalking protective order)(1) Violating Court's Stalking Order; ORS 165.572 (Interference with making a report) Interfering with Making a Police Report; ORS 165.815 (Criminal impersonation) Criminal Impersonation; ORS 166.065 (Harassment)(4) Harassment/Offensive Sexual Contact; ORS 166.155 (Bias crime in the second degree) Bias Crime II; ORS 166.385 (Possession of hoax destructive device)(2) Misdemeanor Possession of a Hoax Destructive Device; ORS 167.054 Furnishing Sexually Explicit Material to a Child; ORS 475.910 (Application of controlled substance to the body of another person)(4) Unlawful Administration of a Controlled Substance; ORS 609.990 (Penalties for ORS 609.060, 609.095, 609.098, 609.100, 609.169 and 609.405)(3)(a) Maintaining Dangerous Dog; ORS 811.060 (Vehicular assault) Vehicular Assault; ORS 813.010 (Driving under the influence of intoxicants), Driving Under the Influence of Intoxicants (as provided in OAR 213-004-0009 (Prior ORS 813.010 (DUII) Convictions)); ORS 837.374 (Reckless interference with aircraft)(2) and (3) Unlawful Interference with Aircraft (if aircraft manned at time of offense); and attempts or solicitations to commit any Class C person felonies as defined in section (14) of this rule; or

> **Commented [MG2]:** This list is from OAR 213-003-0001(15). The court order simply referenced the rule, but statute cannot do that, so legislative counsel will need to write the final bill language to properly reference these.

(b) Violation of:

    (A) An Extreme Risk Protective Order entered under ORS 166.525 et seq.

    (B) A Family Abuse Prevention Act Restraining Order entered under ORS 107.700 et seq.

    (C) An Elderly Persons and Persons with Disabilities Abuse Prevention Act Restraining Order under ORS 124.005 et seq.;

    (D) A Sexual Abuse Restraining Order under ORS 163.760 et seq.; or

    (E) An Emergency Protection Order under ORS 133.035.

> **Commented [MG3]:** Again, this is how the court order referenced these violations, but legislative counsel will need to write the proper final bill language.

ORS 161.370 – Determination of fitness to proceed

(1)

(a) When the defendant's fitness to proceed is drawn in question, the issue shall be determined by the court.

(b) If neither the prosecuting attorney nor counsel for the defendant contests the finding of the report filed under ORS 161.365 (Procedure for determining issue of fitness to proceed), the court may make the determination on the basis of the report. If the finding is contested, the court shall hold a hearing on the issue. If the report is received in evidence in the hearing, the party who contests the finding has the right to summon and to cross-examine any certified evaluator who submitted the report and to offer evidence upon the issue. Other evidence regarding the defendant's fitness to proceed may be introduced by either party.

(2)

(a) If the court determines that the defendant lacks fitness to proceed, the criminal proceeding against the defendant shall be suspended and the court shall proceed in accordance with this subsection.

(b) After making the determination under paragraph (a) of this subsection, the court shall receive a recommendation from a community mental health program director or the director's designee, and from any local entity that would be responsible for treating the defendant if the defendant were to be released in the community, concerning whether appropriate community restoration services are present and available in the community.

(c) If the parties agree as to the appropriate action under this section, the court may, after making all findings required by law, enter any order authorized by this section. If the parties do not agree as to the appropriate action, the court and the parties shall, at a hearing, consider an appropriate action in the case, and the court shall make a determination and enter an order necessary to implement the action. In determining the appropriate action, the court shall consider the primary and secondary release criteria as defined in ORS 135.230 (Definitions for ORS 135.230 to 135.290), the least restrictive option appropriate for the defendant, the needs of the defendant and the interests of justice. Actions may include but are not limited to:

    (A) Commitment for the defendant to gain or regain fitness to proceed under subsection (3) or (4) of this section;

    (B) An order to engage in community restoration services, as recommended by the community mental health program director or designee, under subsection (6) of this section;

    (C) Commencement of a civil commitment proceeding under ORS 426.070 (Initiation) to 426.170 (Delivery of certified copy of record), 426.701 (Commitment of "extremely dangerous" person with qualifying mental disorder) or 427.235 (Notice to court of need for commitment) to 427.290 (Determination by court of need for commitment);

    (D) Commencement of protective proceedings under ORS chapter 125; or

    (E) Dismissal of the charges pursuant to ORS 135.755 (Dismissal on motion of court or district attorney).

