HB 3051-3
(LC 420)
3/7/25   (JLM/ps)

Requested by HOUSE COMMITTEE ON JUDICIARY (at the request of Oregon Health Authority)

## PROPOSED AMENDMENTS TO
## HOUSE BILL 3051

1   In line 2 of the printed bill, after "proceed" insert "; amending ORS
2   161.355, 161.370 and 161.371".
3   Delete lines 4 through 9 and insert:
4   "<u>**SECTION 1.**</u> ORS 161.355 is amended to read:
5   "161.355. As used in ORS 161.355 to 161.371:
6   "(1) 'Certified evaluator' has the meaning given that term in ORS 161.309.
7   "(2) 'Community restoration services' means services and treatment nec-
8   essary to safely allow a defendant to gain or regain fitness to proceed in the
9   community, which may include supervision by pretrial services.
10  "(3) 'Hospital level of care' means that a defendant requires the type of
11  care provided by an inpatient hospital in order to gain or regain fitness to
12  proceed.
13  "**(4) 'Person misdemeanor or contempt charge' means:**
14  "**(a) A person Class A misdemeanor, as that term is defined in the**
15  **rules of the Oregon Criminal Justice Commission; or**
16  "**(b) A contempt charge alleging the violation of a court order is-**
17  **sued under ORS 107.700 to 107.735, 124.005 to 124.040, 133.035, 163.760 to**
18  **163.777 or 166.525 to 166.543.**
19  "[*(4)*] **(5)** 'Public safety concerns' means that the defendant presents a risk
20  to self or to the public if not hospitalized or in custody.
21  "<u>**SECTION 2.**</u> ORS 161.370 is amended to read:

1  "161.370. (1)(a) When the defendant's fitness to proceed is drawn in question, the issue shall be determined by the court.

3  "(b) If neither the prosecuting attorney nor counsel for the defendant contests the finding of the report filed under ORS 161.365, the court may make the determination on the basis of the report. If the finding is contested, the court shall hold a hearing on the issue. If the report is received in evidence in the hearing, the party who contests the finding has the right to summon and to cross-examine any certified evaluator who submitted the report and to offer evidence upon the issue. Other evidence regarding the defendant's fitness to proceed may be introduced by either party.

11  "(2)(a) If the court determines that the defendant lacks fitness to proceed, the criminal proceeding against the defendant shall be suspended and the court shall proceed in accordance with this subsection.

14  "(b) After making the determination under paragraph (a) of this subsection, the court shall receive a recommendation from a community mental health program director or the director's designee, and from any local entity that would be responsible for treating the defendant if the defendant were to be released in the community, concerning whether appropriate community restoration services are present and available in the community.

20  "(c) If the parties agree as to the appropriate action under this section, the court may, after making all findings required by law, enter any order authorized by this section. If the parties do not agree as to the appropriate action, the court and the parties shall, at a hearing, consider an appropriate action in the case, and the court shall make a determination and enter an order necessary to implement the action. In determining the appropriate action, the court shall consider the primary and secondary release criteria as defined in ORS 135.230, the least restrictive option appropriate for the defendant, the needs of the defendant and the interests of justice. Actions may include but are not limited to:

30  "(A) Commitment for the defendant to gain or regain fitness to proceed

1  under subsection (3) or (4) of this section;

2  "(B) An order to engage in community restoration services, as recom-
3  mended by the community mental health program director or designee, under
4  subsection (6) of this section;

5  "(C) Commencement of a civil commitment proceeding under ORS 426.070
6  to 426.170, 426.701 or 427.235 to 427.292;

7  "(D) Commencement of protective proceedings under ORS chapter 125; or

8  "(E) Dismissal of the charges pursuant to ORS 135.755 and in accordance
9  with ORS 161.367 (6).

10  "(d) If the court, while considering or ordering an appropriate action un-
11  der this subsection, does not order the defendant committed to a state mental
12  hospital or other facility, but finds that appropriate community restoration
13  services are not present and available in the community, for any defendant
14  remaining in custody after such determination, the court shall set a review
15  hearing seven days from the date of the determination under paragraph (a)
16  of this subsection. At the review hearing, the court shall consider all rele-
17  vant information and determine if commitment to the state mental hospital
18  or other facility is appropriate under subsection (3) or (4) of this section, or
19  if another action described in paragraph (c) of this subsection is appropriate.
20  At the conclusion of the hearing the court shall enter an order in accordance
21  with the defendant's constitutional rights to due process.

