**Eamon McMahon**, OSB No. 153879
Assistant County Counsel II
eamon_mcmahon@washingtoncountyor.gov
Office of Washington County Counsel
155 N First Avenue, Suite 250, MS 24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636
Attorney for Amicus Washington County

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, | 3:02-cv-00339-AN (Lead)<br>3:21-cv-01637-AN (Member)<br>6:22-cv-01460-AN (Member) |
| Plaintiffs, | |
| v. | **AMICUS MEMORANDUM FOR CONTEMPT AND REMEDIAL ORDER HEARING** |
| SEJAL HATHI, in her official capacity as Director of Oregon Health Authority; and SARA WALKER, in her official capacity as Interim Superintendent of the Oregon State Hospital, | |
| Defendants. | |
| JAROD BOWMAN, and JOSHAWN DOUGLAS-SIMPSON, | |
| Plaintiffs, | |
| v. | |
| SARA WALKER, Interim Superintendent of the Oregon State Hospital, in her official capacity; DOLORES MATTEUCCI, in her individual capacity; SAJEL HATHI, Director of the Oregon Health Authority, in her official capacity; and PATRICK ALLEN, in his individual capacity, | |
| Defendants. | |

Page 1 – **AMICUS MEMORANDUM FOR CONTEMPT AND REMEDIAL ORDER HEARING**

LEGACY EMANUEL HOSPITAL &
HEALTH CENTER d/b/a UNITY CENTER
FOR BEHAVIORAL HEALTH; LEGACY
HEALTH SYSTEM; PEACEHEALTH;
PROVIDENCE HEALTH & SERVICES –
OREGON; and ST. CHARLES HEALTH
SYSTEM,

                Plaintiffs,

    v.

SEJAL HATHI, MD, in her official capacity as
Director of Oregon Health Authority,

                Defendant.

## INTRODUCTION

*Amicus* Washington County submits the following memorandum in advance of the March 12, 2025 Contempt Hearing. The limited purpose of this memorandum is to weigh in on the proposed remedy if the Court finds Defendants in contempt, based on the current filings of Plaintiffs. If the Court does find the Defendants in contempt and contemplates other specific provisions for any sanctions or remedial order, *amicus* Washington County would request an opportunity to weigh in on any proposed provisions in order to provide provider-level perspective on the implications of any remedial measures.

## DISCUSSION

This hearing represents the latest stage in a nearly two decade-long attempt to ensure adequate and appropriate mental health services for individuals in the aid and assist posture within the criminal justice system. Plaintiffs now move to hold OHA and the Defendants in contempt and propose various tools and methods to ensure constitutionally adequate mental health treatment. *Amicus* Washington County is heavily involved in providing mental health services to individuals both in and out of custody and is uniquely positioned to evaluate the

Page 2 – **AMICUS MEMORANDUM FOR CONTEMPT AND REMEDIAL ORDER HEARING**

practical effects of the imposition of any sanctions or remedial orders on the level and efficacy of mental health services at the county level.

At this stage, Washington County has reviewed the proposed remedial orders and contempt sanctions and has some concerns regarding DRO's proposal to transfer or discharge all aid and assist patients on the Ready to Place list within 30 days. (Wooley Dec., ¶ 3). Washington County is of the opinion that this remedy would pose a significant risk to the health and safety of patients with complex care and safety needs, specifically patients awaiting placement in OHA-certified licensed residential programs, including Secure Residential Treatment Facilities (SRTFs), Residential Treatment Facilities (RTFs), Residential Treatment Homes (RTHs), and Adult Foster Homes (AFHs), and patients who are unable or unwilling to consent to such necessary services. (Wooley Dec., ¶ 4).

If this Court were to impose the relief requested in 4(b) of DRO's motion [ECF 540], the immediate and indiscriminate transfer or discharge of these patients would likely result in increased strain on hospital emergency departments, heightened law enforcement involvement, elevated rates of recidivism, and substantial risk to patient and community safety. (Wooley Dec., ¶ 5).

If this Court decides to find the State in contempt and addresses the status of individuals on the Ready to Place list, we would recommend that the State facilitate a transfer to an Oregon Health Authority-designated licensed residential facility that aligns with the patient's specific and clinical and safety needs within thirty (30) days for those patients that require intensive, 24/7 care and/or those individuals that pose a substantial safety risk. This approach would ensure continuity of restoration services within the most clinically appropriate and safe environment. (Wooley Dec., ¶ 6).

Page 3 – **AMICUS MEMORANDUM FOR CONTEMPT AND REMEDIAL ORDER HEARING**

However, if, during the Contempt and Remedial Order Hearing, the Court, Plaintiffs, Defendants, *Amici*, or Dr. Pinals propose other solutions or remedial orders, Washington County would request time to research and brief the Court regarding any potential implications or impacts of those proposed remedies on the provision of mental health services at the county level.

## CONCLUSION

Washington County represents the nexus between the mental health system and community level providers and hopes to facilitate the effective and meaningful implementation of any remedial orders or contempt sanctions designed to finally bring the state into compliance with its obligation to provide constitutionally adequate mental health services to individuals engaged in the aid and assist process.

DATED: March 11, 2025.

                                         s/Eamon McMahon
                                        Eamon McMahon, OSB No. 153879
                                        Assistant County Counsel II
                                        eamon_mcmahon@washingtoncountyor.gov
                                        Attorney for Amicus Washington County