Emily Cooper OSB #182254
ecooper@droregon.org
Hanah Morin OSB #230043
hmorin@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
Dave Boyer OSB # 235450
dboyer@droregon.org
Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC.,** & **A.J. MADISON,** Plaintiffs, | Case No. 3:02-cv-00339-AN (Lead Case) Case No. 3:21-cv-01637-AN (Member Case) |
| v. | |
| **SAJEL HATHI,** in her official capacity as head of the Oregon Health Authority, & **SARA WALKER**, in her official capacity as Superintendent of the Oregon State Hospital, Defendants. | SECOND DECLARATION OF THOMAS STENSON REGARDING CONTEMPT PROCEEDINGS |
| **JAROD BOWMAN** and **JOSHAWN DOUGLAS-SIMPSON**, Plaintiffs, | |
| v. | |
| **SARA WALKER**, Interim Superintendent of the Oregon State Hospital, in her official capacity, **SAJEL HATHI**, Director of the Oregon Health Authority, in her official capacity, Defendants. | |

SECOND DECLARATION OF THOMAS STENSON
Page 1

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR  97205
(503) 243-2081

**SECOND DECLARATION OF THOMAS STENSON REGARDING CONTEMPT PROCEEDINGS**

I, Thomas Stenson, declare as follows:

1.  I am over the age of 18 and competent to testify to the matters asserted herein.

2.  I am a resident of Oregon and an attorney for Plaintiff Disability Rights Oregon.

*Death Investigations*

3.  A prior declaration in this matter discussed the deaths of two detainees, Skye Baskin and Bryce Bybee, who died after being found unable to aid and assist. ECF 541 (Declaration of Emily Cooper).

4.  In addition to those two deaths, we are continuing to investigate two other deaths of detainees in Marion County and Malheur County who died under complex circumstances after similarly being identified as unable to aid and assist. One died in a jail cell; the other died in a private hospital. Once our investigation is complete, we may report out further information regarding these two deaths

*Testimony Before the Legislature in 2025*

5.  I conducted a search of the OLIS legislative database, to identify when the Director of the Oregon Health Authority had appeared before the Oregon State Legislature in the present legislative term. Based on my research, I found that Director Hathi had appeared only three times in front of the legislature during the present session.

6.  On January 22, 2025, Dr. Hathi appeared before the Oregon House Committee on Education for a brief session described as "Agency Director Introductions."

SECOND DECLARATION OF THOMAS STENSON
Page 2

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR  97205
(503) 243-2081

7.  While other agency heads presenting included written materials, Dr. Hathi and the Health

    Authority submitted no materials for this hearing. Upon listening to the hearing

    recording, the presentation was, as it appeared, an informal and largely unstructured

    introduction of Dr. Hathi and other agency heads to the committee. No substantive

    behavioral health discussion followed.

8.  A true and correct copy of the recording log from the House Committee on Education on

    that date is attached as Exhibit Q.

9.  On January 28, 2025, Dr. Hathi appeared before the Joint Ways and Means Committee,

    Human Services Subcommittee. She spoke on that date for more than an hour about the

    broad budget priorities of the Oregon Health Authority.

10. She presented her own slides on the budget. A true and correct copy of the Oregon Health

    Authority presentation from January 28, 2025 is attached as Exhibit R.

11. The Legislative Fiscal Office also produced a review of the agency's budget for that date,

    a true and correct copy of which is attached as Exhibit S.

12. Dr. Hathi began speaking at the hearing about 20 minutes into the video from the January

    28 hearing. A true and correct copy of the recording log from the Joint Ways and Means

    Human Services Subcommittee from January 28, 2025 is attached as Exhibit T.

13. During the hour in which Dr. Hathi spoke, she addressed the behavioral health program

    generally for a little more than four minutes, starting at roughly 33:54 in the legislative

    video, then pivoting to the public health system at 38:16. She mentioned the Oregon State

    Hospital briefly for 35 seconds from 31:40 to 32:15.

