Eric J. Neiman, OSB No. 823513
ENeiman@ebglaw.com
Emma P. Pelkey, OSB No. 144029
EPelkey@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
1125 NW Couch Street, Suite 500
Portland, OR 97209
Telephone:  503.343.6475

Thomas R. Johnson, OSB No. 010645
tom.johnson@stoel.com
Alex Van Rysselberghe, OSB No. 174836
alex.vanrysselberghe@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:  503.224.3380

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON; METROPOLITAN PUBLIC DEFENDERS INCORPORATED; and A.J. MADISON, <br><br>        Plaintiffs, <br><br> v. <br><br> SEJAL HATHI, in her official capacity as Director of Oregon Health Authority; and SARA WALKER, in her official capacity as Interim Superintendent of the Oregon State Hospital, <br><br>        Defendants. | Case No.:  3:02-cv-00339-MO (Lead Case) <br> Case No.: 3:21-cv-01637-AN (Member Case) <br> **Case No.: 3:22-cv-01460-AN (Member Case)** |
| JAROD BOWMAN; and JOSHAWN DOUGLAS SIMPSON, <br><br>        Plaintiffs, <br><br> v. | **PLAINTIFFS LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; PROVIDENCE HEALTH & SERVICES – OREGON; and ST. CHARLES HEALTH SYSTEM'S NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br> Case No.: 3:21-cv-01637-MO (Member Case) |

SARA WALKER, Interim Superintendent of
the Oregon State Hospital, in her official
capacity; DOLORES MATTEUCCI, in her
individual capacity; SAJEL HATHI, Director of
the Oregon Health Authority, in her official
capacity; and PATRICK ALLEN, in his
individual capacity,

                    Defendants.

LEGACY EMANUEL HOSPITAL &
HEALTH CENTER d/b/a UNITY CENTER
FOR BEHAVIORAL HEALTH; LEGACY
HEALTH SYSTEM; PEACEHEALTH;
PROVIDENCE HEALTH & SERVICES –
OREGON; and ST. CHARLES HEALTH
SYSTEM,

                    Plaintiffs,

v.

SEJAL HATHI, MD, in her official capacity as
Director of Oregon Health Authority,

                    Defendant.

Case No.: 6:22-cv-01460-MO (Member Case)

Plaintiffs respectfully submit this Notice of Supplemental Authority to address the Ninth Circuit's recent decision in *Pharmaceutical Research & Manufacturers of America v. Stolfi*, ___ F.4th ___, 2025 WL 2448851 (9th Cir. Aug. 26, 2025).  Contrary to Defendant's suggestion at oral argument, the Ninth Circuit's decision does not affect the issue for which Plaintiffs cite *Stolfi* in their briefing.  The portion of Judge Mosman's reasoning that Plaintiffs rely on—concerning the availability of equitable relief for a takings claim—remains undisturbed and continues to support Plaintiffs' position.

*Stolfi* involved a facial challenge to Oregon's Prescription Drug Price Transparency Act ("HB 4005"), which requires pharmaceutical manufacturers to publicly disclose pricing and product information on the Oregon Department of Consumer and Business Services ("DCBS") website.  The plaintiff, a pharmaceutical trade association, argued that the law violated the First Amendment by compelling speech and effected an uncompensated taking under the Fifth Amendment by requiring disclosure of trade secrets.

Judge Mosman granted summary judgment for the plaintiff on both constitutional claims. *See Pharm. Rsch. & Mfrs. of Am. v. Stolfi*, 724 F. Supp. 3d 1174, 1202 (D. Or. 2024).  He also rejected DCBS's argument that equitable relief was categorically unavailable for a takings claim. *Id.* at 1190–91.  On that point, Judge Mosman held that equitable relief may be appropriate where state law compensation procedures are inadequate—specifically, where plaintiffs would otherwise be forced to litigate a multiplicity of suits for repetitive, ongoing takings.  *Id.* (citing *Pharm. Rsch. & Mfrs. of Am. v. Williams*, 64 F.4th 932, 945 (8th Cir. 2023)).

Plaintiffs here cited *Stolfi* solely for that remedy-related holding.  In their Response to OHA's Motion to Dismiss, Plaintiffs argued that seeking just compensation for each instance of OHA's conduct would require "repeatedly litigating a multiplicity of suits involving the same

and similar repeated deprivations of property," and that "the expenses of pursuing so many individual legal actions may exceed the compensation Plaintiffs seek to recover."  (ECF No. 140 at 29–30; SAC ¶¶ 100–01.)

The Ninth Circuit reversed Judge Mosman's decision on August 26, 2025—one day before oral argument in this case.  Critically, however, the panel reversed on *only* the two substantive constitutional claims: (1) First Amendment compelled speech, and (2) whether HB 4005 effected a Fifth Amendment taking in the first place.  On the takings claim, the Ninth Circuit did *not* reach, question, or otherwise disturb Judge Mosman's reasoning on the separate remedy issue of *the availability of equitable relief*.  That portion of the district court's opinion remains persuasive.  *See Pharm. Rsch*, 724 F. Supp. 3d at 1190–91.

In short, the Ninth Circuit's decision in *Stolfi* does not change anything relevant to this case.  The specific reasoning that Plaintiffs rely on remains sound and consistent with the reasoning of other courts, including the Eighth Circuit in *Williams*.  *Stolfi* continues to support Plaintiffs' position that equitable relief is permitted for Plaintiffs' takings claims here.[1]

DATED:  September 3, 2025             Respectfully submitted,


EPSTEIN BECKER & GREEN, P.C.        STOEL RIVES LLP

*/s/ Eric Neiman*                      */s/ Tom Johnson*

Eric J. Neiman, OSB #823513           Thomas R. Johnson, OSB NO. 010645
ENeiman@ebglaw.com                    tom.johnson@stoel.com
Emma P. Pelkey, OSB #144029           Alex Van Rysselberghe, OSB No. 174836
EPelkey@ebglaw.com                    alex.vanrysselberghe@stoel.com

*Attorneys for Plaintiffs*

---

[1] *Stolfi* remains persuasive concerning Hospitals' physical takings claims notwithstanding that *Stolfi* involved a regulatory takings claim.  OHA offers no principled reason in support of its assertion that equitable relief is allowed only for regulatory takings but not physical takings.