Jon W. Monson, OSB No. 102650
jmonson@cablehuston.com
Nicole M. Swift, OSB No. 141419
nswift@cablehuston.com
Jonathan P. Harlan, OSB No. 214708
jharlan@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, OR 97201
Tele: (503) 224-3092
Fax: (503) 224-3176

*Special Assistant Attorneys General for Defendant Sejal Hathi, MD, in her official capacity as Director of the Oregon Health Authority (Additional Counsel of Record Listed on Signature Page)*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON; METROPOLITAN PUBLIC DEFENDERS INCORPORATED; and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>SEJAL HATHI, in her official capacity as Director of Oregon Health Authority; and SARA WALKER, in her official capacity as Interim Superintendent of the Oregon State Hospital,<br><br>Defendants.<br><br>(*caption continued next page*) | Case No. 3:02-cv-00339-AN (Lead Case)<br>Case No. 3:21-cv-01637-AN (Member Case)<br>**Case No. 6:22-cv-01460-AN (Member Case)**<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTIONS TO DISMISS** |

DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTIONS TO DISMISS

| | |
|---|---|
| JAROD BOWMAN; and JOSHAWN DOUGLAS SIMPSON,<br><br>      Plaintiffs,<br><br>v.<br><br>SARA WALKER, Interim Superintendent of the Oregon State Hospital, in her official capacity; DOLORES MATTEUCCI, in her individual capacity; SAJEL HATHI, Director of the Oregon Health Authority, in her official capacity; and PATRICK ALLEN, in his individual capacity,<br><br>      Defendants. | Case No.: 3:21-cv-01637-AN (Member Case) |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; PROVIDENCE HEALTH & SERVICES – OREGON; and ST. CHARLES HEALTH SYSTEM, INC.<br><br>      Plaintiffs,<br><br>v.<br><br>SEJAL HATHI, MD, in her official capacity as Director of Oregon Health Authority,<br><br>      Defendant. | Case No.: 6:22-cv-01460-AN (Member Case) |

Defendant respectfully submits the following supplemental brief regarding "the impact of the Ninth Circuit's recent decision in *Pharmaceutical Research & Manufacturers of America v. Stolfi*, No. 24-1570, ___ F.4th ___, 2025 WL 244851 (9th Cir. Aug. 26, 2025)" (ECF 268) on Defendant's pending motion to dismiss (ECF 128).[1]

---

[1] Terms used herein are as defined in Defendant's Motion to Dismiss, ECF 128.

Page 1 – DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTIONS TO DISMISS

Defendant's fourth motion in its motion to dismiss raises three separate grounds for dismissing Plaintiffs' state and federal takings claims. First, the motion argues that the SAC does not allege a viable takings claim because OHA did not "take" anything—rather, Plaintiffs voluntarily put themselves in a position to treat civilly committed individuals in their facilities by choosing to certify (and recertify) themselves to provide acute psychiatric care. Second, the motion asserts that the SAC does not state a viable takings claim because Plaintiffs do not allege that OHA directly invaded or physically appropriated Plaintiffs' property, as required to support a *physical* (versus regulatory) takings claim. And, third, Plaintiffs' takings claim fails because the only relief sought—declaratory and injunctive relief—is not available on a takings claim. (ECF 128 at 30–32.)

In support of the latter argument, Defendants' motion relied on the U.S. Supreme Court's controlling decision in *Knick v. Township of Scott*, 588 U.S. 180 (2019) and many other cases in and outside this Circuit that have repeatedly held since *Knick* that a plaintiff cannot seek only equitable relief on a takings claim. (ECF 128 at 31–32; *see also* ECF 128 at 28–30.) Plaintiffs' response brief ignored these cases and instead relied solely on a 2024 decision by Judge Mosman in *Pharmaceutical Research & Manufacturers of America v. Stolfi*, 724 F. Supp. 3d 1174, 1188–91 (D. Or. 2024), *rev'd*, 2025 WL 244851 (9th Cir. Aug. 26, 2025). (*See* ECF 140 at 39–40.) In that case, Judge Mosman held that the plaintiff drug companies could seek declaratory (but not injunctive)[2] relief on a takings claim because there was no adequate state law procedure for seeking just compensation. 724 F. Supp. at 1190–91. Based on *Stolfi*, Plaintiffs argue that this court should conclude that they can seek injunctive and declaratory relief against the State of Oregon here because (according to Plaintiffs) there is no adequate state law remedy for obtaining money damages. ECF 140 at 39–40.

