IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON,[1] METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, | Case No.: 3:02-cv-00339-AN (lead) 3:21-cv-01637-AN (consolidated) |
| Plaintiffs, v. | OPINION AND ORDER |
| SEJAL HATHI, in her official capacity as Director of the Oregon Health Authority, and JAMES DIEGEL, in his official capacity as Interim Superintendent of the Oregon State Hospital, | |
| Defendants. | |

On June 6, 2025, this Court entered an opinion and order finding defendants in contempt (the "June 6 Opinion and Order"). Defendants Dr. Sejal Hathi ("Dr. Hathi"), in her official capacity as Director of the Oregon Health Authority, and James Diegel, in his official capacity as Interim Superintendent of the Oregon State Hospital ("OSH"), appealed the June 6 Opinion and Order. On July 25, 2025, plaintiff Disability Rights Oregon ("DRO") moved to supplement the record on appeal. For the reasons stated herein, DRO's motion is GRANTED.

## BACKGROUND

These consolidated cases have a more than two-decades-long factual and procedural background that is well set out in prior opinions and orders, including, most recently, the Court's June 6 Opinion and Order. *See* Op. & Order of June 6, 2025, ECF [604]. The following background focuses only on those facts particularly pertinent to the subject motion.

These consolidated cases include (1) *Oregon Advocacy Center et al v. Mink et al*, No. 3:02-

---

[1] Plaintiff Disability Rights Oregon ("DRO") is named on the docket as "Oregon Advocacy Center" and has been referred to as both DRO and Oregon Advocacy Center since approximately January of 2023. The Court uses "DRO" in this Opinion and Order.

cv-00339-AN ("*Mink*"), filed in 2002; (2) *Bowman v. Matteucci*, No. 3:21-cv-01637-AN ("*Bowman*"), filed in 2021 (together with *Mink*, "*Mink-Bowman*"); and (3) *Legacy Health Systems v. Allen*, No. 6:22-cv-01460-AN, filed in 2022. After *Bowman*'s filing in 2021, the parties in *Mink-Bowman* jointly moved to consolidate both cases and to appoint Dr. Debra A. Pinals ("Dr. Pinals") as a Neutral Expert. Stipulated Mot. to Appoint Neutral Expert, ECF [238]. The parties agreed that Dr. Pinals would provide recommendations to address OSH's capacity issues and create a plan for both short- and long-term compliance with the permanent injunction entered in 2002 in *Mink* (the "Permanent Injunction"). *Id.* at 1-3. Now-Senior District Judge Michael J. Mosman, who then presided over *Mink*, granted the motion, consolidated the cases, and appointed Dr. Pinals as Neutral Expert. *See* Order of December 21, 2021, ECF [240]. In January and June of 2022, Dr. Pinals provided her first and second expert reports, to track defendants' progress toward compliance with the Permanent Injunction. *See* Op. & Order of January 9, 2023, at 3. Following briefing, Judge Mosman entered a remedial order requiring the full implementation of the recommendations made in Dr. Pinals' first and second reports. *See* Mins. of Proceedings of August 29, 2022, ECF [269]; Order of September 1, 2022, ECF [271]. Dr. Pinals has continued to provide supplemental reports on a periodic basis.

Notwithstanding defendants' continued efforts and Dr. Pinals' involvement, defendants have been, with little exception, persistently out of compliance with the Permanent Injunction since 2018. Op. & Order of June 6, 2025, at 10. On January 7, 2025, DRO filed a motion for an order to show cause why defendants should not be held in contempt (the "contempt motion"), seeking civil contempt sanctions in the form of monetary fines and modification of the Court's remedial order then in effect to include additional remedial measures aimed at effecting defendants' compliance with the Permanent Injunction. DRO Contempt Mot., ECF [540]. Plaintiff Metropolitan Public Defender Services, Inc. ("MPD") filed a partial joinder to the contempt motion, taking no position on the issues of contempt or sanctions but joining in the request for modification of the Court's remedial order. MPD Resp. Partial Joinder to DRO Contempt Mot., ECF [557].

On January 24, 2025, the Court held a status conference and heard testimony from former

Interim Superintendent of the OHA, Dr. Sara Walker ("Dr. Walker"); then-Interim Superintendent of the OHA, Kristine Kautz; OSH staff member Samantha Byers; and Dr. Pinals. *See* Mins. of Proceedings of January 24, 2025, ECF [560]; Tr. of Proceedings of January 24, 2025, ECF [568]. On March 12 and 13, 2025, the Court held a two-day hearing (the "contempt hearing") on DRO's contempt motion and MPD's partial joinder to the same. Mins. of Proceedings of March 12, 2025, ECF [584]; Mins. of Proceedings of March 13, 2025, ECF [586]. During the contempt hearing, the Court heard argument from the parties and the *amici* health systems; received evidence; and heard testimony from Dr. Pinals, Dr. Walker, Dr. Hathi, and OHA Behavioral Health Director Ebony Clarke. *See* Mins. of Proceedings of March 12, 2025; Mins. of Proceedings of March 13, 2025.

