Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
David Boyer OSB # 235450
dboyer@droregon.org
Disability Rights Oregon
900 SW 5th Avenue, Suite 1800
Portland, Oregon 97204
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC.,** & **A.J. MADISON,** Plaintiffs, v. **SAJEL HATHI,** in her official capacity as head of the Oregon Health Authority, & **JAMES DIEGEL** in his official capacity as Superintendent of the Oregon State Hospital, Defendants. **JAROD BOWMAN** and **JOSHAWN DOUGLAS-SIMPSON**, Plaintiffs, v. **JAMES DIEGEL**, Interim Superintendent of the Oregon State Hospital, in his official capacity, **SAJEL HATHI**, Director of the Oregon Health Authority, in her official capacity, Defendants. | Case No. 3:02-cv-00339-AN (Lead Case) Case No. 3:21-cv-01637-AN (Member Case) PLAINTIFF DRO'S MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS |

MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS

Page 1

Disability Rights Oregon
900 SW 5th Avenue, #1800
Portland, OR  97204
(503) 243-2081

**PLAINTIFF DRO'S MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS**

**Certification**

Prior to filing this motion, Plaintiff DRO asked Defendants to confer on this motion. Defendants willfully declined to confer by telephone or in person, after an exchange of emails.

**MOTION**

Plaintiff DRO asks the Court to vacate any verbal orders and the written order allowing Dr. Pinals to grant exemptions to fines for delays caused by sheriffs and court staff. Defendants have reported to the Ninth Circuit that they now feel aggrieved by obtaining the relief they sought and believe this Court erred in granting it. Plaintiff DRO respectfully asks the Court to use its inherent authority to amend its own orders to vacate the prior orders authorizing such exemptions.

**I.    The Court Should Vacate Orders Originally Sought, But Now Objected to, By Defendants**

In their September 2025 Status Report (ECF 657), Defendants complained of being fined for delays in admission of patients to OSH allegedly beyond their control: namely, delays they attributed to failures of county sheriffs to transport patients and of court staff to transmit orders to their attention in a timely way. In their own unopposed motion (ECF 671), Defendants asked this Court to allow them to submit documentation to Dr. Pinals and allow her to deduct fines due in part to delays from the failures of state court staff and county sheriffs. This Court agreed at the September status conference to allow this practice and formalized it by granting Defendants' later unopposed motion. ECF 673.

MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS

Page 2

Disability Rights Oregon
900 SW 5th Avenue, #1800
Portland, OR  97204
(503) 243-2081

Defendants sought this relief and benefitted from it. Now, they complain to the Ninth Circuit about obtaining the relief they sought, saying that "the district court also has assigned Dr. Pinals the role of adjudicating whether OSH is entitled to 'exclude from the calculation of contempt fines days resulting' from circumstances beyond its control (such as a jail's refusal to transport or a circuit court's failure to transmit the .370 order)." Decl. Stenson, Ex. A, at 5-6. Defendants tell the Ninth Circuit that this Court "delegated the quasi-judicial function . . .to the court monitor, a nonjudicial officer" and "has not established any procedure for challenging the monitor's determination." *Id.* at 6. Defendants complain of this court's rulings as if the delegation of that role to Dr. Pinals were an error created by this court, rather than precisely the relief Defendants had requested in the first place. *See* ECF 671, Defendant's Unopposed Motion to Adjust Deadlines for Submitting Defendants' Proposed Fine Calculations, at 3 (asking the Court to enter an order requiring Defendants to submit their fine calculations with any proposed exemptions to Dr. Pinals and to require them to submit "Dr. Pinals' decisions as to any requested exclusions" to the court). Defendants explained in their brief that delegating this authority to Dr. Pinals constituted "improper delegation." Decl. Stenson, Ex. A, at 5.

In the appeal of this Court's decision, Defendants now claim that the October 2025 order granted in response to their unopposed motion "indicated that Dr. Pinals alone is responsible for adjudicating whether OSH has made the requisite showing to avoid the imposition of a fine." *Id.* at 3 (citing to ECF 673). Defendants have never contested any of Dr. Pinals' decisions on these exemptions. Plaintiff DRO assumes that, if State Defendants had challenged an exemption denial, this Court would have heard any such concerns. Even in the absence of any contested exemption denials, Defendants still felt compelled to alert the Ninth Circuit about the perceived

MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS

Page 3

**Disability Rights Oregon**
900 SW 5th Avenue, #1800
Portland, OR  97204
(503) 243-2081

unfairness of the process that they had laid out in their own motion for these exemptions, an unfairness never described to this Court by Defendants when seeking that relief. Since Defendants now object to the very relief that they requested, the Court should eliminate this responsibility from the Court Monitor to grant such relief from the fines.

