DAN RAYFIELD
Attorney General
CARLA A. SCOTT #054725
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
JILL CONBERE #193430
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Carla.A.Scott@doj.oregon.gov
        Craig.M.Johnson@doj.oregon.gov
        Jill.Conbere@doj.oregon.gov

Attorneys for Defendants Patrick Allen, Sejal Hathi, Dolores Matteucci, and James Diegel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, <br><br>Plaintiffs, <br><br>v. <br><br>SEJAL HATHI, in her official capacity as head of the Oregon Health Authority, and JAMES DIEGEL in his official capacity as Interim Superintendent of the Oregon State Hospital, <br><br>Defendants. | Case No. 3:02-cv-00339-AN (Lead Case) <br>Case No. 3:21-cv-01637-AN (Member Case) <br>Case No. 6:22-CV-01460-AN (Member Case) <br><br>DEFENDANTS' RESPONSE TO PLAINTIFF DRO'S MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS |
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON, <br><br>Plaintiffs, <br><br>v. <br><br>JAMES DIEGEL, Interim Superintendent of the Oregon State Hospital, in his official capacity, DOLORES MATTEUCCI, in her | Case No. 3:21-cv-01637-AN (Member Case) |

Page 1 -   DEFENDANTS' RESPONSE TO PLAINTIFF DRO'S MOTION TO VACATE
           ORDERS PERMITTING FINE EXEMPTIONS
   CAS/j3b/ 1012251119

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

individual capacity, SEJAL HATHI, Director of the Oregon Health Authority, in her official capacity, and PATRICK ALLEN in his individual capacity,

        Defendants.

LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON,

        Plaintiffs,
  v.

SEJAL HATHI, in her official capacity as Director of Oregon Health Authority,

        Defendant.

Case No. 6:22-CV-01460-AN (Member Case)

## I. Introduction

Plaintiff Disability Rights Oregon's (DRO) motion should be denied for several reasons. First, it materially misstates the record before this Court and misunderstands the scope of Defendants' appeal from the June 6, 2025, Contempt Order (Contempt Order). Second, while Defendants do not dispute that this Court has jurisdiction to amend or modify its order regarding fine exclusions, there is simply no present reason to do so. That order appropriately prevents Defendants from being fined for circumstances over which they have no control, because in such circumstances fines can have no coercive effect (which is the legal standard for imposing fines in the first place). Moreover, contrary to DRO's assertions and to the extent relevant, since the fine exclusion order issued, there has been a reduction in admission delays caused by jail transport issues. And there is no reason to conclude, as DRO suggests, that the fine exclusion process is a misuse of Dr. Pinals's time.

Page 2 -   DEFENDANTS' RESPONSE TO PLAINTIFF DRO'S MOTION TO VACATE
          ORDERS PERMITTING FINE EXEMPTIONS
      CAS/j3b/ 1012251119

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Regarding the conferral statement in DRO's motion, Defendants' counsel engaged in meaningful, substantive conferral with DRO via email.[1]

## II.   Background

### A.   The record before this Court

In a status conference held on January 24, 2025, this Court directed the parties to address whether Dr. Pinals's role should be "changed to that of a court monitor." ECF No. 555. Plaintiffs Metropolitan Public Defender (MPD) and DRO indicated general agreement with such a change. Jan. 10, 2025, Tr., pp. 67, 69-70. Defendants' counsel stated that she was "prepared to defer" to this Court's "preference on whether" Dr. Pinals's role "should be elevated," but expressly requested an opportunity to be heard on *the parameters* of such a new role and "what her *scope of work* would be *before* a final decision [was] made on that." *Id*., p. 49. (emphasis added). At no time did Plaintiffs move for this Court to appoint Dr. Pinals as Court Monitor, and it was not litigated or otherwise mentioned during the contempt hearing. On June 6, 2025, without Defendants having been given an opportunity to be heard on parameters and scope, the Contempt Order appointed Dr. Pinals as Court Monitor and imposed fines on Defendants, among other forms of remedial relief. ECF No. 604.

In a status conference held on September 8, 2025, Defendants' counsel asked that fines be excluded where they could make a showing "*to the Court's satisfaction*" that certain conditions had been met. Sept. 8, 2025, Tr., p. 12 (emphasis added). MPD then raised a question about a particular factual scenario concerning the proposed exclusions and stated, "I don't know how the Court wants to sort of administer those types of issues if they arise, whether the court monitor would be authorized to administer." *Id.* pp. 14-15. This Court immediately responded, "The court monitor is authorized." *Id.* p. 15. There was then some back and forth with the Court, DRO, and Defendants' counsel; then, Defendants' counsel

---

[1] Defendants can provide the conferral email exchanges if the Court would like.

