Eric J. Neiman, OSB No. 823513
eneiman@ebglaw.com
Emma P. Pelkey, OSB No. 144029
epelkey@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
1125 NW Couch Street, Suite 500
Portland, OR 97209
Telephone: 503.343.6475

Thomas R. Johnson, OSB No. 010645
Tom.Johnson@stoel.com
Alex Van Rysselberghe, OSB No. 174836
Alex.VanRysselberghe@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone: 503.224.3380

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON; METROPOLITAN PUBLIC DEFENDERS INC.; and A.J. MADISON, <br><br> Plaintiffs, <br> v. <br><br> SEJAL HATHI, in her official capacity as Director of Oregon Health Authority; and JAMES DIEGEL, in his official capacity as Interim Superintendent of the Oregon State Hospital, <br><br> Defendants, | Case No.: 3:02-cv-00339-AN (Lead Case) <br> Case No.: 3:21-cv-01637-AN (Member Case) <br> **Case No.: 6:22-cv-01460-AN (Member Case)** <br><br> JOINT RULE 26(f) REPORT AND DISCOVERY PLAN IN *LEGACY et al. v. HATHI* |

Page i –    JOINT RULE 26(f) REPORT AND DISCOVERY PLAN IN *LEGACY et al. v. HATHI*

152641435.1 0080339-00001

JAROD BOWMAN; and JOSHAWN DOUGLAS SIMPSON,

        Plaintiffs,

v.

JAMES DIEGEL, Interim Superintendent of the Oregon State Hospital, in his official capacity; DOLORES MATTEUCCI, in her individual capacity; SAJEL HATHI, Director of the Oregon Health Authority, in her official capacity; and PATRICK ALLEN, in his individual capacity,

        Defendants,

Case No.: 3:21-cv-01637-AN (Member Case)

---

LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; PROVIDENCE HEALTH & SERVICES – OREGON; and ST. CHARLES HEALTH SYSTEM,

        Plaintiffs,

v.

SEJAL HATHI, in her official capacity as Director of Oregon Health Authority,

        Defendant.

**Case No.: 6:22-cv-01460-AN (Member Case)**

Page ii –    JOINT RULE 26(f) REPORT AND DISCOVERY PLAN IN *LEGACY et al. v. HATHI*

152641435.1 0080339-00001

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f) and Local Rule 26-1, the parties submit this written report of their initial Rule 26(f) conference. This report is filed on behalf of all parties.

## I.    RULE 26(f) CONFERENCE

The parties, represented by the attorneys listed below, participated in Rule 26(f) conferences, held by videoconference on January 6, 2026, and January 15, 2026:

| | |
|---|---|
| Counsel for Plaintiffs | Eric J. Neiman<br>Emma P. Pelkey<br>(EPSTEIN BECKER & GREEN, P.C.)<br><br>Tom R. Johnson<br>Alex Van Rysselberghe<br>(STOEL RIVES LLP) |
| Counsel for Defendants | Jon W. Monson<br>Nicole M. Swift<br>Abigail J. Fallon<br>Jon P. Harlan<br>Olivia F. Loftin<br>(CABLE HUSTON LLP)<br><br>Carla A. Scott<br>Craig M. Johnson<br>Jill L. Conbere<br>(OREGON DEPARTMENT OF JUSTICE) |

## II.    EARLY RESOLUTION - FRCP 26(f)(2)

The parties discussed whether they might participate in an early form of alternative dispute resolution. Counsel agreed that they will continue to talk with their clients about the logistics and timing of ADR options.

## III.    INITIAL DISCLOSURES - FRCP 26(f)(3)(A)

Pursuant to LR 26-2, the parties agreed to waive initial disclosures required by FRCP 26(a)(1).

Page 1 –    JOINT RULE 26(f) REPORT AND DISCOVERY PLAN IN *LEGACY et al. v. HATHI*

## IV.    SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED - FRCP 26(f)(3)(B)

The parties discussed general subject matter areas in which they intend to seek discovery. The parties also discussed their views on the proper scope of discovery in light of this Court's order granting in part, and denying in part, Defendants' motion to dismiss the Second Amended Complaint. The parties anticipate disputes about the proper scope of discovery in light of that ruling.

### A.    Plaintiffs' Subjects.

Plaintiffs anticipate seeking discovery into topics that include, without limitation:

    i.    Oregon Health Authority's ("OHA") policies, procedures, and practices for placement and transfer of civilly committed individuals, including compliance with applicable statutes and regulations;

    ii.    Data reflecting capacity, bed availability, waitlists, and placements across Oregon State Hospital ("OSH"), secure residential treatment facilities, residential treatment facilities, and other types of facilities;

    iii.    Communications and decision-making concerning patient admission and placement for the civilly committed population;

    iv.    The impact, financial and otherwise, of OHA's practices on hospital operations, including emergency department boarding, unit closures, staffing, and resource allocation;

    v.    Any asserted governmental interests and justifications relevant to the *Mathews* and substantive-due-process analyses;

    vi.    Information relevant to equitable remedies, including feasibility, timelines, and cost/resource implications of prospective relief;

