Jon W. Monson, OSB No. 102650
jmonson@cablehuston.com
Nicole M. Swift, OSB No. 141419
nswift@cablehuston.com
Jon P. Harlan, OSB No. 214708
jharlan@cablehuston.com
Abigail J. Fallon, OSB No. 183364
afallon@cablehuston.com
Olivia M. Loftin, OSB No. 225812
oloftin@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
Tele: (503) 224-3092
Fax:  (503) 224-3176

*Special Assistant Attorneys General for Defendant Sejal Hathi, MD,
in her official capacity as Director of Oregon Health Authority
(Additional Counsel of Record Listed on Signature Page)*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON,<br><br>    Plaintiffs,<br><br>    v.<br><br>SEJAL HATHI, MD, in her official capacity as Director of Oregon Health Authority,<br><br>    Defendant. | Case No. 6:22-cv-01460-AN<br><br>**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

Page 1 - DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

Except as specifically admitted below, Defendant Sejal Hathi, MD, in her official capacity as Director of Oregon Health Authority, in Case No. 6:22-cv-01460-AN ("Defendant"), denies each and every allegation of Plaintiffs' Second Amended Complaint ("SAC"). Defendant further answers as follows:

## INTRODUCTION

The Introduction contains extensive argument and states legal conclusions to which no response is required. Defendant admits that Oregon is in the middle of an unprecedented mental health crisis and that many civilly committed patients are struggling with substance abuse disorders and houselessness in addition to mental illness. Any other factual allegations in the Introduction are denied.

## JURISDICTION AND VENUE

1. Defendant admits that Plaintiffs purport to bring this action under 42 U.S.C. § 1983 and 28 U.S.C. § 2201. Defendant denies that this action is brought under 42 U.S.C. § 12132, as the Court dismissed any claims brought under that statute in its Opinion and Order filed on December 9, 2025 [ECF 303] ("12/9/25 MTD Order").

2. Defendant admits that this Court has subject matter jurisdiction over this matter. The remaining allegations in paragraph 2 contain legal conclusions to which no response is required.

3. The allegations in paragraph 3 contain legal conclusions to which no response is required.

4. Defendant admits that venue is proper. The remaining allegations in paragraph 4 contain legal conclusions to which no response is required.

## PARTIES

5. Defendant admits that Plaintiffs' health systems receive civilly committed patients. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies them.

6. On information and belief, Defendant admits that some of Plaintiffs' hospitals have behavioral health units. Defendant denies the allegations in the first and fifth sentences of paragraph 6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies them.

7. Defendant admits the allegations in the first sentence of paragraph 7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies them.

8. On information and belief, Defendant admits the allegations in the first and fourth sentences of paragraph 8. Defendant further admits, on information and belief, that Plaintiff Unity is an acute care hospital. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies them.

9. On information and belief, Defendant admits the allegations in the first sentence of paragraph 9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies them.

10. On information and belief, Defendant admits the allegations in the first sentence of paragraph 10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies them.

11. On information and belief, Defendant admits the allegations in the first sentence of paragraph 11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore denies them.

12. On information and belief, Defendant admits the allegations in the first sentence of paragraph 12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies them.

13. Defendant admits the allegations in paragraph 13.

/ / /

/ / /

Page 3 - DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

## FACTUAL ALLEGATIONS

14. Defendant admits the allegations in the first sentence of paragraph 14. Defendant further admits that individual civilly committed patients exhibit different types and severities of mental health symptoms, including (depending on the patient) one or more of the symptoms described in paragraph 14. Defendant denies that all civilly committed patients exhibit all of the described symptoms or require significant care and treatment. Any remaining allegations in paragraph 14 are denied.

15. The allegations in paragraph 15 are legal conclusions to which no response is required. To the extent any response is required, the allegations are denied.

16. The allegations in paragraph 16 are legal conclusions to which no response is required. To the extent any response is required, the allegations are denied.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21. The allegations in paragraph 21 state legal conclusions to which no response is required. To the extent the allegations refer to a particular statute or administrative rule, the statute or administrative rule speaks for itself.

22. The allegations in paragraph 22 state legal conclusions to which no response is required. To the extent the allegations refer to a particular statute or administrative rule, the statute or administrative rule speaks for itself. Defendant denies the remaining allegations in paragraph 22.

