Jon W. Monson, OSB No. 102650
jmonson@cablehuston.com
Nicole M. Swift, OSB No. 141419
nswift@cablehuston.com
Jon P. Harlan, OSB No. 214708
jharlan@cablehuston.com
Olivia M. Loftin, OSB No. 225812
oloftin@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
(503) 224-3092 Telephone
(503) 224-3176 Facsimile

*Special Assistant Attorneys General for Defendant Fariborz Pakseresht, in his official capacity as Interim Director of Oregon Health Authority*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; PROVIDENCE HEALTH & SERVICES – OREGON; and ST. CHARLES HEALTH SYSTEM, INC.<br><br>Plaintiffs,<br><br>v.<br><br>FARIBORZ PAKSERESHT, in his official capacity as Interim Director of Oregon Health Authority,<br><br>Defendant. | Case No.: 6:22-cv-01460-AN<br><br>**STIPULATED PROTECTIVE ORDER** |

This matter came before the Court by stipulation of the parties who agree that there is good cause to protect the confidential nature of information subject to discovery in this matter. This Court finds there is good cause for a protective order pursuant to Federal Rule of Civil Procedure 26(c).

This action concerns civilly committed individuals in the State of Oregon who are committed to the custody of the State. The parties expect to exchange information relating to civilly committed individuals, including information protected from disclosure under state and federal law including but not limited to protected health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. §§ 160.103, 164.512(e), and other applicable laws and regulations. If disclosed, this information could cause harm, embarrassment, or prejudice to the parties in this litigation or non-parties whose information may be subject to discovery in this matter.

IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party or counsel for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" non-public documents, testimony, written responses, or other materials or information produced in this case if they contain information that the producing party reasonably and in good faith believes contains confidential, proprietary, private, commercially sensitive,



CABLE HUSTON LLP
1455 SW Broadway, Ste. 1500
Portland, OR 97201
(503) 224-3092 / Fax: (503) 224-3176

personal, or otherwise protected information, including information protected from disclosure by statute, regulation, common law, or court rule, the disclosure of which is likely to cause harm or invade legitimate privacy or competitive interests. "Attorneys' Eyes Only" information means a subset of "Confidential" information that the producing party reasonably and in good faith believes is so highly sensitive that discovery to another party, even subject to this Protective Order, would create a substantial risk of competitive, business, governmental, privacy, or other serious harm that could not be avoided through a less restrictive designation. No party shall designate material as "Confidential" or "Attorneys' Eyes Only" on a mass or indiscriminate basis. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

4. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.
>
> *or*
>
> ATTORNEYS' EYES ONLY
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing



CABLE HUSTON LLP
1455 SW Broadway, Ste. 1500
Portland, OR 97201
(503) 224-3092 / Fax: (503) 224-3176

to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.



CABLE HUSTON LLP
1455 SW Broadway, Ste. 1500
Portland, OR 97201
(503) 224-3092 / Fax: (503) 224-3176

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f. The authors and the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action

8. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraphs 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11. Documents designated "Confidential" or "Confidential – Subject to Protective Order," or any information contained therein, shall not be submitted to any open generative artificial intelligence tool (e.g., ChatGPT) or any substantially similar tool that is available to the public. Providing such information to an open tool is considered disclosure to a third party. The obligations and restrictions of this paragraph apply even where the data, documents, or information have been anonymized.



CABLE HUSTON LLP
1455 SW Broadway, Ste. 1500
Portland, OR 97201
(503) 224-3092 / Fax: (503) 224-3176

12. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

13. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

14. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the



CABLE HUSTON LLP
1455 SW Broadway, Ste. 1500
Portland, OR 97201
(503) 224-3092 / Fax: (503) 224-3176

other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

15. Upon the request of the producing party or third party, within 60 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

16. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

17. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

18. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

19. PROTECTED HEALTH INFORMATION (HIPAA)

a. **Definition -** For purposes of this Order, "Protected Health Information" ("PHI") shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501, including but not limited to information relating to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the payment for such care, that identifies the individual or could reasonably be used to identify the individual.

b. **Authorization to Disclose** - Pursuant to 45 C.F.R. § 164.512(e)(1), covered entities (as defined in 45 C.F.R. § 160.103) are authorized to disclose PHI in response to discovery requests,



CABLE HUSTON LLP
1455 SW Broadway, Ste. 1500
Portland, OR 97201
(503) 224-3092 / Fax: (503) 224-3176

subpoenas, or other lawful process in this action, subject to the terms of this Order. Protected Health Information constitutes Confidential Information under this Order. Nothing in this Order prevents a producing party from designating particular PHI as Attorneys' Eyes Only where warranted under Paragraph 3.

