DAN RAYFIELD
Attorney General
CARLA A. SCOTT #054725
SHEILA H. POTTER #993485
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
JILL CONBERE #193430
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Carla.A.Scott@doj.oregon.gov
          Sheila.Potter@doj.oregon.gov
          Craig.M.Johnson@doj.oregon.gov
          Jill.Conbere@doj.oregon.gov

Attorneys for Defendants Patrick Allen, Sajel Hathi, Dolores Matteucci, and Sara Walker

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, | Case No.  3:02-cv-00339-AN (Lead Case)<br>Case No.  3:21-cv-01637-AN (Member Case)<br>Case No.  6:22-CV-01460-AN (Member Case) |
| Plaintiffs, | DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT RECORD ON APPEAL |
| v. | |
| SEJAL HATHI, in her official capacity as head of the Oregon Health Authority, and JAMES DIEGEL in his official capacity as Interim Superintendent of the Oregon State Hospital, | |
| Defendants. | |
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON, | Case No.  3:21-cv-01637-AN (Member Case) |
| Plaintiffs, | |
| v. | |

Page 1 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT
          RECORD ON APPEAL
          CAS/j3b/995983225

JAMES DIEGEL, Interim Superintendent of
the Oregon State Hospital, in his official
capacity, DOLORES MATTEUCCI, in her
individual capacity, SEJAL HATHI, Director
of the Oregon Health Authority, in her official
capacity, and PATRICK ALLEN in his
individual capacity,

              Defendants.


LEGACY EMANUEL HOSPITAL &
HEALTH CENTER d/b/a UNITY CENTER
FOR BEHAVIORAL HEALTH; LEGACY
HEALTH SYSTEM; PEACEHEALTH; and
PROVIDENCE HEALTH & SERVICES
OREGON,

              Plaintiffs,
       v.

SEJAL HATHI, in her official capacity as
Director of Oregon Health Authority,

              Defendant.

Case No.  6:22-CV-01460-AN (Member Case)


## I.      Introduction

Plaintiff Disability Rights Oregon (DRO) moves to supplement the record for

purposes of Defendants' appeal from this Court's Opinion and Order on Contempt (the

Contempt Order) with a document provided to the Court outside the parties' presence two

months after the contempt hearing ended and Defendants reasonably believed the record on

DRO's motion for contempt had closed.  The document that DRO seeks to add to the record,

the Neutral Expert's Eleventh Report (Eleventh Report), is a publicly available document,

which is referenced in the Contempt Order with links to the document on OHA's public

Mink/Bowman website and summaries and citations to specific portions where the Court

relied on the document in reaching its decision.  Relying on Federal Rule of Appellate

Procedure 10(e)(1), DRO contends that supplementing the record on appeal with the

Eleventh Report is "necessary to ensure the record 'truly discloses what occurred in the

Page 2 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT
            RECORD ON APPEAL
            CAS/j3b/995983225

district court.'" ECF No. 641, p. 3. But as DRO concedes, there is no dispute about "what occurred." ECF No. 641, p. 7. Thus, belatedly filing the Eleventh Report in the official court record is not needed to reflect what transpired in the district court.  Defendants thus oppose DRO's motion to supplement the record.

## II.    Legal Standard

Federal Rule of Appellate Procedure 10(e)(1) which requires the district court to resolve any "difference[s] … about whether the record truly discloses what occurred in the district court" and "conform the record accordingly." Fed. R. App. P. 10(e)(1) ("If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.").