(d) If the court, while considering or ordering an appropriate action under this subsection, does not order the defendant committed to a state mental hospital or other facility, but finds that appropriate community restoration services are not present and available in the community, for any defendant remaining in custody after such determination, the court shall set a review hearing seven days from the date of the determination under paragraph (a) of this subsection. At the review hearing, the court shall consider all relevant information and determine if commitment to the state mental hospital or other facility is appropriate under subsection (3) or (4) of this section, or if another action described in paragraph (c) of this subsection is appropriate. At the conclusion of the hearing the court shall enter an order in accordance with the defendant's constitutional rights to due process.

(e) If the court determines that the appropriate action in the case is an order for the defendant to engage in community restoration services, but the defendant has a pending criminal case, warrant or hold in one or more other jurisdictions, the other jurisdictions shall, within two judicial days of becoming aware of the proceeding under this section, communicate with the court and the other jurisdictions, if applicable, to develop a plan to address the interests of all jurisdictions in the defendant in a timely manner.

(3)

(a) If the most serious offense in the charging instrument is a felony, the court shall commit the defendant to the custody of the superintendent of a state mental hospital or director of a facility designated by the Oregon Health Authority if the defendant is at least 18 years of age, or to the custody of the director of a secure intensive community inpatient facility designated by the authority if the defendant is under 18 years of age, if the court makes the following findings:

> (A) The defendant requires a hospital level of care due to public safety concerns if the defendant is not hospitalized or in custody or the acuity of symptoms of the defendant's qualifying mental disorder; and

> (B) Based on the findings resulting from a consultation described in ORS 161.365 (Procedure for determining issue of fitness to proceed) (1), if applicable, from any information provided by community-based mental health providers or any other sources, and primary and secondary release criteria as defined in ORS 135.230 (Definitions for ORS 135.230 to 135.290), the appropriate community restoration services are not present and available in the community.

(b) If the defendant is committed under this subsection, the community mental health program director, or director's designee, shall at regular intervals, during any period of commitment, review available community restoration services and maintain communication with the defendant and the superintendent of the state mental hospital or director of the facility in order to facilitate an efficient transition to treatment in the community when ordered.

(c) If the court does not order the commitment of the defendant under this subsection, the court shall proceed in accordance with subsection (2)(c) of this section to determine and order an appropriate action other than commitment.

(4)

(a) If the most serious offense in the charging instrument is a **person** misdemeanor, the court may not commit the defendant to the custody of the superintendent of a state mental hospital or director of a facility designated by the Oregon Health Authority if the defendant is at least 18 years of age, **or if the most serious offense in the charging instrument is a misdemeanor, the court may not commit the defendant** to the custody of the director of a secure intensive community inpatient facility designated by the authority if the defendant is under 18 years of age, unless the court:

> **Commented [MG4]:** This keeps people charged with a person misdemeanor eligible for admission to OSH. The next part makes people charged with a non-person misdemeanor ineligible.

> **Commented [MG5]:** This change is necessary to keep the law regarding youth the same, in that any misdemeanor still makes them eligible for admission to a secure facility. Without this, the new rule for adults regarding person misdemeanors would also apply to youth, which is not an element of the court order.