22  "(e) If the court determines that the appropriate action in the case is an
23  order for the defendant to engage in community restoration services, but the
24  defendant has a pending criminal case, warrant or hold in one or more other
25  jurisdictions, the other jurisdictions shall, within two judicial days of be-
26  coming aware of the proceeding under this section, communicate with the
27  court and the other jurisdictions, if applicable, to develop a plan to address
28  the interests of all jurisdictions in the defendant in a timely manner.

29  "(3)(a) If the most serious offense in the charging instrument is a felony,
30  the court shall commit the defendant to the custody of the superintendent

1  of a state mental hospital or director of a facility designated by the Oregon
2  Health Authority if the defendant is at least 18 years of age, or to the cus-
3  tody of the director of a secure intensive community inpatient facility des-
4  ignated by the authority if the defendant is under 18 years of age, if the
5  court makes the following findings:

6  "(A) The defendant requires a hospital level of care due to public safety
7  concerns if the defendant is not hospitalized or in custody or the acuity of
8  symptoms of the defendant's qualifying mental disorder; and

9  "(B) Based on the findings resulting from a consultation described in ORS
10 161.365 (1), if applicable, from any information provided by community-based
11 mental health providers or any other sources, and primary and secondary
12 release criteria as defined in ORS 135.230, the appropriate community resto-
13 ration services are not present and available in the community.

14 "(b) If the defendant is committed under this subsection, the community
15 mental health program director, or director's designee, shall at regular in-
16 tervals, during any period of commitment, review available community res-
17 toration services and maintain communication with the defendant and the
18 superintendent of the state mental hospital or director of the facility in order
19 to facilitate an efficient transition to treatment in the community when or-
20 dered.

21 "(c) If the court does not order the commitment of the defendant under
22 this subsection, the court shall proceed in accordance with subsection (2)(c)
23 of this section to determine and order an appropriate action other than
24 commitment.

25 "(4)(a) If the most serious offense in the charging instrument is a **person**
26 misdemeanor **or contempt charge**, the court may not commit the defendant
27 to the custody of the superintendent of a state mental hospital or director
28 of a facility designated by the Oregon Health Authority if the defendant is
29 at least 18 years of age, or**, if the defendant is under 18 years of age and**
30 **the most serious charge in the charging instrument is a misdemeanor,**

1  **the court may not commit the defendant** to the custody of the director
2  of a secure intensive community inpatient facility designated by the author-
3  ity [*if the defendant is under 18 years of age*], unless the court:
4      "(A)(i) Receives a recommendation from a certified evaluator that the
5  defendant requires a hospital level of care due to the acuity of symptoms of
6  the defendant's qualifying mental disorder; and
7      "(ii) Receives a recommendation from a community mental health program
8  director, or director's designee, that the appropriate community restoration
9  services are not present and available in the community; or
10     "(B) Determines that the defendant requires a hospital level of care after
11 making all of the following written findings:
12     "(i) The defendant needs a hospital level of care due to the acuity of the
13 symptoms of the defendant's qualifying mental disorder;
14     "(ii) There are public safety concerns; and
15     "(iii) The appropriate community restoration services are not present and
16 available in the community.
17     "(b) If at the time of determining the appropriate action for the case, the
18 court is considering commitment under paragraph (a)(A) of this subsection
19 and:
20     "(A) Has not received a recommendation from a certified evaluator as to
21 whether the defendant requires a hospital level of care due to the acuity of
22 symptoms of the defendant's qualifying mental disorder, the court shall order
23 a certified evaluator to make such a recommendation.
24     "(B) Has not received a recommendation from the community mental
25 health program director or designee concerning whether appropriate com-
26 munity restoration services are present and available in the community, the
27 court shall order the director or designee to make such a recommendation.
28     "(c) If the court does not order the commitment of the defendant under
29 this subsection, the court shall proceed in accordance with subsection (2)(c)
30 of this section to determine and order an appropriate action other than

1  commitment.

2  "(d) If the defendant is committed under this subsection, the community
3  mental health program director, or director's designee, shall at regular in-
4  tervals, during any period of commitment, review available community res-
5  toration services and maintain communication with the defendant and the
6  superintendent of the state mental hospital or director of the facility in order
7  to facilitate an efficient transition to treatment in the community when or-
8  dered.