SECOND DECLARATION OF THOMAS STENSON                    **Disability Rights Oregon**
Page 3                                                  511 SW 10th Avenue, 2nd Floor
                                                        Portland, OR  97205
                                                        (503) 243-2081

14. At about minute 41:00 of the video, Dr. Hathi pivoted to the significant achievements of the Oregon Health Authority. Dr. Hathi stated that "the 2023-25 biennium was monumental for OHA. We saw success in balancing historic funding gaps in behavioral health," then discussing several significant budget items for behavioral health passed by the legislature. She discussed those past legislative successes for about three and a half minutes until 44:40.

15. Starting at 1:06:40, Dr. Hathi returned to behavioral health to discuss the agency's forward-looking plan, including the proposal to spend a further $100 million for behavioral placements in a policy option package. She discussed those proposals to spend on future behavioral health for about 90 seconds until 1:08:08.

16. The bulk of the remainder of Dr. Hathi's presentation related to OHA's other functions and programs, including the Oregon Health Plan, its public health initiatives, and other services.

17. At no point in Dr. Hathi's presentation did she mention that the Oregon State Hospital was unable to admit patients promptly, that the Health Authority or State Hospital were subject to a court order, that the agencies were at risk of contempt fines, that contempt proceedings were pending, or otherwise alert legislators to the connection between any of the funding being discussed and the present litigation.

18. Instead, she noted that the $100 million POP related to more behavioral health housing sprang from the 2024 assessment of unmet behavioral health capacity in Oregon (1:07:30).

SECOND DECLARATION OF THOMAS STENSON
Page 4

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR  97205
(503) 243-2081

19. The next time Dr. Hathi presented to the legislature came on February 20, 2025, when she appeared a second time before the Joint Ways and Means Committee, Human Services Subcommittee. She spoke on that date for about 25 minutes.

20. A true and correct copy of the recording log from the February 20 session of the Joint Ways and Means Human Services Subcommittee is attached as Exhibit U.

21. On that date, Dr. Hathi opened her testimony at 20:00 in the online video with about four minutes of unprompted explanation of her part-time position as a hospitalist at Stanford University. Another eleven minutes of questions on this topic followed from members of the subcommittee, returning to Oregon Health Authority business at 35:50.

22. For less than two minutes (from 35:50 to 37:40 in the video), Dr. Hathi discussed funding the behavioral health program.

23. At no point in the February 20 session did Dr. Hathi's presentation indicate that the state was out of compliance with the permanent injunction in this case or that any of the proposed behavioral health funding might relate to or assist in resolving the state's noncompliance in this matter. Dr. Hathi did not explain during that presentation that the state was at risk of contempt findings in this case, that this court might impose fines on the Health Authority, or that a contempt motion had been filed.

24. A true and correct copy of Dr. Hathi's presentation slides from February 20, 2025 is attached as Exhibit V.

    //

    //

SECOND DECLARATION OF THOMAS STENSON
Page 5

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR  97205
(503) 243-2081

*Other Materials*

25. A true and correct copy of Patrick Allen's June 7, 2019 Directive to Continue Addressing the Statewide Aid and Assist Crisis is attached as Exhibit W.

26. A true and correct copy of the Oregon Secretary of State's September 2020 audit, "Chronic and Systemic Issues in Oregon's Mental Health Treatment System Leave Children and Their Families in Crisis" is attached as Exhibit X.

27. A true and correct copy of the Oregon Health Authority's "Key Behavioral Health Investments (21-23 biennium) Expected to Increase Resources and Improve Outcomes for the Population Needing Intensive Services," Sept. 2022, is attached as Exhibit Y.

DATED this 11th day of March 2025.

DISABILITY RIGHTS OREGON

s/ Thomas Stenson
Thomas Stenson, OSB # 152894
tstenson@droregon.org
511 SW 10th, Suite 200
Portland OR 97205
Telephone: (503) 243 2081
Facsimile: (503) 243 1738
*Counsel for Plaintiff*
*Disability Rights Oregon*

SECOND DECLARATION OF THOMAS STENSON
Page 6

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR  97205
(503) 243-2081