---

[2] As the Ninth Circuit noted, although the plaintiffs in *Stolfi*—like Plaintiffs do here—initially sought both injunctive relief and declaratory relief, they "later abandoned any claim for injunctive relief" before Judge Mosman's decision granting summary judgment. 2025 WL 2448851, at *4.

Page 2 – DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTIONS TO
 DISMISS

On August 26, 2025, however, the Ninth Circuit reversed and remanded Judge Mosman's decision in *Stolfi*. *See generally* 2025 WL 244851. Among other things, the Ninth Circuit held that Judge Mosman wrongfully granted summary judgment to the drug company plaintiffs on their takings claim using erroneous legal standards that apply to a *per se* physical taking, not the *regulatory* taking that plaintiffs in that case alleged. *See id.* at \*\*22–29. The Ninth Circuit thus reversed Judge Mosman's grant of summary judgment on the drug companies' declaratory relief claim and ordered instead that summary judgment be granted in favor of the State of Oregon. *Id.* at \*29.

Because the Ninth Circuit held that the *Stolfi* plaintiffs had not established a per se takings claim on the merits, the court did not directly address Judge Mosman's discussion about the availability of declaratory relief on the takings claim. *See id.* But since the Ninth Circuit reversed the legal predicate for Judge Mosman's remedy ruling, whatever value that case added—which was little, for the reasons explained in Defendant's reply brief—no longer exists. That decision has been now reversed.

Moreover, the Ninth Circuit's decision—though it did not directly address the remedy issue—further reinforces the arguments Defendants made for why the 2024 *Stolfi* discussion on remedies is inapplicable here. The Ninth Circuit found that Judge Mosman should have applied the standards applicable to *regulatory* takings, not physical takings. *See* 2025 WL 244851, at \*23. In this case, Plaintiffs assert only a physical takings claim. And Plaintiffs have not cited a single *physical* takings claim in which the court has allowed only injunctive and/or declaratory relief. Because Plaintiffs cited no case other than the 2024 *Stolfi* decision—a since-reversed, regulatory takings case—to support their argument for equitable relief on their takings claims, the Court should grant the Defendant's fourth motion and dismiss the takings claims for failure to state a claim.

For these reasons, and for reasons discussed in Defendant's prior briefing, Defendant respectfully asks the Court to grant its Motion and dismiss the takings claims with prejudice.

Page 3 – DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTIONS TO DISMISS

DATED: September 3, 2025.

        CABLE HUSTON LLP

        s/ Jon W. Monson
        Jon W. Monson, OSB No. 102650
        Nicole M. Swift, OSB No. 141419
        Jonathan P. Harlan, OSB No. 214708
        1455 SW Broadway, Suite 1500
        Portland, OR 97201
        Tele: (503) 224-3092
        Fax: (503) 224-3176
        jmonson@cablehuston.com
        nswift@cablehuston.com
        jharlan@cablehuston.com

*Special Assistant Attorneys General for Defendant Sejal Hathi, MD, in her official capacity as Director of Oregon Health Authority*

        Carla A. Scott, OSB No. 054725
        Senior Assistant Attorney General
        Sheila H. Potter, OSB No. 993485
        Deputy Chief Trial Counsel
        Craig M. Johnson, OSB No. 080902
        Senior Assistant Attorney General
        Trial Attorneys
        Tele: (971) 673-1880
        Fax: (971) 673-5000
        Carla.A.Scott@doj.state.or.us
        Sheila.Potter@doj.state.or.us
        Craig.M.Johnson@doj.state.or.us

*Attorneys for Defendants*