On May 5, 2025, consistent with her practice with past reports, Dr. Pinals submitted her Eleventh Report to the Court *in camera*. The Eleventh Report provided then-up-to-date metrics regarding defendants' progress toward compliance with the Permanent Injunction and presented additional recommendations for remedial measures aimed at achieving compliance. Defendants also provided the Court with a chart that denoted objections to certain, but not all, of the additional recommendations for remedial measures.

On June 6, 2025, the Court granted the contempt motion, finding defendants in contempt, ordering daily monetary sanctions until defendants reach compliance with the Permanent Injunction, and modifying the remedial order then in effect to include certain of the additional remedial measures not objected to by defendants. On June 17, 2025, defendants appealed. Notice of Appeal to the 9th Cir., ECF [607]. Defendants then moved for a stay of the June 6 Opinion and Order, arguing that they "have substantial basis for appeal" on the grounds that (1) the June 6 Opinion and Order "includes legal error because in rejecting [defendants'] reasonable steps defense, [the Court] relied solely on information provided to" it *in camera* after the conclusion of the contempt hearing; and (2) "several of [the] remedial relief terms do not meet the requirements for injunctive relief[.]" Defs. Mot. for Stay, ECF [610], at 3. The Court denied the motion for stay. Op. & Order of August 6, 2025, ECF [645].

On July 25, 2025, DRO filed the present motion to supplement the record on appeal,

seeking to supplement the appellate record with Dr. Pinals' Eleventh Report. DRO Mot. to Suppl. R. on

Appeal ("DRO Mot."), ECF [641]. Defendants responded in opposition. Defs. Resp. Opp'n to DRO Mot.

("Defs. Resp."), ECF [648]. MPD has taken no position.

## LEGAL STANDARD

Federal Rule of Appellate Procedure 10 governs the record on appeal. Regarding

corrections and modifications of the appellate record, Rule 10(e) provides in full:

> "**(e) Correction or Modification of the Record**
> **(1)** If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
> **(2)** If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>> **(A)** on stipulation of the parties;
>> **(B)** by the district court before or after the record has been forwarded; or
>> **(C)** by the court of appeals.
> **(3)** All other questions as to the form and content of the record must be presented to the court of appeals."

## DISCUSSION

Supplementation of the record with the Eleventh Report is appropriate in this case under

Rule 10(e)(2). It has always been the Court's intention that the Eleventh Report be considered with the June

6 Opinion and Order and properly be before the appellate court. The Court linked to the Eleventh Report

on OHA's website, inadvertently believing this to be sufficient for the Eleventh Report to be in the appellate

record; to the extent it is insufficient, it is appropriate to correct the unintended omission by supplementing

the record now.

Supplementation here aligns with the weight of authority interpreting Rule 10(e), which

makes clear that the appellate record is intended to reflect that which was before the Court when it made its

decision. *See United States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir. 1993) ("The district court may not

use Federal Rule of Appellate Procedure 10(e) to supplement the record with material not introduced or

with findings not made."); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) (emphasis

in original) ("Papers submitted to the district court *after* the ruling that is challenged on appeal should be

stricken from the record on appeal."); *United States v. Walker*, 601 F.2d 1051, 1055 (9th Cir. 1979) ("We are here concerned only with the record before the trial judge when [the] decision was made."); *Daly-Murphy v. Winston*, 837 F.2d 348, 351 (9th Cir. 1987) ("[N]ormally the reviewing court will not supplement the record on appeal with material not considered by the trial court."); *United States v. Ameline*, 409 F.3d 1073, 1112 (9th Cir. 2005) (emphasis added) (collecting cases) ("Normally, documents or exhibits that were not filed with the district court, admitted into evidence, *nor considered by the district court* cannot be filed as part of the record," and "[m]otions to supplement the record generally are not granted by [the Ninth Circuit] if the evidence was not considered by the trial court below.").  Here, the Court received the Eleventh Report more than a month prior to its entry of the June 6 Opinion and Order and thus had the Eleventh Report before it—and in fact relied upon it—when making its decision.  There is no dispute as to whether the Court relied on the Eleventh Report in making its decision as to contempt; indeed, the thrust of defendants' argument on appeal appears to be that it was improper for the Court to do so.  As such, the Court deems it appropriate to correct its oversight of the Eleventh Report's omission in the record by supplementing the record now.

The vast majority of DRO and defendants' arguments concern whether supplementation under Rule 10(e)(1) is appropriate.  Having found that supplementation is proper under Rule 10(e)(2), the Court need not reach these remaining arguments.

## CONCLUSION

For the reasons stated herein, plaintiff Disability Rights Oregon's ("DRO") Motion to Supplement the Record on Appeal, ECF [641], is GRANTED.

IT IS SO ORDERED.

DATED this 5th day of December, 2025.

_____
Adrienne Nelson
United States District Judge