## II.     The Experience of Granting These Exemptions Demonstrates That Further Exemptions Would Be Counterproductive

Fine exemptions have not fostered sufficient reductions in constitutional violations to justify their continuation. This Court previously addressed the question of State Defendants' ultimate responsibility for transportation, ruling that "the onus falls on defendants to comply with the Permanent Injunction" and noting the Ninth Circuit had previously described Defendants as "solely responsible" for meeting these obligations. ECF 645, at 12-13. While some of the delays have improved, the State Defendants continue to tolerate constitutional violations.

In the December-January fine calculus, Defendants note that Jackson County failed to transport patients six different times. Decl. Stenson, Ex. B. While every other county transported patients in a timely manner, one county failed to transport patients six times. The only consequence from a multi-billion dollar state agency for serial constitutional violations over months is a form letter attached to an email. Further grant of fine exemptions will only ratify the State Defendants' apparent tolerance of these actions and foster more violations. Dr. Pinals has many obligations in this case and requiring her to spend hours reviewing the state's communications with court staff and sheriff's offices is not a good use of her time and energy, particularly considering the State Defendants' lackluster efforts to address the underlying issues.

MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS

Page 4

**Disability Rights Oregon**
900 SW 5th Avenue, #1800
Portland, OR  97204
(503) 243-2081

Ultimately, if "defendants are aware of particular limitations, they must seek to work within or around those limitations to reach compliance." ECF 645, at 13.

### III. The Court Has the Authority to Alter or Vacate Orders That Are Not on Appeal

Although Defendants raised their concern about Dr. Pinals' role in appellate briefing, Defendants never filed a notice of appeal from either the Court's oral orders at the September 2025 hearing or from the Court's October 2025 order. ECF 673; ECF 664; Decl. Stenson, Ex. A, at 2 (challenged orders postdated notice of appeal). "Once a notice of appeal is filed, the district court is divested of jurisdiction *over the matters being appealed*." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (emphasis added). An "appeal from a contempt order would not affect the court's jurisdiction to issue further contempt orders based on subsequent violations of the basic injunctive order." *Hoffman ex rel N.L.R.B. v. Beer Drivers & Salesmen's Loc. No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976). "[A]n appeal of a contempt order issued to force compliance with an injunction should not divest the court of jurisdiction to modify that order to achieve the same enforcement purpose." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 735 (9th Cir. 1982), *amended* (9th Cir. Sept. 22, 1982). This Court remains free to enter new decisions or to amend orders not on appeal, including the orders regarding the role of Dr. Pinals in assessing fine exemptions, as long as the fundamental enforcement purpose does not change. ECF 673; ECF 664. Plaintiff DRO asks that this Court use its authority to remove the Court Monitor's obligation of granting exemptions to the Defendant's contempt fines.

//

//

MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS

Page 5

**Disability Rights Oregon**
900 SW 5th Avenue, #1800
Portland, OR 97204
(503) 243-2081

## IV. Relief Requested

Plaintiff DRO asks the court to enter an order 1) vacating the October 2025 order (ECF 673) and any oral orders permitting exemptions described above; 2) declaring that the Court will not permit future reduction of contempt fines to account for any delays allegedly due to transportation or court staff; 3) disallowing exemptions previously authorized by Dr. Pinals on those grounds; and 4) ordering Defendants to report to the Court the full amount of fines on which Dr. Pinals had previously allowed exemptions to Defendants, for inclusion in a supplemental judgment against Defendants.

Defendants may not manufacture issues for appeal by demanding relief, then complaining about getting the relief sought. Defendants presumably would like to convince this Court that they are doing everything in their power to make sure that people in psychiatric crisis are not lingering in jail cells. Defendants nevertheless felt free to waste the time and energy of this Court and Dr. Pinals—both occupied with more important tasks—complaining about sheriffs and state court staff to obtain relief, then criticizing this Court and Dr. Pinals to the Ninth Circuit for the "error" of doing what Defendants asked. Defendants' actions should reflect the seriousness of the task before the parties, Dr. Pinals, and the Court. Ultimately, Defendants should focus their vast resources on resolving the constitutional violations that they are responsible for curing.

DATED this 23rd day of January, 2026.

DISABILITY RIGHTS OREGON

/s *Tom Stenson*
David Boyer OSB # 235450
dboyer@droregon.org
Emily Cooper OSB # 182254
ecooper@droregon.org

MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS

Page 6

**Disability Rights Oregon**
900 SW 5th Avenue, #1800
Portland, OR  97204
(503) 243-2081

Thomas Stenson, OSB # 152894
tstenson@droregon.org
511 SW 10th, Suite 200
Portland OR 97205
Telephone: (503) 243 2081
Facsimile: (503) 243 1738
*Counsel for Plaintiff Disability Rights Oregon*

MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS

Page 7

**Disability Rights Oregon**
900 SW 5th Avenue, #1800
Portland, OR  97204
(503) 243-2081