Page 3 -   DEFENDANTS' RESPONSE TO PLAINTIFF DRO'S MOTION TO VACATE
              ORDERS PERMITTING FINE EXEMPTIONS
    CAS/j3b/ 1012251119

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

said Defendants would comply with the Court's authorization of Dr. Pinals to administer fine exclusions by stating: "we will submit proof to the court monitor and let her decide whether a fine would have a coercive effect under the facts of a given situation." *Id.* pp. 18-20. This Court then issued an order on the record establishing the fine exclusion process to be administered by Dr. Pinals. *Id.* p. 20; ECF No. 664.

After Dr. Pinals's adjudication of Defendants' first request for fine exclusions, Defendants filed a motion entitled, "Unopposed Motion to Adjust Deadlines for Submitting Defendants' Proposed Fine Calculations." *See* ECF No. 671. Defendants filed this scheduling motion to allow Dr. Pinals sufficient time to review their fine exclusion requests after the amount of time she needed became clear. *See* ECF No. 671 at p. 3 ("During [the first fine exclusion review] process, it became apparent to Defendants and Dr. Pinals that some additional time is needed from the date Defendants' proposed fine calculations are currently due to the Court . . . for Dr. Pinals and Plaintiffs to review Defendants' proposed exclusions and supporting documentation before Dr. Pinals makes her decision as to whether to grant any exclusions.").

### B. Defendants' pending appeal to the Ninth Circuit

On June 17, 2025, Defendants filed a Notice of Appeal of the Contempt Order, and assigned error to, among other things, the appointment of Dr. Pinals as Court Monitor. Defendants did not appeal the order this Court issued during the September 8, 2025, Status Conference that authorized Dr. Pinals to administer fine exclusion requests.

### III. Analysis

Defendants do not dispute that this Court has jurisdiction to amend or modify its order in the September 8 Status Conference allowing fine exclusions. But, as explained below, there is no basis to do so now. DRO's arguments to the contrary are neither accurate nor persuasive. DRO's assertion that Defendants "specifically requested the relief now complained of" is simply not true. Moreover, fine exclusions are warranted because

Page 4 -   DEFENDANTS' RESPONSE TO PLAINTIFF DRO'S MOTION TO VACATE
           ORDERS PERMITTING FINE EXEMPTIONS
CAS/j3b/ 1012251119

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

imposing fines where delays occur outside of Defendants' control can have no coercive effect. And the efforts the State Hospital has been engaging in under the fine exclusion order are having a demonstrable, beneficial effect of reducing admission delays due to jail transport issues. Finally, the fine exclusion process is not a misuse of time and effort.

> **A.     Defendants did not ask this Court to make Dr. Pinals the arbiter of fine exclusions but agreed to comply with the Court's decision, and Defendants have not appealed that decision.**

DRO argues, first, that the fine exclusion order should be vacated because: (1) "Defendants *asked this Court to allow them to submit documentation to Dr. Pinals* and allow her to deduct fines due in part to delays from the failures of state court staff and county sheriffs"; and (2) Defendants now "complain to the Ninth Circuit about obtaining the relief they sought . . . as if the delegation of that role to Dr. Pinals were an error created by this court, rather than *precisely the relief Defendants had requested in the first place*." DRO's Mot, pp. 2-3. Neither of these foundational premises for DRO's motion are accurate.[2]

At no point in any hearing before this Court did Defendants request that Dr. Pinals be authorized to decide whether their requests for fine exclusions should be granted. Rather, Defendants, quite understandably, agreed to abide by this Court's decision on that question. And Defendants' motion entitled, "Unopposed Motion to Adjust *Deadlines* for Submitting Defendants' Proposed Fine Calculations," does not show, as DRO argues, that Defendants asked that Dr. Pinals adjudicate fine exclusion requests. *See* ECF No. 671 (emphasis added). As the title suggests, that was a motion to adjust due dates and nothing more. Defendants' scheduling motion sought *only* an adjustment to the fine report scheduling to allow Dr. Pinals sufficient time to review their fine exclusion requests after the amount of time she needed became clear. There is nothing in Defendants' scheduling motion that can reasonably be

---

[2] The inaccuracies in DRO's motion resulted from their decision to not order and review the transcript from the September 8 Status Conference before filing the instant motion. If it would be helpful, Defendants can provide this Court with counsel's email exchange with DRO on this issue.

Page 5 -   DEFENDANTS' RESPONSE TO PLAINTIFF DRO'S MOTION TO VACATE
           ORDERS PERMITTING FINE EXEMPTIONS
    CAS/j3b/ 1012251119

read to conclude that Defendants ever asked this Cour to appoint Dr. Pinals to adjudicate fine exclusions.

DRO's motion also misunderstands the scope of Defendants' appeal of the Contempt Order. With respect to the appointment of Dr. Pinals as Court Monitor, Defendants' argument on appeal is that the Contempt Order "erroneously failed to establish parameters for the role of court monitor and to provide a mechanism for reviewing her decisions." App Br 52. The absence of any meaningful parameters on Dr. Pinals's authority and on the scope of her role creates a "risk of improper delegation [that] is not abstract or hypothetical." *Id.* p. 55. One of the *examples* that Defendants' opening brief on appeal provides that illustrates how the concerns are not hypothetical is the fact that Dr. Pinals has been tasked with adjudicating calculation of the fines without providing for a procedural mechanism for review. Stated differently, Dr. Pinals's role in adjudicating the fines is *emblematic* of the problems created by the appointment of a court monitor without any parameters. As noted above, however, Defendants have not appealed this Court's ruling in the September 8, 2025, Status Conference.