Page 2 –    JOINT RULE 26(f) REPORT AND DISCOVERY PLAN IN *LEGACY et al. v. HATHI*

152641435.1 0080339-00001

vii.    With regard to "the Division's current electronic data systems" described in OAR 309-033-0290(4)(c), practices for data collection, completeness, quality assurance, uses, ability to run reports, and training for Community Mental Health Programs ("CMHPs") about data entry;

viii.    OHA's practices for data collection, storage, and analysis for individuals who have been civilly committed;

ix.    For individuals currently under orders of commitment, OHA's ability to identify such patients and provide current location, diagnosis, plan, and discharge date;

x.    For individuals previously under orders of civil commitment, outcomes data;

xi.    Reimbursement for civilly committed patients and any proposed changes;

xii.    Steps that have been taken to implement the findings and recommendations made in the June 2024 report from Public Consulting Group LLC with regard to inpatient psychiatric beds, residential treatment facilities and residential treatment homes, and secure residential treatment facilities for individuals who have been civilly committed, including the specific number and location of each class or type of bed; and

xiii.    The specific numbers of new inpatient psychiatric beds, beds in residential treatment facilities and residential treatment homes, and beds in secure residential treatment facilities that are currently planned to be available for civilly committed individuals, how they will be funded, and where they will be located.

Page 3 –     JOINT RULE 26(f) REPORT AND DISCOVERY PLAN IN *LEGACY et al. v. HATHI*

152641435.1 0080339-00001

**B.      Defendants' Subjects.**

Defendants anticipate seeking discovery into topics that include, without limitation:

i.      Information sufficient to identify and analyze civilly committed patients who plaintiffs contend are currently remaining in their facilities but should be treated in long-term care settings, including volume, length of stay, timing of stabilization, and whether continued acute-level care is medically necessary;

ii.      Impact of civilly committed patients on hospital capacity and operations, including occupancy rates, bed availability, diversion status, and any alleged inability to admit or treat other patients;

iii.      Information concerning non-civilly committed patients that plaintiffs contend were unable to access care due to bed occupancy, including specific instances and supporting documentation;

iv.      Plaintiffs' internal analyses and data regarding financial impact, alleged economic harm, and resource utilization associated with treating civilly committed patients, including costs (staffing, security, treatment), reimbursement, funding, and any alleged lost revenue or opportunity costs;

v.      Information related to plaintiffs' certification decisions and participation in the civil commitment treatment system, including decisions to obtain, maintain, or modify certification and related communications or analyses;

Page 4 –      JOINT RULE 26(f) REPORT AND DISCOVERY PLAN IN *LEGACY et al. v. HATHI*

vi.    Information regarding legal or regulatory constraints affecting plaintiffs' ability to discharge or transfer civilly committed patients, including applicable law, EMTALA obligations, and hospital policies;

vii.    Plaintiffs' efforts to transfer or obtain alternative placement for civilly committed patients, including communications with OHA, CMHPs, and other entities, and responses to such efforts;

viii.    Communications and coordination between plaintiffs and OHA regarding placement, transfer, and care of civilly committed patients;

ix.    Current policies, practices, and procedures governing placement, coordination, and communication between OHA and community hospitals, including procedures available to plaintiffs to raise concerns and plaintiffs' use (or non-use) of such procedures;

x.    Plaintiffs' internal policies and practices for managing civilly committed patients, including criteria for stabilization, continued hospitalization, and discharge decision-making;

xi.    Information regarding plaintiffs' system capacity and operational constraints, including staffing, bed availability, competing demands, and understanding of system-wide placement limitations;

xii.    Information regarding plaintiffs' role in admissions decisions, including instances of declined admissions, transfers, or escalations;

xiii.    Instances in which plaintiffs contend they were unable to use beds or facilities as intended due to the presence of civilly committed patients, including specific examples and supporting documentation; and

Page 5 –    JOINT RULE 26(f) REPORT AND DISCOVERY PLAN IN *LEGACY et al. v. HATHI*

xiv.    Instances in which plaintiffs contend OHA declined requests relating to costs, funding, reimbursement, or placement, or denied requests for additional participation in placement decisions.

## V.    TIMING AND PROPOSED DISCOVERY CUTOFF - FRCP 26(f)(3)(B)

The parties agree that liability discovery does not need to be phased or limited to particular issues beyond the scope provided by the Federal Rules and related case law. However, the parties disagree on whether Plaintiffs may seek discovery about potential remedies without first obtaining a liability finding, and whether any such discovery related to potential remedies should be bifurcated from the liability issues. The parties expect to continue to confer regarding this issue after exchange of formal discovery requests.

The parties anticipate engaging in fact discovery regarding the allegations, claims, and defenses in this case, including expert discovery. As described below, the parties propose a discovery schedule with a fact discovery cutoff of April 26, 2027, and an expert discovery cutoff of September 27, 2027. Defendants do not agree that remedy discovery should take place prior to a liability trial.