Page 4 - DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

23.     The allegations in paragraph 23 state legal conclusions to which no response is required.  To the extent the allegations refer to a particular statute or administrative rule, the statute or administrative rule speaks for itself.  Defendant denies the remaining allegations in paragraph 23.

24.     Defendant denies the allegations in paragraph 24.

25.     Defendant admits that OSH contains multiple secure long-term residential treatment units which provide mental health care treatment to patients.  Defendant further admits that, as required by a federal court order, it has prioritized the admission of aid-and-assist and guilty except for insanity patients in the OSH over civilly committed patients consistent with the guidelines and protocols promulgated by the Court's court-appointed neutral expert and ordered by the Court.  Defendant denies that, as of May of 2024, there were fewer than 20 civilly committed patients staying at OSH.  The remaining allegations in paragraph 25 state legal conclusions to which no response is required.  To the extent the allegations refer to a particular statute or administrative rule, the statute or administrative rule speaks for itself.  Except as expressly admitted, Defendant denies the allegations in paragraph 25.

26.     Defendant admits that, as of the date of the filing of the SAC, OHA has not built new secure residential treatment facilities outside of OSH but states that additional Class 1 facilities have been licensed.  Defendant denies the remaining allegations in paragraph 26.

27.     Defendant denies the allegations in the body of paragraph 27 and the first sentence of footnote one.  The allegations in the second sentence of footnote one state legal conclusions to which no response is required; the cited administrative rule speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of footnote one.  Except as expressly admitted, Defendant denies the allegations in paragraph 27.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 28.  The allegations in the second and

Page 5 - DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

third sentences of paragraph 28 state legal conclusions to which no response is required.  The remaining allegations in paragraph 28 require no response because they purport to characterize, summarize, or quote from arguments made or orders entered in the *Mink* and *Bowman* lawsuits. Those documents speak for themselves.  Defendant denies the allegations to the extent they are inconsistent with the documents cited.  Except as specifically admitted, Defendant denies the allegations in paragraph 28.

29.    Defendant denies the allegations in paragraph 29.

30.    On information and belief, Defendant admits that Plaintiffs are Oregon's four largest private health systems and that each Plaintiff operates several community hospitals in Oregon.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies them.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of paragraph 33.  The remaining allegations in paragraph 33 state legal conclusions to which no response is required.  To the extent the remaining allegations refer to a particular statute or administrative rule, the statute or administrative rule speaks for itself.

34.    The allegations in paragraph 34 state legal conclusions to which no response is required.  To the extent any response is required, the allegations are denied.

35.    The allegations in the first two sentences of paragraph 35 state legal conclusions to which no response is required.  To the extent those allegations refer to a particular statute or administrative rule, the statute or administrative rule speaks for itself.  The remaining allegations in paragraph 35 state hypotheticals to which no response is required.  To the extent a response to

Page 6 - DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

those allegations is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

36.     Defendant denies the allegations in paragraph 36.

37.     Defendant denies the allegations in paragraph 37.

38.     The allegations in the third sentence state a legal conclusion to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies them.

39.     Defendant denies the allegations in paragraph 39.

40.     Defendant denies that OHA has recommended that Plaintiffs discharge their civilly committed patients and thus denies the first two sentences of paragraph 40 as they are predicated on that incorrect assumption.  The remaining allegations in paragraph 40 state legal conclusions to which no response is required.  To the extent the allegations refer to a particular statute or administrative rule, the statute or administrative rule speaks for itself.  To the extent any response is required, Defendant denies the remaining allegations in paragraph 40.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraphs 41 and therefore denies them. Defendant denies the remaining allegations in paragraph 41.

42.     In response to the first sentence of paragraph 42, Defendant incorporates and reasserts its responses in paragraphs 33 and 34 above as if stated fully herein.  The remaining allegations in paragraph 42 state legal conclusions to which no response is required.  To the extent any response is required, the remaining allegations are denied.

43.     The allegations in paragraph 43 state hypotheticals to which no response is required.  To the extent any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

/ / /

Page 7 - DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

44.     The allegations in paragraph 44 state legal conclusions to which no response is required.  To the extent the allegations refer to a particular statute, administrative rule, licensing document, or contract, the document speaks for itself.