c. **Designation of PHI** – Unless designated "Attorneys' Eyes Only," all PHI produced in this litigation shall automatically be deemed and treated as Confidential under this Order, regardless of whether each page bears a Confidential legend. A producing party may designate particularly sensitive PHI as "Attorneys' Eyes Only" only where it satisfies the requirements of Paragraph 3.

d. **Permitted Disclosure** - PHI may be disclosed only to the persons authorized under Paragraph 7 of this Protective Order, and such persons shall be subject to the same restrictions and obligations applicable to Confidential information. Prior to disclosure, counsel shall take reasonable steps to ensure that each recipient understands that PHI may not be used or disclosed for any purpose other than this litigation.

e. **Safeguards** – The parties shall take reasonable measures to safeguard PHI from unauthorized use or disclosure, consistent with the terms of this Order.

f. **Return or Destruction** - Within sixty (60) days after final disposition of this action, including all appeals, all PHI received in this litigation shall be returned to the producing party or destroyed, consistent with Paragraph 15 of this Order. Counsel may retain archival copies as permitted by this Order.

g. **No Expansion of Discovery Rights** - Nothing in this Order authorizes any party to obtain PHI through means other than lawful discovery methods, including subpoenas, authorizations, or other legal process.

h. **Information from Other Sources** - This Order does not restrict the use or disclosure of PHI lawfully obtained from sources outside of covered entities or outside the scope of this Order.

i. **Filing Under Seal** - Nothing in this section automatically authorizes the filing of PHI under seal. Any request to file PHI under seal must comply with applicable local rules and court procedures.

20. Pursuant to Federal Rule of Evidence 502(d), the production of any document, electronically stored information, or other information subject to the attorney-client privilege, work-product doctrine, deliberative process privilege, or any other applicable privilege or protection shall not constitute or be deemed a waiver of any such privilege or protection in this proceeding or in any other federal or state proceeding. Nothing in this Order relieves a



CABLE HUSTON LLP
1455 SW Broadway, Ste. 1500
Portland, OR 97201
(503) 224-3092 / Fax: (503) 224-3176

producing party of its obligation under Federal Rule of Civil Procedure 26(b)(5)(A) to serve a privilege log describing withheld materials in sufficient detail to permit assessment of the claim, including materials withheld on deliberative-process-privilege grounds. If a producing party discovers that it has inadvertently produced information subject to a claim of privilege or protection, it may notify the receiving party in writing and identify the material to be returned, sequestered, or destroyed. Upon receiving such notice, the receiving party shall promptly comply with Federal Rule of Civil Procedure 26(b)(5)(B), including promptly returning, sequestering, or destroying the specified material and any copies, and shall not use or disclose the material until the claim is resolved. Nothing in this Order prevents the receiving party from challenging the asserted privilege or protection. Any such challenge shall not assert as a ground for waiver the inadvertent production of the material. Pending resolution of any challenge, the receiving party shall not review the material further except as reasonably necessary to evaluate the privilege claim, shall not use the material for any purpose, and shall take reasonable steps to prevent further disclosure.

**IT IS SO STIPULATED** this 14th day of September, 2026.

CABLE HUSTON LLP

s/ Jon W. Monson
Jon W. Monson, OSB No. 102650
jmonson@cablehuston.com
Nicole M. Swift, OSB No. 141419
nswift@cablehuston.com
Jon P. Harlan, OSB No. 214708
jharlan@cablehuston.com
Olivia M. Loftin, OSB No. 225812
oloftin@cablehuston.com

*Special Assistant Attorneys General for Defendant Fariborz Pakseresht, in his official capacity as Interim Director of Oregon Health Authority*

EPSTEN BECKER & GREEN, P.C.

s/ Emma P. Pelkey
Eric J. Neiman, OSB No. 823513
eneiman@ebglaw.com
Emma P. Pelkey, OSB No. 144029
epelkey@ebglaw.com

*Attorneys for Plaintiffs*

STOEL RIVES LLP

s/ Alex Van Rysselberghe
Thomas R. Johnson, OSB No. 010645
tom.johnson@stoel.com
Alex Van Rysselberghe, OSB No. 222326
Alex.vanrysselberghe@stoel.com

*Attorneys for Plaintiffs*

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: ________________

______________________________
Hon. Adrienne C. Nelson
U. S. District Court Judge

Submitted by:

CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
Tele: (503) 224-3092
Fax: (503) 224-3176|
Email: jmonson@cablehuston.com

**EXHIBIT A**

I, ________________________, have been advised by counsel of record for ___________________________ in *Legacy Emanuel Hospital & Health Center, et al. v. Fariborz Pakseresht*, 6:22-cv-01460-AN of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____________________________________
Signed

_____________________________________
Printed

_____________________________________
Date



CABLE HUSTON LLP
1455 SW Broadway, Ste. 1500
Portland, OR 97201
(503) 224-3092 / Fax: (503) 224-3176