"The district court has very limited discretion to modify the record on appeal."  *Khan v. Seton*, No. LACV 21-03020-VAP-MAAx, 2023 WL 2629876, at *2 (C.D. Cal. Jan. 4, 2023), *appeal dismissed*, No. 23-55050, 2023 WL 6545415 (9th Cir. Oct. 4, 2023). "Federal Rules of Appellate Procedure 10(e) allows modification of the record in two circumstances," only one of which is at issue here: "when the parties dispute whether the record discloses what actually occurred in the district court[.]" *Id.*  By its plain terms, the rule focuses on whether the record "truly discloses" what *transpired* before the district court, "such as *whether or not the court gave a particular order or direction or made a particular finding*." *United States v. Villagomez*, No. CRIM. 08-00020, 2010 WL 5136035, at *5–6 (D. N. Mar. I. Sept. 7, 2010) (emphasis added; cleaned up) ("Rule 10(e) is properly used to admit the trial court's statement of an important portion of the actual trial that had not been recorded by the court reporter, or to include a description of events and circumstances, including those of a non-verbal nature, that took place during a trial.")); *see also United States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir. 1993) ("The district court may not use Federal Rule of Appellate Procedure 10(e) to supplement the record with material not introduced or with findings not

Page 3 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT
RECORD ON APPEAL
CAS/j3b/995983225

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

made"); *U.S. v. Page*, 661 F.2d 1080, 1082 (5th Cir. 1981) (permitting supplementation of the record with a later-added minute entry describing what happened in a pretrial conference in district court).

### III.    Argument

#### A.    The record accurately discloses what happened in the district court.

In this case, there is no dispute about "what occurred in the district court" because the record—specifically, the Contempt Order—clearly and accurately describes what transpired and what the district court relied on. The parties agree upon—and the record correctly reflects—what happened.  "[A] Rule 10(e) situation arises in . . . the circumstances that one party argues that the record does not 'truly disclose[ ] what occurred in the district court,' such as *whether or not the court gave a particular order or direction or made a particular finding." United States v. Villagomez*, No. CRIM. 08-00020, 2010 WL 5136035, at *5 (D. N. Mar. I. Sept. 7, 2010) (emphasis added) (internal citation omitted).

Specifically, what occurred is clearly described in the Contempt Order.  ECF No. 218.  In holding Defendants in contempt, the Court described the extensive history of the case, ECF No. 604, pp. 4-10, the testimony offered at the status hearing on January 24, 2025, *Id.,* p. 10, the evidence and arguments presented at the two-day hearing on the contempt motion on March 12-13, *Id*, pp. 10-11, and—relevant to the instant motion—the fact that Dr. Pinals' Eleventh Report, dated May 5, 2025 (the Eleventh Report), was provided to the Court *in camera*. ECF No. 604, p. 11. The Opinion provides a link to the Eleventh Report, which is publicly available, and cites it repeatedly as support for the Court's findings of fact that followed. *Id.*, pp. 11-14.) This background is undisputed and is set out in the Plaintiffs' motion. (*See* ECF No. 641, pp. 2-3.)  Thus, there is no "difference about whether the record truly discloses what occurred in the district court" warranting supplementation of the record under Rule 10(e).

Page 4 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT RECORD ON APPEAL
CAS/j3b/995983225

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

The parties agree that Dr. Pinals provided the Eleventh Report to the district court *in camera*, that the report was not a part of the evidentiary record, and that the district court relied upon the report to find defendants in contempt.  No motion was ever made for relief based on the Eleventh Report, and the Court held no hearing to address its contents.

None of the cases DRO cites support supplementing the record here. Those cases either deal with *mistakes* at the district court level (*e.g.*, *United States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir.1993), in which an earlier order was mistakenly not docketed) or situations in which the record did not reflect the underlying facts that formed the basis of the appeal (*e.g.*, *United States v. Siao*, 21-CR-002671, 2024 WL 4906496, (N.D. Cal. Nov. 26, 2024), where the record failed to disclose procedural history that was material to the issue on appeal). In this case, the record is clear, because the Contempt Order sets out the process by which the Court reviewed the Eleventh report and recites the statements in the Eleventh Report that the Court relied upon. (ECF No. 218, p. 12-14.) Therefore, the record should not be supplemented to include the Eleventh Report. *See United States v. Litwin,* 972 F.3d 1155, 1173 (9th Cir. 2020) (rejecting motion to supplement the record with declarations created after trial where doing so would create "serious due process concerns," and finding that none of the very limited situations applied to allow the district court to correct or modify the record on appeal under Federal Rule of Appellate Procedure 10(e).)