(A)

(i) Receives a recommendation from a certified evaluator that the defendant requires a hospital level of care due to the acuity of symptoms of the defendant's qualifying mental disorder; and

(ii) Receives a recommendation from a community mental health program director, or director's designee, that the appropriate community restoration services are not present and available in the community; or

(B) Determines that the defendant requires a hospital level of care after making all of the following written findings:

(i) The defendant needs a hospital level of care due to the acuity of the symptoms of the defendant's qualifying mental disorder;

(ii) There are public safety concerns; and

(iii) The appropriate community restoration services are not present and available in the community.

(b) If at the time of determining the appropriate action for the case, the court is considering commitment under paragraph (a)(A) of this subsection and:

(A) Has not received a recommendation from a certified evaluator as to whether the defendant requires a hospital level of care due to the acuity of symptoms of the defendant's qualifying mental disorder, the court shall order a certified evaluator to make such a recommendation.

(B) Has not received a recommendation from the community mental health program director or designee concerning whether appropriate community restoration services are present and available in the community, the court shall order the director or designee to make such a recommendation.

(c) If the court does not order the commitment of the defendant under this subsection, the court shall proceed in accordance with subsection (2)(c) of this section to determine and order an appropriate action other than commitment.

(d) If the defendant is committed under this subsection, the community mental health program director, or director's designee, shall at regular intervals, during any period of commitment, review available community restoration services and maintain communication with the

defendant and the superintendent of the state mental hospital or director of the facility in order to facilitate an efficient transition to treatment in the community when ordered.

(5) If the most serious offense in the charging instrument is a violation **or a misdemeanor other than a person misdemeanor**, the court may not commit the defendant to the custody of the superintendent of a state mental hospital or director of a facility designated by the Oregon Health Authority if the defendant is at least 18 years of age, or **if the most serious offense in the charging instrument is a violation, the court may not commit the defendant** to the custody of the director of a secure intensive community inpatient facility designated by the authority if the defendant is under 18 years of age.

> **Commented [MG6]:** This makes persons charged with non-person misdemeanors, and no more serious charge, ineligible for admission to OSH. Pinals report: *"Individuals whose most serious charge is a non-person misdemeanor are not eligible for restoration at OSH."*

> **Commented [MG7]:** Again, this is necessary to prevent the new rule relating to adults from also applying to youth.

(6)

(a) If the court does not order the commitment of the defendant under subsection (3) or (4) of this section, if commitment is precluded under subsection (5) of this section or if the court determines that care other than commitment would better serve the defendant and the community, the court shall release the defendant, pursuant to an order that the defendant engage in community restoration services, until the defendant has gained or regained fitness to proceed, or until the court finds there is no substantial probability that the defendant will, within the [*foreseeable future*] **time remaining for restoration within the maximum time period established in subsection (7) of this section**, gain or regain fitness to proceed. The court may not order the defendant to engage in community restoration services in another county without permission from the other county.

> **Commented [GM*8]:** This changes the vague "foreseeable future" standard to instead align with the maximums set below. Pinals report: *"Currently, the statute requires that a forensic evaluator opine on whether an individual can be restored in "the foreseeable future." This is generally interpreted so broadly as to be the indefinite future, leading to repeated forensic opinions that the individual is not presently able to aid and assist their attorney, even for individuals who have not substantially responded to treatment or are unlikely to respond more substantially given more time or a different treatment. In an earlier report, Dr. Pinals has already recommended a change to the statutory language such that evaluators are required to opine about whether the defendant can be restored within the time available for restoration."*

(b) **If the court has previously ordered the commitment of the defendent under subsection (3) or (4) of this section, the court may subsequently order that the defendant engage in community restoration services if and only if a forensic evaluation indicates there is a substantial probability that additional restoration efforts will restore the defendant.**

(c) The [*court may order a*] community mental health program director coordinating the defendant's treatment in the community [*to provide the court with status reports on the defendant's progress in gaining or regaining fitness to proceed. The director shall provide a status report if the defendant is not complying with court-ordered restoration services.*] **shall cause the defendant to be evaluated and shall notify the court regarding the defendant in the same manner and within the same timelines as required of the superintendent of a state mental hospital or director of a facility to which the defendant is committed are required to do so under ORS 161.371.**

> **Commented [GM*9]:** This part sets a standard for placing a patient in community restoration after commitment to OSH. Pinals resport: *"A patient at OSH may be placed in community restoration following OSH admission only if a forensic evaluation indicates there is a substantial probability that additional restoration efforts will restore the patient."*

> **Commented [MG10]:** Removing this phrase makes the evaluation and reporting on community restoration mandatory, not optional. This is necessary to make the new requirements in this paragraph make sense.