9  "(5) If the most serious offense in the charging instrument is a violation
10 **or a misdemeanor or contempt charge other than a person**
11 **misdemeanor or contempt charge**, the court may not commit the defend-
12 ant to the custody of the superintendent of a state mental hospital or direc-
13 tor of a facility designated by the Oregon Health Authority if the defendant
14 is at least 18 years of age, or**, if the defendant is under 18 years of age**
15 **and the most serious offense in the charging instrument is a violation,**
16 **the court may not commit the defendant** to the custody of the director
17 of a secure intensive community inpatient facility designated by the author-
18 ity [*if the defendant is under 18 years of age*].

19 "(6)(a) If the court does not order the commitment of the defendant under
20 subsection (3) or (4) of this section, if commitment is precluded under sub-
21 section (5) of this section or if the court determines that care other than
22 commitment would better serve the defendant and the community, the court
23 shall release the defendant, pursuant to an order that the defendant engage
24 in community restoration services, until the defendant has gained or re-
25 gained fitness to proceed, or until the court finds there is no substantial
26 probability that the defendant will, within the **time remaining for resto-**
27 **ration within the maximum time period established by subsection (7)**
28 **of this section or, for a defendant under 18 years of age, within the**
29 foreseeable future, gain or regain fitness to proceed. The court may not order
30 the defendant to engage in community restoration services in another county

1  without permission from the other county.

2  **"(b) If the court has previously ordered the commitment of the de-**
3  **fendant under subsection (3) or (4) of this section, the court may**
4  **subsequently order, within the same proceeding, that the defendant**
5  **engage in community restoration services only if a forensic evaluation**
6  **indicates that there is a substantial probability that additional resto-**
7  **ration efforts will cause the defendant to gain or regain fitness to**
8  **proceed.**

9  "[*(b)*] **(c)** The [*court may order a*] community mental health program di-
10 rector coordinating the defendant's treatment in the community [*to provide*
11 *the court with status reports on the defendant's progress in gaining or re-*
12 *gaining fitness to proceed. The director shall provide a status report if the*
13 *defendant is not complying with court-ordered restoration services*] **shall**
14 **cause the defendant to be evaluated and shall provide notifications to**
15 **the court regarding the status of the defendant in the same manner**
16 **and within the same timelines as required under ORS 161.371 of the**
17 **superintendent of the state hospital or director of a facility to which**
18 **a defendant is committed**.

19 "[*(c)*] **(d)** A community mental health program director coordinating the
20 defendant's treatment in the community shall notify the court if the defend-
21 ant gains or regains fitness to proceed. The notice shall be filed with the
22 court and may be filed electronically. The clerk of the court shall cause
23 copies of the notice to be delivered to both the district attorney and the
24 counsel for the defendant.

25 "[*(d)*] **(e)** When a defendant is ordered to engage in community restoration
26 services under this subsection, the court may place conditions that the court
27 deems appropriate on the release, including the requirement that the de-
28 fendant regularly report to a state mental hospital or a certified evaluator
29 for examination to determine if the defendant has gained or regained fitness
30 to proceed.

1  **"(7)(a) If the defendant is at least 18 years of age, the maximum**
2  **time period authorized for restoration described in this section is as**
3  **follows:**

4  **"(A) If the most serious offense in the charging instrument is a**
5  **violation or a misdemeanor or contempt charge other than a person**
6  **misdemeanor or contempt charge, 90 days in community restoration**
7  **services.**

8  **"(B) If the most serious offense in the charging instrument is a**
9  **person misdemeanor or contempt charge:**

10 **"(i) If the defendant is committed under this section, 90 days of**
11 **commitment followed by 90 days of community restoration services;**
12 **or**

13 **"(ii) Ninety days of community restoration services.**

14 **"(C) If the most serious offense in the charging instrument is a**
15 **felony:**

16 **"(i) If the defendant is committed under this section, 180 days of**
17 **commitment followed by 90 days of community restoration services;**
18 **or**

19 **"(ii) One hundred eighty days of community restoration services.**

20 **"(D) Notwithstanding subparagraph (C) of this paragraph, if the**
21 **most serious offense in the charging instrument is aggravated murder**
22 **or a crime listed in ORS 137.700 (2):**

23 **"(i) If the defendant is committed under this section, 360 days of**
24 **commitment followed by 180 days of community restoration services;**
25 **or**