### B. DRO's analysis regarding the purpose and effect of the fine exclusion order is legally and factually incorrect.

DRO argues, second, that "[f]ine exemptions have not fostered sufficient reductions in constitutional violations to justify their continuation." Mot., p. 4. This argument fails.

As an initial matter, a reduction in constitutional violations was *not* the basis for the Court's order allowing fine exclusions. The basis for that order was that fines in situations outside Defendants' control can have no coercive effect, which is the legal standard for whether fines may be imposed in the first place. *See* Defs' Sept. 5, 2025, Status Report, ECF No. 657, pp. 8-9 (citing *Spallone v. U.S*., 487 U.S. 1251, 1256 (1988); *Shell Offshore Inc. v. Greenpeace, Inc*., 815 F.3d 623, 630 (9th Cir. 2016); and *Whittaker Corp. v. Execuair Corp*., 953 F.2d 510, 516 (9th Cir. 1992)); Sept. 8, 2025, Tr. at pp. 13-14, 20.

Page 6 -   DEFENDANTS' RESPONSE TO PLAINTIFF DRO'S MOTION TO VACATE
            ORDERS PERMITTING FINE EXEMPTIONS
        CAS/j3b/ 1012251119
                            Department of Justice
                            100 SW Market Street
                            Portland, OR 97201
                        (971) 673-1880 / Fax: (971) 673-5000

In any event, data from when fines first began accruing on June 7, 2025, shows that there have been real and meaningful reductions in jail transport delays since this Court's September 8, 2025, fine exclusion order:



### C.     The fine exclusion process is not a misuse of time and effort.

DRO argues, third, that "Dr. Pinals has many obligations in this case and requiring her to spend hours reviewing the state's communications with court staff and sheriff's offices is not a good use of her time and energy, particularly considering the State Defendants' lackluster efforts to address the underlying issues." DRO Mot., p. 4.  Yet Dr. Pinals has not expressed any concern about the time the fine exclusion process has taken.

DRO's criticism of Defendants' communications with the jails also fail.  As an initial matter, before granting Defendants' request for fine exclusions during the September 8 Status Conference, this Court reviewed and was satisfied with the State Hospital's communications to jails submitted with Defendants' September 5 Status Report.  Sept. 8 Tr. at p. 14 (reflecting this Court's review of those communications).  This Court did not find those

Page 7 -    DEFENDANTS' RESPONSE TO PLAINTIFF DRO'S MOTION TO VACATE
            ORDERS PERMITTING FINE EXEMPTIONS
            CAS/j3b/ 1012251119

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

communications lacking. And the State Hospital's ongoing communications with the jails, which are submitted to Dr. Pinals and Plaintiffs each month, have grown more robust since.[3]

Finally, and contrary to DRO's assertions, Defendants' efforts to address the underlying issues have been anything but "lackluster." As Dr. Pinals's reports and testimony to this Court show, Defendants are and have been engaging in extensive, diligent, and good-faith efforts to meet the unyielding demands of the permanent injunction as well as Dr. Pinals's expansive, systemic recommendations. That Defendants have not yet returned to sustained compliance in extremely challenging times does not mean they are not trying to do so with every arrow in their quiver.

## IV.  Conclusion

For the reasons set forth above, DRO's motion should be denied as meritless.

DATED February 4, 2026.

        Respectfully submitted,

        DAN RAYFIELD
        Attorney General


          *s/ Carla A. Scott*
        CARLA A. SCOTT #054725
        CRAIG M. JOHNSON #080902
        Senior Assistant Attorneys General
        JILL CONBERE # 193430
        Assistant Attorney General
        Trial Attorneys
        Tel (971) 673-1880
        Fax (971) 673-5000
        Carla.A.Scott@doj.oregon.gov
        Craig.M.Johnson@doj.oregon.gov
        Jill.Conbere@doj.oregon.gov
        Of Attorneys for Defendants

---

[3] The fine exclusion order requires Defendants to show that: "they provided timely notice to the county jail, issued a constitutional rights directive to the jail, and informed the [state court that issued the commitment order] of the circumstances." ECF No. 664. The form communications that OSH is currently using to satisfy those requirements are attached hereto as Exhibits 1, 2, and 3.

Page 8 -   DEFENDANTS' RESPONSE TO PLAINTIFF DRO'S MOTION TO VACATE
            ORDERS PERMITTING FINE EXEMPTIONS
    CAS/j3b/ 1012251119
                          Department of Justice
                          100 SW Market Street
                          Portland, OR 97201
                      (971) 673-1880 / Fax: (971) 673-5000