## VI.    ELECTRONICALLY STORED INFORMATION ("ESI") - FRCP 26(f)(3)(C)

The parties anticipate a need for ESI discovery and anticipate entering into a comprehensive ESI agreement. To prepare that agreement, the parties agree to meet and confer regarding appropriate custodians, search terms, and protocols to filter and limit production of documents and data as needed. The parties intend to exchange instructions regarding the format for production of ESI and will confer about such matters if issues arise.

Page 6 –    JOINT RULE 26(f) REPORT AND DISCOVERY PLAN IN *LEGACY et al. v. HATHI*

The parties do not anticipate any issues with the preservation of evidence and agree to use reasonable efforts to ensure that ESI in each party's possession, custody, or control is preserved.

## VII.    PROTECTIVE ORDER

The parties will address any privilege claims as they arise, and the parties will attempt to resolve any issues that arise before seeking the Court's assistance. The parties agree that upon request by the opposing party, a privilege log will be provided that complies with FRCP 26(b)(5)(A)(ii).

The parties agree that a protective order is necessary given that some of the information and documents to be included in discovery may contain confidential and other private and sensitive and private information, including patient information protected by state and federal law. The parties are conferring in good faith and intend to enter into a standard protective order.

## VIII.    LIMITS OR CHANGES TO FEDERAL AND LOCAL RULES FRCP - 26(f)(3)(C)

The parties do not request changes or limits to the federal or local rules on discovery at this time, except as described in this report related to the timing of discovery.

## IX.    NO OTHER ORDERS - FRCP 26(f)(3)(F)

The parties do not request that the Court issue any orders at this time.

## X.    PROPOSED CASE SCHEDULE

In the interest of ensuring that the parties promptly engage in collection and production of relevant information, the parties jointly propose the following case schedule:

| Event | Parties' Proposed Deadline |
|---|---|
| Answer Deadline | 30 days after Joint Rule 26(f) Report and Discovery Plan |

Page 7 –    JOINT RULE 26(f) REPORT AND DISCOVERY PLAN IN *LEGACY et al. v. HATHI*

152641435.1 0080339-00001

| Event | Parties' Proposed Deadline |
|---|---|
| Fact Discovery Deadline | April 26, 2027 |
| Initial Expert Reports Deadline | June 14, 2027 |
| Rebuttal Expert Reports Deadline | August 2, 2027 |
| Expert Discovery Deadline | September 27, 2027 |
| Dispositive Motions Deadline | November 15, 2027 |
| Pretrial Order | Date to be determined after the Court rules on any dispositive motions. |
| Trial | Date to be determined after the Court rules on any dispositive motions. |

Based on the proposed schedule above, the parties anticipate a trial to be scheduled in 2028, subject to the Court's availability. The parties are open to discussing scheduling a trial date at the scheduling conference or, if a status conference is held following a ruling on any dispositive motions, scheduling a trial date at that time. The parties will defer to the Court's preference.

DATED: April 13, 2026

EPSTEIN BECKER & GREEN, P.C.

*/s/ Eric J. Neiman*
ERIC J. NEIMAN, OSB No. 823513
ENeiman@ebglaw.com
EMMA P. PELKEY, OSB No. 144029
EPelkey@ebglaw.com
Telephone: 503.343.6475

CABLE HUSTON LLP

*/s/ Jon w. Monson*
JON W. MONSON, OSB No. 102650
jmonson@cablehuston.com
NICOLE M. SWIFT, OSB No. 141419
nswift@cablehuston.com
ABIGAIL J. FALLON, OSB No. 183364
afallon@cablehuston.com
JONATHAN P. HARLAN, OSB No. 214708
jharlan@cablehuston.com

152641435.1 0080339-00001

STOEL RIVES LLP

/s/ Thomas R. Johnson
THOMAS R. JOHNSON, OSB No. 010645
tom.johnson@stoel.com
ALEX VAN RYSSELBERGHE,
   OSB No. 174836
alex.vanrysselberghe@stoel.com
Telephone: 503.224.3380

*Attorneys for Plaintiffs*

OLIVIA M. LOFTIN, OSB No. 225812
oloftin@cablehuston.com
1455 SW Broadway, Suite 1500
Portland, OR  97201
Telephone:  503.224.3092

*Special Assistant Attorneys General for Defendant
Sejal Hathi, MD, in her official capacity as
Director of Oregon Health Authority*

CARLA A. SCOTT, OSB No. 054725
CRAIG M. JOHNSON, OSB No. 080902
Senior Assistant Attorneys General
JILL CONBERE, OSB No. 193430
Assistant Attorney General
Trial Attorneys
Tele: (971) 673-1880
Fax: (971) 673-5000
Carla.A.Scott@doj.state.or.us
Craig.M.Johnson@doj.state.or.us
Jill.Conbere@doj.oregon.gov

*Attorneys for Defendant*

Page 9 –    JOINT RULE 26(f) REPORT AND DISCOVERY PLAN IN *LEGACY et al. v. HATHI*

152641435.1 0080339-00001