45.     Defendant admits that Providence Milwaukee Hospital Emergency Department, Providence Portland Medical Center Emergency Department, Providence Willamette Falls Medical Center, PeaceHealth RiverBend, and St. Charles Medical Center applied to be certified as 5-Day Hold Hospitals.  Defendant admits that Legacy Emanuel Hospital Unity Center applied to be certified as an Inpatient Psychiatric Unit and to provide Psychiatric Emergency Services. Defendant also admits that PeaceHealth Sacred Heart applied to be certified as a Regional Acute Care Psychiatric Services facility in addition to being certified for an Inpatient Psychiatric Unit. Defendant further admits that St. Charles Medical Center – Sage View Center applied to be certified as an Inpatient Psychiatric Unit and as a Regional Acute Care Psychiatric Services facility.  The allegations in the fourth sentence of paragraph 45 state legal conclusions to which no response is required.  To the extent those allegations refer to a particular administrative rule, the rule speaks for itself.  Defendant denies the remaining allegations in paragraph 45.

46.     The allegations in paragraph 46 state legal conclusions to which no response is required.  To the extent the allegations refer to a particular administrative rule, the rule speaks for itself.  Defendant denies the remaining allegations in paragraph 46.

47.     Defendant denies the allegations in paragraph 47.

48.     Defendant denies the allegations in the first sentence of paragraph 48.  Defendant denies the remaining allegations in paragraph 48 except it admits that a patient with chronic schizophrenia was civilly committed in 2021.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies them.  Defendant explicitly denies that the alleged patient described in paragraph 49 "remained stuck in the acute care hospital" "due to OHA's failures."

Page 8 - DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

50.    Defendant denies the allegations in the first two sentences of paragraph 50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 and therefore denies them.

51.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies them.

52.    Defendant denies the allegations in the first and third sentences of paragraph 52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 and therefore denies them.

53.    Defendant denies the allegations in paragraph 53.

54.    Defendant denies that OHA's practices negatively impact Plaintiffs and other community hospitals.  The allegations in the second sentence of paragraph 54 state legal conclusions to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and therefore denies them.

55.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 55.  Defendant denies the remaining allegations in paragraph 55.

56.    Defendant denies the allegations in the first and sixth sentences of paragraph 56. The remaining allegations in paragraph 56 purport to summarize, characterize, or quote from specific studies, publications, or materials.  Those materials speak for themselves and Defendant denies the remaining allegations to the extent they are inconsistent with the referenced materials.

57.    Defendant admits the allegations in the first three sentences of paragraph 57.  The remaining allegations purport to summarize, characterize, or quote from the June 2024 PCG Report, which speaks for itself.  Defendant denies those allegations to the extent they are inconsistent with the June 2024 PCG Report.

58.    Defendant denies the allegations in paragraph 58.

Page 9 - DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

59.    The allegations in paragraph 59 state legal conclusions to which no response is required.  To the extent the allegations refer to a particular statute, the statute speaks for itself. Defendant denies the allegations in paragraph 59 to the extent they are inconsistent with the cited statutes.

60.    The allegations in paragraph 60 are legal conclusions to which no response is required.  In addition, the Court already concluded in its 12/9/25 MTD Order that Plaintiffs lack standing to assert claims on behalf of civilly committed patients.  As a result of that order, the allegations in paragraph 60 are no longer part of the operative complaint in this case and therefore require no response.

61.    The Court already concluded in its 12/9/25 MTD Order that Plaintiff lacks standing to assert claims on behalf of civilly committed patients.  As a result of that order, the allegations in paragraph 61 are no longer part of the operative complaint in this case and therefore require no response.

62.    The Court already concluded in its 12/9/25 MTD Order that Plaintiff lacks standing to assert claims on behalf of civilly committed patients.  As a result of that order, the allegations in paragraph 62 are no longer part of the operative complaint in this case and therefore require no response.

63.    The Court already concluded in its 12/9/25 MTD Order that Plaintiff lacks standing to assert claims on behalf of civilly committed patients.  As a result of that order, the allegations in paragraph 63 are no longer part of the operative complaint in this case and therefore require no response.

/ / /

/ / /

/ / /

/ / /

/ / /

Page 10 - DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

## CLAIMS

## FIRST CLAIM

**Violation of Civilly Committed Individuals' Substantive Due Process Rights Under the Fourteenth Amendment to the United States Constitution**

64.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 64.

65.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 65.

66.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 66.