DRO's claim that adding the Eleventh Report to the docket is purely ministerial is not accurate. The cases it cites for that proposition, *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898 (2d Cir. 1997), and *In re Soares*, 107 F.3d 969, 974-75 (1st Cir. 1997), are inapposite.  In *Lightfoot*, the court held that the procedural rule of docketing an oral order of court that dismissed a claim was purely ministerial "where a court's oral order is clearly stated and both parties are present."  110 F.3d at 910.  In *Soares*, the First Circuit found that docketing a decision of the court may be ministerial or substantive—when reviewed for violation of an automatic stay of bankruptcy proceedings—depending on the specific facts and

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

circumstances of the decision.  107 F.3d at 974-75.  Supplementing the record here is not a ministerial act. Rather, it seeks to add substantive evidence that was not admitted as evidence at the contested contempt proceeding.

**B.      Adding the Eleventh Report to the docket would not accurately reflect proceedings in the district court.**

"[T]he purpose of Rule 10 is to ensure that the record on appeal accurately reflects the proceedings in the trial court (thereby allowing [the appellate court] to review the decision that the trial court made in light of the information that was actually before it), not to enable [a] party to add new material to the record in order to collaterally attack the trial court's judgment." *Siao*, 2024 WL 4906496, at *3 (cleaned up). Contrary to Plaintiff's argument that omitting the Eleventh Report from the docket would "impair appellate review," the record is clear as-is, with a detailed recitation in the Opinion and Order of the case and the Court's considerations.

The only discernable purpose of adding the Eleventh Report to the record now would be to enable Plaintiff DRO to rely on extra-record information, submitted more than two months after the evidentiary hearing and closing argument, to defend the Court's contempt ruling on appeal.  To the extent the Ninth Circuit believes it necessary to review the Eleventh Report—and it should not because it is not a part of the *evidentiary* record—it is publicly available at the web address listed in the Opinion itself.

**C.      The Eleventh Report was not used by the Court in the same manner as previous reports.**

DRO cites the approach to past reports from Dr. Pinals as justification for adding her Eleventh Report to the record (while simultaneously acknowledging that *none* of the prior reports had been independently made a part of the court record). ECF No. 641 at p. 6. Additionally, DRO suggests that Defendants' failure to object to *in camera* review should constitute a waiver of any objection the Defendants may have to the report. *Id.* These arguments are not persuasive.

Page 6 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT
                  RECORD ON APPEAL
            CAS/j3b/995983225

First, the manner in which this Court relied on the Eleventh Report in finding Defendants in contempt is a marked departure from the manner in which the Court has relied on Dr. Pinals' past reports. Before the Contempt Order, the Court had not taken *any* judicial action based on Dr. Pinals' past reports without first providing some opportunity for the parties to provide their position (whether via an unopposed motion following conferral, opportunity for briefing, or a hearing).  The below bullet points provide a chronology reflecting past practice regarding Dr. Pinals' reports:

- 1/30/22:  Dr. Pinals' First Report (shared with the Court via email, not filed but posted to OHA's website)

- 6/5/22:  Dr. Pinals' Second Report (shared with the Court via email, not filed but posted to OHA's website)

- 8/15/22:  Plaintiffs file *unopposed* motion for order to implement Dr. Pinals' recommendations in her First and Second Reports. ECF No. 252.

- 8/26/22:  Defendants file a brief regarding Plaintiffs' motion for order to implement Dr. Pinals' recommendations.  ECF No. 263.

- 8/29/22:   Hearing held on Plaintiffs' *unopposed* motion. ECF No. 252.  Court grants motions by stakeholders to appear as amici. Upon consideration of Plaintiffs', Defendants', and amici briefs, Court grants Plaintiffs' unopposed motion orally with formal order to follow and sets briefing schedule for further legal issues.