> **Commented [MG11]:** This part applies the same evaluation and reporting requirements that exist for commitment to community restoration also. Pinals report: *"There is currently no statutory requirement for individuals in CR to be evaluated for competency to stand trial. Dr. Pinals will recommend establishing requirements equivalent to the existing requirements for evaluation for OSH inpatients."*

[*(c)*] **(d)** A community mental health program director coordinating the defendant's treatment in the community shall notify the court if the defendant gains or regains fitness to proceed. The notice shall be filed with the court and may be filed electronically. The clerk of the court shall cause copies of the notice to be delivered to both the district attorney and the counsel for the defendant.

[*(d)*] **(e)** When a defendant is ordered to engage in community restoration services under this subsection, the court may place conditions that the court deems appropriate on the release, including the requirement that the defendant regularly report to a state mental hospital or a

certified evaluator for examination to determine if the defendant has gained or regained fitness to proceed.

(7) **If the defendant is at least 18 years of age, the maximum time period authorized for restoration described in this section is as follows:**

> (a) If the most serious offense in the charging instrument is a violation or a misdemeanor other than a person misdemeanor, the maximum time period is 90 days in community restoration services.
>
> (b) If the most serious offense in the charging instrument is a person misdemeanor, the maximum time period is:
>
>> (A) A maximum of 90 days in commitment and a subsequent maximum of 90 days in community restoration services; or
>>
>> (B) A maximum of 90 days in community restoration services.
>
> (c) If the most serious offense in the charging instrument is a felony, the maximum time period is:
>
>> (A) A maximum of 180 days in commitment and a subsequent maximum of 90 days in community restoration services; or
>>
>> (B) A maximum of 180 days in community restoration services.
>
> (d) Notwithstanding paragraph (c) of this subsection, if the most serious offense in the charging instrument is a aggravated murder or a crime listed in ORS 137.700 (2), the maximum time period is:
>
>> (A) A maximum of 360 days in commitment and a subsequent maximum of 180 days in community restoration services; or
>>
>> (B) A maximum of 360 days in community restoration services.
>
> (e) Notwithstanding paragraphs (a) through (d) of this subsection, the maximum time period in commitment and community restoration services combined may be no longer than a period of time equal the maximum sentence the court could have imposed if the defendant had been convicted.
>
> (f) For purposes of calculating the maximum period of commitment described in this subsection:
>
>> (A) The initial custody date is the date on which the defendant is first committed under this section on any charge alleged in the accusatory instrument; and
>>
>> (B) The defendant shall be given credit against each charge alleged in the accusatory instrument:

**Commented [MG12]:** This subsection sets the restoration limits for adults in both commitment and community restoration. Note that these limits are for adults only, as the court order did not address youth. Pinals report: *"Restoration limits for OSH and CR are therefore proposed as follows:"* [See table on page 32 of report]

**Commented [GM*13]:** This subsection applies the longer time periods to violent felonies, using the existing definition from ORS 160.371. The subsection (C) above therefore applies to all other – i.e., non-violent – felonies. Writing it this way avoids the need to separately define non-violent felonies.

**(i) For each day the defendant is committed under this section, whether the days are consecutive or are interrupted by a period of time during which the defendant has gained or regained fitness to proceed; and**

**(ii) Unless the defendant is charged on any charging instrument with aggravated murder or a crime listed in ORS 137.700(2), for each day the defendant is held in jail before and after the date the defendant is first committed, whether the days are consecutive or are interrupted by a period of time during which the defendant lacks fitness to proceed.**

> **Commented [GM*14]:** This language was moved here from ORS 161.731 without substantive change. That ORS set time limits only for commitment, not community restoration. All the time limits discussion has been collected here, so that it can address both commitment and community restoration.