26 **"(ii) Three hundred sixty days of community restoration services.**

27 **"(b) Notwithstanding paragraph (a) of this subsection, the maxi-**
28 **mum time period of commitment and community restoration services**
29 **combined may be no longer than a period of time equal to the maxi-**
30 **mum sentence the court could have imposed if the defendant had been**

1  **convicted.**

2  **"(c) For purposes of calculating the maximum period of restoration**
3  **described in paragraph (a) of this subsection:**

4  **"(A) The initial custody date is the date on which the defendant is**
5  **first committed under this section on any charge alleged in the**
6  **accusatory instrument; and**

7  **"(B) The defendant shall be given credit against each charge alleged**
8  **in the accusatory instrument:**

9  **"(i) For each day the defendant is committed or ordered to partic-**
10 **ipate in community restoration services under this section, whether**
11 **the days are consecutive or are interrupted by a period of time during**
12 **which the defendant has gained or regained fitness to proceed; and**

13 **"(ii) Unless the defendant is charged on any charging instrument**
14 **with aggravated murder or a crime listed in ORS 137.700 (2), for each**
15 **day the defendant is held in jail before and after the date the defend-**
16 **ant is first committed or ordered to participate in community resto-**
17 **ration services, whether the days are consecutive or are interrupted**
18 **by a period of time during which the defendant lacks fitness to pro-**
19 **ceed.**

20 "[*(7)*] **(8)** The Oregon Health Authority shall establish by rule standards
21 for the recommendation provided to the court described in subsection (2) of
22 this section.

23 "**SECTION 3.** ORS 161.371 is amended to read:

24 "161.371. (1) The superintendent of a state mental hospital or director of
25 a facility to which the defendant is committed under ORS 161.370 shall cause
26 the defendant to be evaluated within 60 days from the defendant's delivery
27 into the superintendent's or director's custody, for the purpose of determin-
28 ing whether there is a substantial probability that, in the **time remaining**
29 **for restoration within the maximum time period established by ORS**
30 **161.370 (7) or, for a defendant under 18 years of age, in the** foreseeable

1  future, the defendant will have fitness to proceed. In addition, the super-
2  intendent or director shall:

3  "(a) Immediately notify the committing court if the defendant, at any
4  time, gains or regains fitness to proceed or if there is no substantial proba-
5  bility that, within the **time remaining for restoration within the maxi-**
6  **mum time period established by ORS 161.370 (7) or, for a defendant**
7  **under 18 years of age, within the** foreseeable future, the defendant will
8  gain or regain fitness to proceed.

9  "(b) Within 90 days of the defendant's delivery into the superintendent's
10 or director's custody, notify the committing court that:

11 "(A) The defendant has present fitness to proceed;

12 "(B) There is no substantial probability that, in the **time remaining for**
13 **restoration within the maximum time period established by ORS**
14 **161.370 (7) or, for a defendant under 18 years of age, in the** foreseeable
15 future, the defendant will gain or regain fitness to proceed; or

16 "(C) There is a substantial probability that, in the **time remaining for**
17 **restoration within the maximum time period established by ORS**
18 **161.370 (7) or, for a defendant under 18 years of age, in the** foreseeable
19 future, the defendant will gain or regain fitness to proceed. If the probability
20 exists, the superintendent or director shall give the court an estimate of the
21 time in which the defendant, with appropriate treatment, is expected to gain
22 or regain fitness to proceed.

23 "(c) Notify the court if court-ordered involuntary medication is necessary
24 for the defendant to gain or regain fitness to proceed and, if appropriate,
25 submit a report to the court under ORS 161.372.

26 "(2)(a) If the superintendent of the state mental hospital or director of the
27 facility to which the defendant is committed determines that there is a sub-
28 stantial probability that, in the **time remaining for restoration within the**
29 **maximum time period established by ORS 161.370 (7) or, for a defend-**
30 **ant under 18 years of age, in the** foreseeable future, the defendant will

gain or regain fitness to proceed, unless the court otherwise orders, the defendant shall remain in the superintendent's or director's custody where the defendant shall receive treatment designed for the purpose of enabling the defendant to gain or regain fitness to proceed. In keeping with the notice requirement under subsection (1)(b) of this section, the superintendent or director shall, for the duration of the defendant's period of commitment, submit a progress report to the committing court, concerning the defendant's fitness to proceed, at least once every 180 days as measured from the date of the defendant's delivery into the superintendent's or director's custody.