67.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 67.

68.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 68.

69.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 69.

70.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 70.

71.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 71.

72.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 72.

73.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 73.

74.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 74.

**SECOND CLAIM**

**Violation of Civilly Committed Individuals' Procedural Due Process Rights Under the Fourteenth Amendment to the United States Constitution**

75.      Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 75.

76.      Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 76.

77.      Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 77.

78.      Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 78.

**THIRD CLAIM**

**Violation of Community Hospitals' Substantive Due Process Rights Under the Fourteenth Amendment to the United States Constitution**

79.      With respect to paragraph 79, Defendant repeats and incorporates by reference the responses to the allegations in paragraph 1 through 78 above as though fully set forth herein.

80.      The allegations in paragraph 80 state legal conclusions to which no response is required.  To the extent those allegations refer to a particular constitutional provision or case, the provision or case speaks for itself.

81.      The allegations in paragraph 81 state legal conclusions to which no response is required.  To the extent those allegations refer to a particular constitutional provision or case, the provision or case speaks for itself.

82.      The allegations in the first sentence of paragraph 82 are legal conclusions to which no response is required.  To the extent those allegations refer to a particular statute, the statute speaks for itself.  With respect to the remaining allegations, Defendant admits that she

was acting under color of state law with respect to any action taken in her capacity as Director of OHA.  Defendant otherwise denies the remaining allegations in paragraph 82.

83.    Defendant denies the allegations in paragraph 83.

84.    Defendant denies that OHA has deprived Plaintiffs of any fundamental rights or engaged in any actions or inactions that violated Plaintiffs' substantive due process rights. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 related to alleged impacts on Plaintiffs' community hospitals and therefore denies the same.  To the extent any other response is required, Defendant denies the allegations in paragraph 84.

85.    Defendant denies the allegations in paragraph 85.

86.    Defendant denies the allegations in paragraph 86.

87.    The allegations in paragraph 87 purport only to describe the relief sought by Plaintiff and therefore require no response.  Defendant denies that Plaintiffs are entitled to any relief in this action.

88.    The allegations in paragraph 88 purport only to describe the relief sought by Plaintiff and therefore require no response.  Defendant denies that Plaintiffs are entitled to any relief in this action.

## FOURTH CLAIM

### Violation of Community Hospitals' Procedural Due Process Rights Under the Fourteenth Amendment to the United States Constitution

89.    With respect to paragraph 89, Defendant repeats and incorporates by reference the responses to the allegations in paragraph 1 through 88 above as though fully set forth herein.

90.    Defendant denies the allegations in paragraph 90.

91.    Defendant denies the allegations in the first two sentences of paragraph 91.  The remaining allegations in paragraph 91 purport only to describe the relief sought by Plaintiff and

therefore require no response.  Defendant denies that Plaintiffs are entitled to any relief in this action.

92.    The allegations in paragraph 92 purport only to describe the relief sought by Plaintiff and therefore require no response.  Defendant denies that Plaintiffs are entitled to any relief in this action.

## FIFTH CLAIM

### Violation of Community Hospitals' Rights Under the Takings Clause of the Fifth Amendment to the United States Constitution (Physical Taking)

93.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 93.

94.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 94.

95.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 95.

96.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 96.

97.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 97.

98.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 98.

99.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 99.

100.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 100.

101.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 101.

102.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 102.

103.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 103.

## SIXTH CLAIM

### Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq., 28 C.F.R. § 35.130

104.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 104.

105.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 105.

106.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 106.

107.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 107.

108.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 108.

109.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 109.

110.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 110.

111.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 111.

112.     Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 112.

/ / /

113.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 113.

114.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 114.

115.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 115.

116.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 116.

117.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 117.

118.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 118.

119.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 119.

## SEVENTH CLAIM

**Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, 28 C.F.R. § 41.51**

120.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 120.

121.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 121.

122.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 122.

123.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 123.

124.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 124.

125.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 125.

126.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 126.

127.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 127.

128.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 128.

129.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 129.

130.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 130.

131.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 131.

## EIGHTH CLAIM

**Violation Of Section 1557 Of The Patient Protection And Affordable Care Act**

132.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 132.

133.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 133.

134.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 134.

135.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 135.

136.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 136.

137.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 137.

## NINTH CLAIM

### Violation of Community Hospitals' Rights under Article I, Section 18 of the Oregon Constitution – Unlawful Taking

138.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 138.