- 9/1/22:  The first federal remedial order formally issues (ECF No. 271) granting plaintiffs' *unopposed* motion (ECF No. 252).

- 9/15/22:  Dr. Pinals' Third Report (shared with the Court via email, not filed but posted to OHA's website).  No motions filed or judicial action taken based on this report.

- 12/21/22:  Dr. Pinals' Fourth Report (shared with the Court via email, not filed but posted to OHA's website).  No motions filed or judicial action taken based on this report.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

- 4/17/23:  Dr. Pinals' Fifth Report (shared with the Court via email, not filed but posted to OHA's website).  No motions filed or judicial action taken based on this report.

- 1/9/23:  Following further briefing, Judge Mosman issues an Opinion and Order upholding his 9/1/22 order as least restrictive means to achieve compliance with the permanent *Mink* injunction protecting substantive due process rights on Supremacy Clause grounds.

- 5/5/23:  Defendants file *unopposed* motion (ECF No. 380) to amend the first federal remedial order (ECF No. 271) following consultation with Dr. Pinals to permit admissions to OSH based on revised expedited admissions policy.

- 5/10/23:  Court grants Defendants' 5/5/23 *unopposed* motion (ECF No. 380) to amend.  *See* ECF No. 387.

- 6/2/23:  Defendants file *unopposed* motion for clarification regarding how restoration limits run pursuant to Dr. Pinals' prior recommendations and prior federal remedial orders.  *See* ECF No. 400.

- 6/5/23:  Court grants Defendants' *unopposed* motion.  *See* ECF No. 401.

- 6/26/23: Plaintiffs file *unopposed* motion for amended federal remedial order to implement Dr. Pinals' recommendations by further limiting who may be admitted to OSH and to add safety valves.  *See* ECF No. 411.

- 7/3/23:  Court grants Plaintiffs' *unopposed* motion (ECF No. 411).  *See* ECF No. 416.

- 7/24/24:  Dr. Pinals' Sixth Report (shared with the Court via email, not filed but posted to OHA's website).  No motions filed or judicial action taken based on this report.

- 10/18/23:  Dr. Pinals' Seventh Report (shared with the Court via email, not filed but posted to OHA's website).  No motions filed or judicial action taken based on this report.

- 12/18/23:  Dr. Pinals' Eighth Report (shared with the Court via email, not filed but posted to OHA's website).  No motions filed or judicial action taken based on this report.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

- 5/20/24:  Dr. Pinals' Ninth Report (shared with the Court via email, not filed but posted to OHA's website).  No motions filed or judicial action taken based on this report.

- 11/12/24:  Dr. Pinals' Tenth Report (shared with the Court via email, not filed but posted to OHA's website).  No motions filed or judicial action taken based on this report.

- 3/12/25 and 3/13/25:  Contempt hearing held.  DRO introduces several of Dr. Pinals' past reports into evidence and Defendants have opportunity to question Dr. Pinals' under oath about her reports and Defendants' compliance with meeting her recommendations.

- 5/5/25:  Dr. Pinals' Eleventh Report (shared with the Court via email, not filed but posted to OHA's website).  No motions filed or judicial hearings held based on this report.

- 6/6/25:  Opinion and Order entered finding Defendants in contempt and rejecting Defendants' reasonable steps defense based on findings of fact derived from the Eleventh Report.

Dr. Pinals testified at the March 2025 contempt hearing, and some of her prior reports were admitted as evidence during that testimony.  (*See* Tr. 20; Exs. A–C).  At the conclusion of the hearing, this Court directed the parties to confirm which exhibits were offered so that it would "know what is in the record," (Tr. 272), signaling to the parties that its ruling would be confined to the evidence presented.

More than two months later, Dr. Pinals emailed the Eleventh Report containing findings and recommendations to this Court.  ECF No. 604, p 11. The Court then made factual findings—nearly all of which are based on the Eleventh Report—without providing the parties with notice or an opportunity to be heard about its contents—and relied on those findings of fact to reject OSH's reasonable steps defense in holding Defendants in contempt. *See, e.g.*, ECF No. 604, p. 15.

The process that unfolded with the Eleventh Report thus stands in stark contrast to

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

how this Court had historically relied on Dr. Pinals reports.  Before finding Defendants in contempt based on the Eleventh Report, this Court had *not* taken any action on Dr. Pinals' reports without briefing from the parties (either in the form of one party's motion or at the request of the Court) and often following a hearing.  By relying on the Eleventh Report in holding Defendants in contempt, the Court departed from the prior practice by (1) unilaterally taking action on the report absent any input from the parties and (2) relying on the report as substantive, non-hearsay evidence to reject OHA's factual defense to the contempt motion, despite the report never being admitted into evidence and not providing Defendants with an opportunity to offer evidence to rebut it.

Nor did Defendants waive their right to challenge supplementing the record with the Eleventh Report or to challenge the statements therein. DRO points to *U.S. v. Gagnon*, 470 U.S. 522, 527 (1985), to support its contention that Defendants' failure to object to the Court's *in camera* review of the Eleventh Report after the Contempt Order issued constitutes waiver.  However, in *Gagnon*, the record showed "that the District Judge, in open court, announced her intention to speak with the juror [about an issue the juror raised] in chambers, and then called a recess" before having a discussion *in camera* with the juror and counsel for one defendant, and resumed the trial shortly after with the juror still seated on the jury. The Supreme Court also pointed out, in determining that defendants had waived an objection to being omitted from the *in camera* discussion, that defendants never asserted any rights they may have had to attend this conference, did not request to attend the conference or object to the conference in any way, nor did they make any post-trial motions about having been excluded from the conference. *Id.* at 527-28. Unlike *Gagnon*, defendants here had no advance notice that the Court intended to depart from historical practice, let alone that the Court intended to rely on extra-record information in rejecting their factual defense to contempt.

The other case DRO cites, *U.S. v. Felix-Rodriguez*, supports Defendants' position that

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

they did not waive any objections by failing to object to the Eleventh Report upon its publication. *Felix-Rodriguez* is a criminal case regarding a defendant's exclusion from a replay of evidence during jury deliberations, and holds that defendant did *not* waive his rights by failing to object because, unlike in *Gagnon*, the request from the jury was not made in open court and the defendant was not present at the time of the request such that he could have requested to be present. 22 F.3d 964, 967 (9th Cir. 1994).[1]

The Eleventh Report was provided to the Court by email months after Defendants reasonably believed the record had closed, and the Court did not notify the parties that it would rely on that report in resolving the pending motion for contempt. Failing to object, then, cannot be seen as a waiver of any objection or right Defendants may have to the statements made in the Eleventh Report forming the basis of a finding of contempt.

## IV.    Conclusion

Defendants respectfully ask this Court to deny DRO's motion to supplement the record. There is no dispute about what occurred in the district court. The Court did not enter the Eleventh Report on the docket at the time of submission nor when issuing the Contempt Order. There is no need to add the Eleventh Report to the record now for purposes of appeal.

DATED August  8, 2025.

Respectfully submitted,

DAN RAYFIELD
Attorney General


*s/ Carla A. Scott*
CARLA A. SCOTT #054725
CRAIG M. JOHNSON #080902
SHEILA H. POTTER #993485

---

[1] The Ninth Circuit ultimately held that, while defendant's exclusion from the replay of evidence constituted error, the error was harmless. *Id.* at 967-68.

Page 11 -  DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT
        RECORD ON APPEAL
        CAS/j3b/995983225

Senior Assistant Attorneys General
JILL CONBERE # 193430
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Carla.A.Scott@doj.oregon.gov
Sheila.Potter@doj.oregon.gov
Craig.M.Johnson@doj.oregon.gov
Jill.Conbere@doj.oregon.gov
Of Attorneys for Defendants

Page 12 -  DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT
           RECORD ON APPEAL
           CAS/j3b/995983225