**(8)** The Oregon Health Authority shall establish by rule standards for the recommendation provided to the court described in subsection (2) of this section. [1971 c.743 §52; 1975 c.380 §5; 1993 c.238 §3; 1999 c.931 §§1,2; 2005 c.685 §6; 2009 c.595 §107; 2011 c.508 §1; 2011 c.724 §8; 2015 c.130 §2; 2017 c.49 §1; 2017 c.233 §3; 2017 c.628 §1; 2017 c.634 §16; 2019 c.311 §5; 2019 c.318 §2; 2019 c.538 §2a; 2021 c.395 §7]

## ORS 161.371 – Procedures upon commitment of defendant

(1) The superintendent of a state mental hospital or director of a facility to which the defendant is committed under ORS 161.370 shall cause the defendant to be evaluated within 60 days from the defendant's delivery into the superintendent's or director's custody, for the purpose of determining whether there is a substantial probability that, in the [*foreseeable future*] **time remaining for restoration within the maximum time period established in ORS 160.370(7),** the defendant will have fitness to proceed. In addition, the superintendent or director shall:

> **Commented [MG15]:** Same change as above.

(a) Immediately notify the committing court if the defendant, at any time, gains or regains fitness to proceed or if there is no substantial probability that, within the [*foreseeable future*] **time remaining for restoration within the maximum time period established in subsection (7) of this section**, the defendant will gain or regain fitness to proceed.

> **Commented [MG16]:** Same change as above.

(b) Within 90 days of the defendant's delivery into the superintendent's or director's custody, notify the committing court that:

(A) The defendant has present fitness to proceed;

(B) There is no substantial probability that, in the [*foreseeable future*] **time remaining for restoration within the maximum time period established in ORS 160.370(7),** the defendant will gain or regain fitness to proceed; or

> **Commented [MG17]:** Same change as above.

(C) There is a substantial probability that, in the [*foreseeable future*] **time remaining for restoration within the maximum time period established in ORS 160.370(7),** the defendant will gain or regain fitness to proceed. If the probability exists, the superintendent or director shall give the court an estimate of the time in which the defendant, with appropriate treatment, is expected to gain or regain fitness to proceed.

> **Commented [MG18]:** Same change as above.

(c) Notify the court if court-ordered involuntary medication is necessary for the defendant to gain or regain fitness to proceed and, if appropriate, submit a report to the court under ORS 161.372 (Involuntary administration of medication for fitness to proceed).

(2)

(a) If the superintendent of the state mental hospital or director of the facility to which the defendant is committed determines that there is a substantial probability that, in the [*foreseeable future*] **time remaining for restoration within the maximum time period established in ORS 160.370(7)**, the defendant will gain or regain fitness to proceed, unless the court otherwise orders, the defendant shall remain in the superintendent's or director's custody where the defendant shall receive treatment designed for the purpose of enabling the defendant to gain or regain fitness to proceed. In keeping with the notice requirement under subsection (1)(b) of this section, the superintendent or director shall, for the duration of the defendant's period of commitment, submit a progress report to the committing court, concerning the defendant's fitness to proceed, at least once every 180 days as measured from the date of the defendant's delivery into the superintendent's or director's custody.

> **Commented [MG19]:** Same change as above.

(b) A progress report described in paragraph (a) of this subsection may consist of an update to:

    (A) The original examination report conducted under ORS 161.365; or

    (B) An evaluation conducted under subsection (1) of this section, if the defendant did not receive an examination under ORS 161.365.

(3)

(a) Notwithstanding subsection (2) of this section, if the most serious offense in the charging instrument is a felony, and the superintendent of the state mental hospital or director of the facility to which the defendant is committed determines that a hospital level of care is no longer necessary due to present public safety concerns and the acuity of symptoms of the defendant's qualifying mental disorder, the superintendent or director may file notice of the determination with the court. Upon receipt of the notice, the court shall order that a community mental health program director or the director's designee, within five judicial days:

    (A) Consult with the defendant and with any local entity that would be responsible for providing community restoration services, if the defendant were to be released in the community, to determine whether community restoration services are present and available in the community; and

    (B) Provide the court and the parties with recommendations from the consultation.

(b) Notwithstanding subsection (2) of this section, if the most serious offense in the charging instrument is a felony, and the community mental health program director determines that community restoration services that would mitigate any risk posed by the defendant are present and available in the community, the community mental health program director may file notice of the determination with the court. Upon receipt of the notice, the court shall order that the superintendent of the state mental hospital or director of the facility to which the defendant is committed, within five judicial days:

   (A) Evaluate the defendant to determine whether a hospital level of care is no longer necessary due to present public safety concerns, or no longer necessary due to the acuity of symptoms of the defendant's qualifying mental disorder; and

   (B) Provide the court and the parties with recommendations from the evaluation.

  (c) Within 10 judicial days of receiving the recommendations described in paragraph (a) or (b) of this subsection, the court shall hold a hearing to determine an appropriate action in accordance with ORS 161.370(2)(c) as follows:

   (A) If, after consideration of the factors and possible actions described in ORS 161.370(2)(c) and any recommendations received under paragraph (a) or (b) of this subsection, the court determines that a hospital level of care is necessary due to public safety concerns or the acuity of symptoms of the defendant's qualifying mental disorder, and that based on the consultation or evaluation described in paragraph (a) or (b) of this subsection, any information provided by community-based mental health providers or any other sources, primary and secondary release criteria as defined in ORS 135.230 (Definitions for ORS 135.230 to 135.290), and any other information the court finds to be trustworthy and reliable, the appropriate community restoration services are not present and available in the community, the court may continue the commitment of the defendant.

   (B) If the court does not make the determination described in subparagraph (A) of this paragraph, the court shall terminate the commitment and shall set a review hearing seven days from the date of the commitment termination for any defendant remaining in custody. At the review hearing, the court shall consider all relevant information, determine an appropriate action in the case as described in ORS 161.370(2)(c) and enter an order in accordance with the defendant's constitutional rights to due process.

(4)

  (a) Notwithstanding subsection (2) of this section, if the most serious offense in the charging instrument is **a person** misdemeanor, and the superintendent of the state mental hospital or director of the facility to which the defendant is committed determines that the defendant no longer needs a hospital level of care due to the acuity of symptoms of the defendant's qualifying mental disorder or there are not present public safety concerns, the superintendent or director shall file notice of the determination with the court, along with recommendations regarding the necessary community restoration services that would mitigate any risk presented by the defendant. Upon receipt of the notice, the court shall order that a community mental health program director or the director's designee, within five judicial days:

> **Commented [MG20]:** This is changed here for clarity, as non-person misdemeanors are no longer eligible for commitment.

   (A) Consult with the defendant and with any local entity that would be responsible for providing community restoration services, if the defendant were to be released in the community, to determine whether appropriate community restoration services are present and available in the community; and

   (B) Provide the court and the parties with recommendations from the consultation.

(b) Notwithstanding subsection (2) of this section, if the most serious offense in the charging instrument is a **person** misdemeanor, and the community mental health program director determines that the community restoration services that would mitigate any risk posed by the defendant are present and available in the community, the community mental health program director may file notice of the determination with the court. Upon receipt of the notice, the court shall order that the superintendent of the state mental hospital or director of the facility to which the defendant is committed, within five judicial days:

> (A )Evaluate the defendant to determine whether a hospital level of care is no longer necessary due to present public safety concerns, or no longer necessary due to the acuity of symptoms of the defendant's qualifying mental disorder; and

> (B) Provide the court and the parties with recommendations from the evaluation.

(c) Within 10 judicial days of receiving the recommendations described in paragraph (a) or (b) of this subsection, the court shall hold a hearing to determine an appropriate action in accordance with ORS 161.370(2)(c) as follows:

> (A) After consideration of the factors and possible actions described in ORS 161.370 (Determination of fitness to proceed) (2)(c), the consultation or evaluation and any recommendations described in paragraph (a) or (b) of this subsection, and any other information the court finds to be trustworthy and reliable, the court may continue the commitment of the defendant if the court makes written findings that a hospital level of care is necessary due to public safety concerns and the acuity of symptoms of the defendant's qualifying mental disorder, and that appropriate community restoration services are not present and available in the community.

> (B) If the court does not make the findings described in subparagraph (A) of this paragraph, the court shall terminate the commitment and shall set a review hearing seven days from the date of the commitment termination for any defendant remaining in custody. At the review hearing, the court shall consider all relevant information, determine an appropriate action in the case as described in ORS 161.370 (Determination of fitness to proceed) (2)(c) and enter an order in accordance with the defendant's constitutional rights to due process.

(5)

(a) If a defendant remains committed under this section, the court shall determine within a reasonable period of time whether there is a substantial probability that, in the [*foreseeable future*] **time remaining for restoration within the maximum time period established in ORS 161.370(7),**, the defendant will gain or regain fitness to proceed. [*However, regardless of the number of charges with which the defendant is accused, in no event shall the defendant be committed for longer than whichever of the following, measured from the defendant's initial custody date, is shorter:*

> *(A) Three years; or*

**Comments:**

[MG21]: Same change as above.

[GM*22]: Same change as earlier.

[GM*23]: This three year limit has been removed, and replaced with the new time limits in ORS 160.370.

>> (B) A period of time equal to the maximum sentence the court could have imposed if the defendant had been convicted.
>
> (b) For purposes of calculating the maximum period of commitment described in paragraph (a) of this subsection:
>
>> (A) The initial custody date is the date on which the defendant is first committed under this section on any charge alleged in the accusatory instrument; and
>>
>> (B) The defendant shall be given credit against each charge alleged in the accusatory instrument:
>>
>>> (i) For each day the defendant is committed under this section, whether the days are consecutive or are interrupted by a period of time during which the defendant has gained or regained fitness to proceed; and
>>>
>>> (ii) Unless the defendant is charged on any charging instrument with aggravated murder or a crime listed in ORS 137.700(2), for each day the defendant is held in jail before and after the date the defendant is first committed, whether the days are consecutive or are interrupted by a period of time during which the defendant lacks fitness to proceed.

**Commented [GM*24]:** All of this language was removed from here but included in ORS 160.370 instead, without substantive change, so that it will be with the larger discussion of time limits there.

> *(c)*] **(b)** The superintendent of the state mental hospital or director of the facility to which the defendant is committed shall notify the committing court of the defendant's impending discharge 30 days before the date on which the superintendent or director is required to discharge the defendant under this subsection.

(6)

> (a) All notices required under this section shall be filed with the court and may be filed electronically. The clerk of the court shall cause copies of the notices to be delivered to both the district attorney and the counsel for the defendant.
>
> (b) When the committing court receives a notice from the superintendent or director under subsection (1) of this section concerning the defendant's progress or lack thereof, or under subsection (5) of this section concerning the defendant's impending discharge, the committing court shall determine, after a hearing if a hearing is requested, whether the defendant presently has fitness to proceed.

(7) If at any time the court determines that the defendant lacks fitness to proceed, the court shall further determine whether the defendant is entitled to discharge under subsection (5) of this section. If the court determines that the defendant is entitled to discharge under subsection (5) of this section, the court shall dismiss, without prejudice, all charges against the defendant and:

> (a) Order that the defendant be discharged; or
>
> (b) Initiate commitment proceedings under ORS 426.070, 426.701 or 427.235 to 427.290.