"(b) A progress report described in paragraph (a) of this subsection may consist of an update to:

"(A) The original examination report conducted under ORS 161.365; or

"(B) An evaluation conducted under subsection (1) of this section, if the defendant did not receive an examination under ORS 161.365.

"(3)(a) Notwithstanding subsection (2) of this section, if the most serious offense in the charging instrument is a felony, and the superintendent of the state mental hospital or director of the facility to which the defendant is committed determines that a hospital level of care is no longer necessary due to present public safety concerns and the acuity of symptoms of the defendant's qualifying mental disorder, the superintendent or director may file notice of the determination with the court. Upon receipt of the notice, the court shall order that a community mental health program director or the director's designee, within five judicial days:

"(A) Consult with the defendant and with any local entity that would be responsible for providing community restoration services, if the defendant were to be released in the community, to determine whether community restoration services are present and available in the community; and

"(B) Provide the court and the parties with recommendations from the consultation.

"(b) Notwithstanding subsection (2) of this section, if the most serious

offense in the charging instrument is a felony, and the community mental health program director determines that community restoration services that would mitigate any risk posed by the defendant are present and available in the community, the community mental health program director may file notice of the determination with the court. Upon receipt of the notice, the court shall order that the superintendent of the state mental hospital or director of the facility to which the defendant is committed, within five judicial days:

"(A) Evaluate the defendant to determine whether a hospital level of care is no longer necessary due to present public safety concerns, or no longer necessary due to the acuity of symptoms of the defendant's qualifying mental disorder; and

"(B) Provide the court and the parties with recommendations from the evaluation.

"(c) Within 10 judicial days of receiving the recommendations described in paragraph (a) or (b) of this subsection, the court shall hold a hearing to determine an appropriate action in accordance with ORS 161.370 (2)(c) as follows:

"(A) If, after consideration of the factors and possible actions described in ORS 161.370 (2)(c) and any recommendations received under paragraph (a) or (b) of this subsection, the court determines that a hospital level of care is necessary due to public safety concerns or the acuity of symptoms of the defendant's qualifying mental disorder, and that based on the consultation or evaluation described in paragraph (a) or (b) of this subsection, any information provided by community-based mental health providers or any other sources, primary and secondary release criteria as defined in ORS 135.230, and any other information the court finds to be trustworthy and reliable, the appropriate community restoration services are not present and available in the community, the court may continue the commitment of the defendant.

"(B) If the court does not make the determination described in subpara-

graph (A) of this paragraph, the court shall terminate the commitment and shall set a review hearing seven days from the date of the commitment termination for any defendant remaining in custody. At the review hearing, the court shall consider all relevant information, determine an appropriate action in the case as described in ORS 161.370 (2)(c) and enter an order in accordance with the defendant's constitutional rights to due process.

"(4)(a) Notwithstanding subsection (2) of this section, if the most serious offense in the charging instrument is a **person** misdemeanor **or contempt charge**, and the superintendent of the state mental hospital or director of the facility to which the defendant is committed determines that the defendant no longer needs a hospital level of care due to the acuity of symptoms of the defendant's qualifying mental disorder or there are not present public safety concerns, the superintendent or director shall file notice of the determination with the court, along with recommendations regarding the necessary community restoration services that would mitigate any risk presented by the defendant. Upon receipt of the notice, the court shall order that a community mental health program director or the director's designee, within five judicial days:

"(A) Consult with the defendant and with any local entity that would be responsible for providing community restoration services, if the defendant were to be released in the community, to determine whether appropriate community restoration services are present and available in the community; and

"(B) Provide the court and the parties with recommendations from the consultation.

"(b) Notwithstanding subsection (2) of this section, if the most serious offense in the charging instrument is a **person** misdemeanor **or contempt charge**, and the community mental health program director determines that the community restoration services that would mitigate any risk posed by the defendant are present and available in the community, the community mental

1 health program director may file notice of the determination with the court. 2 Upon receipt of the notice, the court shall order that the superintendent of 3 the state mental hospital or director of the facility to which the defendant 4 is committed, within five judicial days:

5 "(A) Evaluate the defendant to determine whether a hospital level of care 6 is no longer necessary due to present public safety concerns, or no longer 7 necessary due to the acuity of symptoms of the defendant's qualifying mental 8 disorder; and

9 "(B) Provide the court and the parties with recommendations from the 10 evaluation.

11 "(c) Within 10 judicial days of receiving the recommendations described 12 in paragraph (a) or (b) of this subsection, the court shall hold a hearing to 13 determine an appropriate action in accordance with ORS 161.370 (2)(c) as 14 follows:

15 "(A) After consideration of the factors and possible actions described in 16 ORS 161.370 (2)(c), the consultation or evaluation and any recommendations 17 described in paragraph (a) or (b) of this subsection, and any other informa- 18 tion the court finds to be trustworthy and reliable, the court may continue 19 the commitment of the defendant if the court makes written findings that a 20 hospital level of care is necessary due to public safety concerns and the 21 acuity of symptoms of the defendant's qualifying mental disorder, and that 22 appropriate community restoration services are not present and available in 23 the community.

24 "(B) If the court does not make the findings described in subparagraph 25 (A) of this paragraph, the court shall terminate the commitment and shall 26 set a review hearing seven days from the date of the commitment termination 27 for any defendant remaining in custody. At the review hearing, the court 28 shall consider all relevant information, determine an appropriate action in 29 the case as described in ORS 161.370 (2)(c) and enter an order in accordance 30 with the defendant's constitutional rights to due process.

1  "(5)(a) If a defendant remains committed under this section, the court
2  shall determine within a reasonable period of time whether there is a sub-
3  stantial probability that, in the **time remaining for restoration within the**
4  **maximum time period established by ORS 161.370 (7) or, for a defend-**
5  **ant under 18 years of age, in the** foreseeable future, the defendant will
6  gain or regain fitness to proceed. [*However, regardless of the number of*
7  *charges with which the defendant is accused,*]

8  "**(b)** In no event shall [*the*] **a** defendant **under 18 years of age** be com-
9  mitted for longer than whichever of the following, measured from the
10 defendant's initial custody date, is shorter:

11 "(A) Three years; or

12 "(B) A period of time equal to the maximum sentence the court could have
13 imposed if the defendant had been convicted.

14 "[*(b)*] **(c)** For purposes of calculating the maximum period of commitment
15 **for a defendant under 18 years of age** described in paragraph [*(a)*] **(b)** of
16 this subsection:

17 "(A) The initial custody date is the date on which the defendant is first
18 committed under this section on any charge alleged in the accusatory in-
19 strument; and

20 "(B) The defendant shall be given credit against each charge alleged in
21 the accusatory instrument:

22 "(i) For each day the defendant is committed under this section, whether
23 the days are consecutive or are interrupted by a period of time during which
24 the defendant has gained or regained fitness to proceed; and

25 "(ii) Unless the defendant is charged on any charging instrument with
26 aggravated murder or a crime listed in ORS 137.700 (2), for each day the
27 defendant is held in jail before and after the date the defendant is first
28 committed, whether the days are consecutive or are interrupted by a period
29 of time during which the defendant lacks fitness to proceed.

30 "[*(c)*] **(d)** The superintendent of the state mental hospital or director of

1  the facility to which the defendant is committed shall notify the committing
2  court of the defendant's impending discharge 30 days before the date on
3  which the superintendent or director is required to discharge the defendant
4  under this subsection.

5  "(6)(a) All notices required under this section shall be filed with the court
6  and may be filed electronically. The clerk of the court shall cause copies of
7  the notices to be delivered to both the district attorney and the counsel for
8  the defendant.

9  "(b) When the committing court receives a notice from the superintendent
10 or director under subsection (1) of this section concerning the defendant's
11 progress or lack thereof, or under subsection (5) of this section concerning
12 the defendant's impending discharge, the committing court shall determine,
13 after a hearing if a hearing is requested, whether the defendant presently
14 has fitness to proceed.

15 "(7) If at any time the court determines that the defendant lacks fitness
16 to proceed, the court shall further determine whether the defendant is enti-
17 tled to discharge under subsection (5) of this section. If the court determines
18 that the defendant is entitled to discharge under subsection (5) of this sec-
19 tion, the court shall dismiss, without prejudice and in accordance with ORS
20 161.367 (6), all charges against the defendant and:

21 "(a) Order that the defendant be discharged; or

22 "(b) Initiate commitment proceedings under ORS 426.070, 426.701 or
23 427.235 to 427.292.".

24                              _____