139.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 139.

140.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 140.

141.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 141.

142.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 142.

143.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 143.

144.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 144.

145.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 145.

## TENTH CLAIM

### Violation of Civilly Committed Individuals' Rights under ORS 426.060

146.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 146.

/ / /

Page 18 - DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

147.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 147.

148.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 148.

149.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 149.

150.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 150.

151.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 151.

## ELEVENTH CLAIM

### Violation of Civilly Committed Individuals' Rights under ORS 426.150(1)

152.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 152.

153.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 153.

154.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 154.

155.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 155.

156.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 156.

157.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 157.

/ / /

/ / /

Page 19 - DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

## TWELFTH CLAIM

### Violation of Civilly Committed Individuals' Rights under
### ORS 659A.142(5)(a) and (6)(a)

158.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 158.

159.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 159.

160.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 160.

161.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 161.

162.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 162.

163.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 163.

164.    Pursuant to the Court's 12/9/25 MTD Order, this claim has been dismissed and therefore no response is required to the allegations in paragraph 164.

## AFFIRMATIVE DEFENSES

165.    Defendant alleges the following affirmative defenses without assuming the burden of any matter that would otherwise rest with Plaintiffs, and reserves the right to revise, amend, and supplement these affirmative defenses as discovery continues or the facts warrant. Further, Defendant will not provide affirmative defenses to claims for relief that have been dismissed or abandoned.

/ / /

/ / /

/ / /

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

166. The SAC, in whole or in part, fails to state a claim upon which relief may be granted. Plaintiffs have failed to allege facts sufficient to support the elements of their claims for relief.

## SECOND AFFIRMATIVE DEFENSE

### (Eleventh Amendment Immunity)

167. To the extent Plaintiffs seek monetary compensation or retrospective injunctive relief against Defendant in her official capacity, their claims are barred by the Eleventh Amendment.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

168. Plaintiffs failed to take reasonable actions to prevent or minimize any alleged injuries.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

169. Plaintiffs' claims are barred or abated by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver/Consent)

170. Plaintiffs' actions and conduct constitute a waiver of claims and consent to the conduct at issue.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

171. Plaintiffs' claims are barred or abated because Plaintiffs failed to exhaust administrative remedies.

## JURY TRIAL

Defendant demands a trial by jury on all issues or claims triable by jury.

Page 21 - DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

## PRAYER

WHEREFORE, Defendant respectfully requests that this Court enter an order and judgment:

1.      For judgment in favor of Defendant and against Plaintiffs on all claims for relief;

2.      Dismissing all Plaintiffs' claims for relief;

3.      Dismissing all Plaintiffs' requests for attorney fees, costs, and disbursements;

4.      Awarding Defendant her reasonable attorney fees, litigation expenses, and expert fees pursuant to 42 U.S.C. § 1988(b)–(c), 42 U.S.C. § 12205, 29 U.S.C. 794a(b), and ORS 659A.885(8)(e);

5.      Awarding Defendant her costs and disbursements; and

6.      Awarding Defendant such other relief as the Court deems just and proper and to which Defendant is entitled under the law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 22 - DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

DATED: May 13, 2026.

CABLE HUSTON LLP


s/ Jon W. Monson
Jon W. Monson, OSB No. 102650
jmonson@cablehuston.com
Nicole M. Swift, OSB No. 141419
nswift@cablehuston.com
Jon P. Harlan, OSB No. 214708
jharlan@cablehuston.com
Abigail J. Fallon, OSB No. 183364
afallon@cablehuston.com
Olivia M. Loftin, OSB No. 225812
oloftin@cablehuston.com
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
Tele:  (503) 224-3092

*Special Assistant Attorneys General for Defendant
Sejal Hathi, MD, in her official capacity as Director
of Oregon Health Authority*

Carla A. Scott, OSB No. 054725
Carla.A.Scott@doj.state.or.us
Craig M. Johnson, OSB No. 080902
Craig.M.Johnson@doj.state.or.us
Senior Assistant Attorneys General
Jill Conbere, OSB No. 193430
Jill.Conbere@doj.oregon.gov
Assistant Attorney General
Trial Attorneys
Tele: (971) 673-1880
Fax: (971) 673-5000

*Attorneys for Defendant*

Page 23 - DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT